UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -x
                                    :
UNITED STATES OF AMERICA            :        SUPERSEDING INDICTMENT
                                    :
     - v. -                         :        S1 13 Cr. 345 (LGS)
                                    :
STEVEN GLISSON,                     :
  a/k/a "Dee,"                      :
ANTIONE CHAMBERS,                   :
  a/k/a "Twizzie," and              :
TYRONE BROWN,                       :
                                    :
          Defendants.               :
                                    :
- - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: AUG 1 3 2013

## COUNT ONE

The Grand Jury charges:

1.    In or about March 2013, in the Southern District
of New York and elsewhere, STEVEN GLISSON, a/k/a "Dee," ANTIONE
CHAMBERS, a/k/a "Twizzie," and TYRONE BROWN, the defendants, and
others known and unknown, unlawfully and knowingly did combine,
conspire, confederate, and agree together and with each other to
commit robbery, as that term is defined in Title 18, United
States Code, Section 1951(b)(1), and would and did thereby
obstruct, delay, and affect commerce and the movement of
articles and commodities in commerce, as that term is defined in
Title 18, United States Code, Section 1951(b)(3), to wit,
GLISSON, CHAMBERS, and BROWN agreed to commit a robbery of an
individual in possession of drug proceeds in the Bronx, New
York.

Overt Acts

2.    In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.    On or about March 25, 2013, STEVEN GLISSON, a/k/a "Dee," and ANTIONE CHAMBERS, a/k/a "Twizzie," the defendants, committed a robbery of an individual in possession of drug proceeds at 1338 Croes Avenue, Bronx, New York, during which firearms were displayed.

b.    On or about March 25, 2013, TYRONE BROWN, the defendant, communicated by telephone with CHAMBERS about the victim of the robbery.

(Title 18, United States Code, Section 1951.)

COUNT TWO

The Grand Jury further charges:

3.    On or about March 25, 2013, in the Southern District of New York, STEVEN GLISSON, a/k/a "Dee," ANTIONE CHAMBERS, a/k/a "Twizzie," and TYRONE BROWN, the defendants, and others known and unknown, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the robbery conspiracy charged in Count One of this Indictment, knowingly did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did

2

aid and abet the use, carrying, and possession of firearms,
which were brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.)

### COUNT THREE

The Grand Jury further charges:

4.   On or about March 25, 2013, in the Southern
District of New York, STEVEN GLISSON, a/k/a "Dee," and ANTIONE
CHAMBERS, a/k/a "Twizzie," the defendants, and others known and
unknown, unlawfully and knowingly did commit robbery, as that
term is defined in Title 18, United States Code, Section
1951(b)(1), and did thereby obstruct, delay, and affect commerce
and the movement of articles and commodities in commerce, as
that term is defined in Title 18, United States Code, Section
1951(b)(3), to wit, GLISSON and CHAMBERS committed a gunpoint
robbery of an individual in possession of drug proceeds in the
Bronx, New York.

(Title 18, United States Code, Sections 1951 and 2.)

### COUNT FOUR

The Grand Jury further charges:

5.   From in or about 2011, up to and including in or
about 2013, in the Southern District of New York and elsewhere,
TYRONE BROWN, the defendant, and others known and unknown,
intentionally and knowingly did combine, conspire, confederate,

and agree together and with each other to violate the narcotics laws of the United States.

  6. It was a part and an object of the conspiracy that TYRONE BROWN, the defendant, and others known and unknown, would and did distribute and possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

  7. The controlled substance involved in the offense was 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of Title 21, United States Code, Section 841(b)(1)(A).

  (Title 21, United States Code, Section 846.)

### FORFEITURE ALLEGATIONS AS TO COUNTS ONE AND THREE

  6. As a result of committing the Hobbs Act robbery offenses alleged in Counts One and Three of this Indictment, STEVEN GLISSON, a/k/a "Dee," ANTIONE CHAMBERS, a/k/a "Twizzie," and TYRONE BROWN, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses.

<u>Substitute Assets Provision</u>

7.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants -

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981 and
Title 28, United States Code, Section 2461.)

<u>FORFEITURE ALLEGATION AS TO COUNT FOUR</u>

8.   As a result of committing the controlled substance offense alleged in Count Four of this Indictment, TYRONE BROWN, the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the

5

defendant obtained directly or indirectly as a result of the offense and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense, including but not limited to, a sum of United States currency representing the amount of proceeds obtained by the defendant as a result of the offense.

<u>Substitute Assets Provision</u>

9.    If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant –

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third person;

(c)   has been placed beyond the jurisdiction of the Court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any

other property of the defendant up to the value of the above

forfeitable property.

(Title 21, United States Code, Section 853.)

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

STEVEN GLISSON,
a/k/a "Dee,"
ANTIONE CHAMBERS,
a/k/a "Twizzie," and
TYRONE BROWN,

Defendants.

SUPERSEDING INDICTMENT

S1 13 Cr. 345 (LGS)

(18 U.S.C. §§ 1951, 924(c), and 2;
21 U.S.C. § 846).

PREET BHARARA
United States Attorney.

A TRUE BILL

Foreperson.

8-13-13
MB        S1 Indictment Filed ... Ellis, USMJ