```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
UNITED STATES OF AMERICA,                                      :
                                    Plaintiff,                 :
                                                               :    13 Cr. 00345 (LGS)
              -against-                                        :
                                                               :           ORDER
ANTOINE CHAMBERS,                                              :
                                    Defendant,                 :
                                                               :
-------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS the Court received an *ex parte* motion, submitted pro se and attached hereto, by Defendant Antoine Chambers on November 11, 2013.

It is hereby ORDERED that Defendant's counsel advise Mr. Chambers that all motions must be made through counsel.

It is further ORDERED that the Clerk of Court terminate the motion at Dkt. No. 19, which the Court denies as improperly submitted.

Dated: November 18, 2013
       New York, New York

*[signature]*
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

TRULINCS 13576067 - CHAMBERS, ANTIONE - Unit: NYM-I-N

---

FROM: Sis, Ree
TO: 13576067
SUBJECT: notice of motion
DATE: 10/18/2013 01:36:08 AM

DOC # 19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT FILED NOV 11 2013 S.D. OF N.Y.

-----------------------------------------------------------x
UNITED STATES OF AMERICA,

    Plaintiff,

- against -                                          Docket No. S1-13-CR-345 (LGS)

ANTIONE CHAMBERS,                                    NOTICE OF MOTION

    Defendant.
-----------------------------------------------------------x

SIRS:

    PLEASE TAKE NOTICE that the defendant, ANTIONE CHAMBERS, appearing pro se, upon the annexed Affirmation and Memorandum of Law, will move in the United States District Court for the Southern District of New York, at a date and time to be determined by the Court, before the Honorable Lorna G. Schofield, United States District Judge, at 500 Pearl Street, New York, New York 10007, for an Order dismissing the impending superseding indictment, in its entirety, pursuant to Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure, and for any other relief that to this Court seems just and proper.

Dated: New York, New York
    November 4th
    ~~October~~ ___, 2013

RECEIVED NOV 14 2013 LORNA G. SCHOFIELD U.S. DISTRICT JUDGE

Respectfully submitted,

_Antione Chambers_
ANTIONE CHAMBERS
REGISTER NO. 13576-067
METROPOLITAN CORRECTIONAL CENTER
150 PARK ROW
NEW YORK, NEW YORK 10007

TO: CLERK OF THE COURT
    UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
    500 PEARL STREET
    NEW YORK, NEW YORK 10007

    AMY LESTER
    ASSISTANT UNITED STATES ATTORNEY
    SOUTHERN DISTRICT OF NEW YORK
    ONE SAINT ANDREW'S PLAZA
    NEW YORK, NEW YORK 10007

    JOSHUA DRATEL, ESQ.  (by email)



RECEIVED NOV 11 2013 PRO SE

TRULINCS 13576067 - CHAMBERS, ANTIONE - Unit: NYM-I-N

---

FROM: Sis, Ree
TO: 13576067
SUBJECT: From Chris
DATE: 10/18/2013 01:21:08 AM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

      Plaintiff,

- against -　　　　　　　　　　　　　　　　Docket No. S1-13-CR-345 (LGS)

ANTIONE CHAMBERS et al.,　　　　　　　　AFFIRMATION OF ANTIONE CHAMBERS

      Defendant.
-----------------------------------------------------------x

    ANTIONE CHAMBERS does hereby affirm and declare under the penalty of perjury, and pursuant to Title 28, United States Code, Section 1746, the following:

    1. That I am one of three defendants in the above captioned criminal matter, and as such I am familiar with the facts and circumstances surrounding this case. I make this affirmation in support of a pro se motion to dismiss all counts of the impending superseding indictment.

    2. That I am currently represented by court-appointed counsel (Joshua Dratel, Esq.), and that this pleading in its entirety was drafted by a fellow prisoners on my behalf, after having provided that individual with all of the information that I currently possessed relative to the offense alleged in the indictment.

    3. That I believe there is a sufficient basis upon which to make this motion, and I am hereby respectfully requesting that the Court proceed with this motion as if, prepared and filed by counsel. For the sole purpose of filing this application, I hereby invoke my constitutional right to self-representation.

Executed this 4th day of ~~October,~~ November, 2013.
New York, New York

                                                    _Antione Chambers_
                                                    ANTIONE CHAMBERS
                                                   REGISTER NO. 13576-067
                                                   METROPOLITAN CORRECTIONAL CENTER
                                                   150 PARK ROW
                                                   NEW YORK, NEW YORK 10007

TRULINCS 13576067 - CHAMBERS, ANTIONE - Unit: NYM-I-N

---

FROM: Sis, Ree
TO: 13576067
SUBJECT: part 2
DATE: 10/18/2013 01:36:08 AM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

      Plaintiff,

- against -                                 DOCKET NO. S1-13-CR-345 (LGS)

ANTIONE CHAMBERS et al.,

      Defendant.
-----------------------------------------------------------X

DEFENDANT'S (ANTIONE CHAMBERS) MEMORANDUM OF LAW IN SUPPORT OF A MOTION TO DISMISS ALL COUNTS OF THE SUPERSEDING INDICTMENT, PURSUANT TO RULE 12(b)(3)(B) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

ANTIONE CHAMBERS
REGISTER NO. 13576-067
METROPOLITAN CORRECTIONAL CENTER
150 PARK ROW
NEW YORK, NEW YORK 10007

-- Defendant --

TRULINCS 13576067 - CHAMBERS, ANTIONE - Unit: NYM-I-N

---

FROM: Sis, Ree
TO: 13576067
SUBJECT: M.O.L.
DATE: 10/18/2013 01:36:08 AM

I. PRELIMINARY STATEMENT.
_____

On July 15, 2013, the defendant, ANTIONE CHAMBERS, was taken into federal custody after having been charged in a criminal complaint with conspiracy to commit robbery, robbery, and using and carrying a firearm during and in relation to such crimes of violence. On August 13, 2013, a grand jury sitting in the Southern District of New York charged the defendant in a three-count superseding indictment with conspiring to commit robbery and robbery, in violation of 18 U.S.C. 1951(b)(1) (Counts One and Three), and using, carrying, and possessing a firearm during and in relation to (and in furtherance of) the conspiracy offense. Defendant has been arraigned on the superseding indictment and has entered a plea of not guilty. He now moves to dismiss the indictment, pursuant to Rule 12(b)(3)(B) of the Federal Rules of Criminal procedure, on the grounds that the conduct alleged by the Government does not make out a violation of the statute under which he is charged -- i.e., the Hobbs Act (18 U.S.C. 1951(b)(1)). Specifically, defendant argues that the Government has not alleged a cognizable violation of the Hobbs Act because they have failed to alleged -- and the fact do not establish -- that the alleged "victim" suffered the "deprivation of property right." That is because the victim did not have a "property right," possessory interest," or "legal interest" in the property (drug proceeds) allegedly obtained by the defendant and others.

Since the Government has failed to allege a cognizable violation of the Hobbs Act, the district court is completely without subject matter jurisdiction and the defendant submits that the indictment must be dismissed.

II. STATEMENT OF FACTS.
_____

[The facts set forth hereinafter, except where indicated by this writer, are adopted from the sworn criminal complaint in this case and, for the purpose of this application, are accepted as true. {See, United States v. Velategui, 199 F.3d 590, 592 n.2 (2nd Cir. 1999)(On a pretrial motion to dismiss the indictment "the facts alleged by the government must be taken as true.")}].

On or about March 25, 2013, at approximately 1:00 a.m., the "victim-1" (known only to this writer as "GROOVY") was present at the residence of TYRONE BROWN (a defendant in this case) to collect a sum of money constituting the proceeds of a narcotics transaction. {Complaint at Page 3, Para 7(a)} GROOVY had received $800.00 in cash from BROWN and was attempting to depart the residence when two individuals who wore scarves covering their faces pushed him back inside of the residence, obtained the $800.00 and then took him to his own residence in a vehicle being operated by a third individual for the purpose of obtaining additional money. After arriving at GROOVY'S residence, a second victim left the residence in

TRULINCS 13576067 - CHAMBERS, ANTIONE - Unit: NYM-I-N

---

the company of two of the perpetrators and went to another residence where the perpetrators were given $20,000 in cash -- a portion of which was proceeds from narcotics sales. {Id., Page 4, Para 7(d)}. During the encounter, at least one of the perpetrators is alleged to have removed the scarf which obscured his face, revealing his identity to the victims.

On May 29, 2013, two of the victims viewed a photo array in which the undersigned defendant was featured. Neither witness identified the defendant as having participated in the events of March 25, 2013, as described above. However, on June 6, 2013, the same two witnesses reportedly viewed another photo array in which this defendant was featured and identified him as one of the perpetrators.

It should be noted that, if this case proceeded to trial, there is substantial and uncontrovertible evidence that conclusively establishes that the events of March 25, 2013, were designed (in whole and part) to thwart a murder-for-hire plot that GROOVY attempted to hatch. This writer is advised that prior to the events of March 25, 2013, GROOVY had been the victim of a robbery in which GROOVY sustained a loss of $50,000. GROOVY, knowing the identity of the person(s) responsible, hatched a murder-for-hire plot wherein he offered another individual $30,000 to cause the death of the person he believed to be responsible for the previous robbery. However, unbeknownst to GROOVY, the individual he sought to have execute his murder-for-hire plan was determined to thwart that plan. Hence, the events of March 25, 2013.

Notwithstanding the true nature of what has transpired here, the facts alleged by the Government fail to make out a Hobbs Act violation. Consequently, the indictment, in its entirety must be dismissed as a matter of law.

TRULINCS 13576067 - CHAMBERS, ANTIONE - Unit: NYM-I-N

---

FROM: Sis, Ree
TO: 13576067
SUBJECT: M.O.L. part 2
DATE: 10/18/2013 01:36:08 AM

III. ARGUMENTS

(A) THE INDICTMENT MUST BE DISMISSED SINCE THE ALLEGED VICTIM HAD NO "PROPERTY RIGHT" OR "POSSESSORY INTEREST" IN THE "PROPERTY" ALLEGEDLY "OBTAINED" BY THE DEFENDANT (i.e., DRUG PROCEEDS). CONSEQUENTLY, THE DISTRICT COURT IS WITHOUT JURISDICTION.

The defendant moves to dismiss each count of the indictment, pursuant to Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure on the ground that the conduct alleged by the Government as a factual basis does not fall within the ambit of the statute allegedly violated and the Court is, therefore, without subject matter jurisdiction. " It is well settled that, on a pretrial motion to dismiss an indictment, "the facts alleged by the government must be taken as true." {United States v. Velategui, 199 F.3d 590, 592 n.2 (2nd Cir. 1999)}. Accordingly, the facts alleged by the Government -- even though they do not state an offense in violation of the Hobbs Act -- are taken as true for purposes of this motion.

"Dismissal is required where the conduct alleged in the indictment as a factual basis for the offense is not actually prohibited by the language of the statute." {United States v. Aleynikov, 737 F.Supp.2d 173, 176-77 (S.D.N.Y. 2010)(Cote,J)} In the present case, the defendant is alleged to have participated in both a conspiracy to commit robbery and the actual robbery of an individual for proceeds from the unlawful distribution of a controlled substance. The indictment alleges that this conduct violated Title 18, United States Code, Section 1951(b)(1) (the "Hobbs Act").

Under the Hobbs Act, "robbery" is defined, in relevant part, as "obtaining" "personal property" from another by force. {See, 18 U..S.C. 1951(b)(1)}. What constitutes the "obtaining of personal property from another" in violation of the Hobbs Act has been the subject of several Second Circuit and Supreme Court opinions.. For example, the Second Circuit recently observed that whether a defendant has "obtained" property in violation of the Hobbs Act "entails a two-part inquiry: 'whether the defendant is (1) alleged to have carried out the deprivation of a property right from another, with (2) the intent to exercise, sell, transfer, or take some other analogous action with respect to that right.'" {United States v. Sekhar, 683 F.3d 436, 440 (2nd Cir.. 2012), reversed on other grounds, Sekhar v. United States, 133 S.Ct. 2720 (2013); United States v. Gotti, 459 F.3d 296, 324 (2nd Cir. 2006)} Thus, under Second Circuit case law, the Government must "allege [that the defendant] carried out the deprivation of a property right," to state an offense under the Hobbs Act. Absent an allegation that the defendant deprived the victim of a property right, a Hobbs Act prosecution would be improper. The Government has failed to allege the deprivation of a property right, and no such right existed in the property (drug proceeds) which are alleged to have been the object of the robbery.

TRULINCS 13576067 - CHAMBERS, ANTIONE - Unit: NYM-I-N

--------------------------------------------------------------------------------

The Supreme Court recently observed that "[o]btaining property requires not only the deprivation but also the acquisition of property." {Sekhar, 133 S.Ct. at 2725} "That is, it requires that the victim 'part with his property..'" {Id.} The property here, drug proceeds, did not belong to the alleged victim -- it belonged to the United States. The Supreme Court has also observed, in this context, that "'obtaining' is further explained as 'bring[ing] about a transfer or purported transfer of a legal interest in the property, whether to the obtainer or another.'" {Scheidler v. National Organization for Women, Inc., 537 U.S. 393, 406 n.13 (2003)}. In the present case, the alleged victim had no "legal interest," "property right," nor "possessory interest" in the property allegedly taken -- drug proceeds. It is well settled law that a wrongdoer has no possessory interest in property illegally acquired. {See, e.g., United States v. Clinton, 260 F.Supp. 84,88 (S.D.N.Y. 1966); United States v. Pagan, 140 F.Supp. 711 (S.D.N.Y. 1955). When it comes to proceeds derived from illegal activity -- such as narcotics distribution -- title and right to such proceeds rested with the Government and could not be altered by the alleged victim's possession or use of the property. {See, e.g., Title 21, United States Code, Section 881(a)(6)("The following shall be subject to forfeiture to the United States and no property right shall exist in them...All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance...")}.

In 21 U.S.C. 853(c) -- a statute related to forfeiture of, among other things, drug proceeds -- "the so-called 'relation-back' proviso, Congress dictated that '[a]ll right, title and interest in property' obtained by criminals via the illicit means described in the statute 'vest in the United States upon the commission of the act giving rise to the forfeiture.'" {Caplin v. Drysdale, 491 U..S. 617, 627 (1989)} Thus, it is clear that drug proceeds are not the property of the possessor of such proceeds. Rather, drug proceeds are appropriately termed "personal property of the United States." The taking of which, by force, has been expressly prohibited under 18 U.S.C. 2112 ("Whoever robs or attempts to rob another of any kind or description of personal property belonging to the United States, shall be imprisoned not more than fifteen years."). Since the property in the case -- drug proceeds -- belonged to the United States, the victim had neither a "property right," "possessory interest," or "legal interest," in that property. The indictment does not allege the deprivation of a property right. The "victim" did not have a "property right," possessory interest," or "legal interest" in the drug proceeds which allegedly formed the basis of Counts One and Three of the indictment. Consequently, the indictment must be dismissed.

What has occurred here is that the Government has charged the defendant under a statute which is clearly inapplicable to the conduct alleged. Both the Second Circuit and the United States Supreme Court have made it abundantly clear that a prosecution under the Hobbs Act requires proof that a defendant has deprived a victim of the victim's "property right." {See, e.g., Sekhar, 133 S.Ct. at 2725 (requiring proof that "the victim part with his property"); and Sekhar, 683 F.3d at

TRULINCS 13576067 - CHAMBERS, ANTIONE - Unit: NYM-I-N

----

440 (requiring allegation that defendant "carried out the deprivation of a property right from another.")} The facts of the present case establish that no such property right existed. Furthermore, the victim had no "legal interest" in the property, a fact critical to the "obtaining" element of a Hobbs Act offense as observed by the Supreme Court in Scheidler {See, 537 U.S. at 406 & n. 13}. "Congress used to sources of law as models in formulating the Hobbs Act: the Penal Code of New York and the Field Code, a 19th-century model penal code." {Scheidler v. NOW, Inc., 123 S.Ct. 1057, 1064 (2003)}. The 1945 debates on the bill that was eventually to become the Hobbs Act established that the terms robbery and extortion were intended to carry the very same meaning the terms employed under New York Penal Law. "Representative Hobbs stated that the terms extortion and robbery 'have been construed a thousand times by the courts. Everybody knows what they mean.'" {United States v. Jackson, 180 F.3d 55, 69 (2nd Cir. 1999)(quoting 91 Cong. Rec. 11,912 (1945))}. In enacting the Hobbs Act, Congress borrowed the well settled meaning of the term "robbery" as defined by New York Penal Law. "It is a settled principle of interpretation that, absent other indication, 'Congress intends to incorporate the well-settled meaning of the common-law terms it uses..'" {Neder v. United States, 527 U.S. 1, 23 (1999)}. Under New York Law the term "robbery" is defined as "forcible stealing.." {New York Penal Law, Section 160.00} A person forcibly steals property and commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of force upon another person for the purpose of compelling the owner of such property or another person to deliver up the property. "Robbery and larceny require the taking of property 'from an owner thereof,' which is 'any person who has a right to possession thereof superior to that of the taker.'" {Suarez v. Bennett, 171 Fed. Appx. 361, 365 (2nd Cir. 2006)} "To understand that 'property' is the bundle of rights to a thing rather than the thing itself is to place 'property' in its proper context for purposes of the Hobbs Act or otherwise." {United States v. Bellomo. 263 F.Supp.2d 561, 573 (E.D.N.Y. 2003)}

While the conduct which forms the basis for the Hobbs Act violation in this case may have been criminal, it is well settled that "a defendant, no matter how guilty he may be of some crime, cannot be convicted unless there is proof beyond a reasonable doubt that he committed the particular crime with which he is charged." {United States v. Tavoularis, 515 F.2d 1070, 1077 (2nd Cir.. 1975)}. The factual basis for the indictment in this case do not make out a Hobbs Act violation. The indictment must, therefore, be dismissed. It is noteworthy that the Mandatory Victim's Restitution Act [18 U.S.C. 3663A] makes restitution mandatory in cases where the defendant is convicted of a crime of violence that has resulted in economic harm to the victim. {See, 18 U.S.C. 3663A(c)(1)(A)(i)}. Conspiracy to commit an armed robbery is a crime of violence. {See, United States v. Chimurenga, 760 F.2d 400 (2nd Cir. 1985)}. If the Hobbs Act extended to the type of conduct alleged here a defendant would be required to make restitution to a drug dealer/wrongdoer in an amount equal to the amount of drug proceeds obtained by force. Such a result would be completely absurd and certainly contrary to the legislative intent underlying the Mandatory Victim's Restitution Act. Insofar as the Court could, in good conscience, find that the conduct

TRULINCS 13576067 - CHAMBERS, ANTIONE - Unit: NYM-I-N

---

alleged in this violated the Hobbs Act, we submit that the Hobbs Act is ambiguous and application of the Rule of Lenity is entirely appropriate and warranted. {See, e.g., Sekhar, 133 S.Ct. at. 2730 ("but even if the Hobbs Act was ambiguous on this point, the rule of lenity would counsel in favor of an interpretation of the statute that does not reach so broadly.")}

In sum, since the "personal property of the United States" (Drug Proceeds) obtained in this case resulted from an attempt to thwart a murder-for-hire plot which the "victim" attempted to hatch in retaliation for a prior incident in which an assailant had stolen $50,000 from his presence, and the instant offense did not involve the "deprivation of a property right," Counts One and Three are improperly brought under the Hobbs Act and the indictment, in its entirety, must be dismissed.

IV. CONCLUSION.
_____

The defendant, having demonstrated that the conduct alleged as a factual basis for the instant offense does not fall within the statute allegedly violated (the "Hobbs Act"), respectfully submits that an order dismissing the indictment is "required." {See, United States v. Aleynikov, 737 F.Supp.2d at. 176-77}

WHEREFORE, for the reasons stated, defendant prays that this Court will issue an order dismissing the indictment, in its entirety, and directing his discharge from the custody of the U.S. Marshals forthwith in the interest of justice, and to prevent a complete miscarriage thereof.

Dated: New York, New York
~~October~~ November 4th, 2013

                                         Respectfully submitted,

                                         _Antione Chambers_
                                         ANTIONE CHAMBERS
                                         REGISTER NO. 13576-067
                                         MCC NEW YORK
                                         150 PARK ROW
                                         NEW YORK, NEW YORK 10007