UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                    :
UNITED STATES OF AMERICA,            :                    13 Cr. 345 (LGS)
                                                    :
              – against –                           :
                                                    :
ANTIONE CHAMBERS,                        :
                                                    :
                        Defendant.             :
                                                    :
-------------------------------------------------------x

REPLY MEMORANDUM IN SUPPORT OF DEFENDANT ANTIONE CHAMBERS'S
PRETRIAL MOTIONS

JOSHUA L. DRATEL
LAW OFFICES OF JOSHUA L. DRATEL, P.C.
29 Broadway, Suite 1412
New York, New York 10006
(212) 732 - 0707
jdratel@joshuadratel.com

*Attorneys for Defendant Antione Chambers*

- *Of Counsel* -

Joshua L. Dratel
Whitney G. Schlimbach

TABLE OF CONTENTS

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT

POINT I

THE PHOTO IDENTIFICATIONS OF MR. CHAMBERS
SHOULD BE SUPPRESSED, AND/OR AN EVIDENTIARY
HEARING CONDUCTED, BECAUSE THE IDENTIFICATIONS
WAS UNDULY SUGGESTIVE AND DENIED MR. CHAMBERS
HIS FIFTH AMENDMENT RIGHT TO DUE PROCESS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

POINT II

THE HISTORICAL CELL SITE DATA FOR 717-643-6130
SHOULD BE SUPPRESSED BECAUSE THE STORED
COMMUNICATIONS ACT IS UNCONSTITUTIONAL
AS APPLIED TO MR. CHAMBERS, AND BECAUSE
THE APPLICATION FOR THE DATA DID NOT
MEET THE REQUISITE STATUTORY STANDARD. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

A.      *Mr. Chambers Possesses a Fourth Amendment Privacy Interest*
        *In the Historical Cell Site Data Obtained by the Government.* . . . . . . . . . . . . . . . . . . . . 4

B.      *The Good Faith Exception Should Not Apply.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

C.      *Failure to Recognize a Suppression Remedy for a Statutory*
        *Violation of §2703(d) Would Deny Mr. Chambers Due Process* . . . . . . . . . . . . . . . . . . . 7

D.      *Mr. Chambers Should Not Be Required to Submit An Affidavit* . . . . . . . . . . . . . . . . . . . 7

POINT III

COUNTS ONE AND THREE SHOULD BE DISMISSED
BECAUSE THEY FAIL TO ALLEGE THE FACTS SUFFICIENT
TO ESTABLISH THAT THE DEFENDANTS OBTAINED
ANY "PERSONAL PROPERTY". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**Introduction**

This Reply Memo of Law is submitted on behalf of defendant Antione Chambers in support of his pretrial motions.  Much of the government's opposition, having been addressed and/or anticipated in Mr. Chambers's Initial Memo of Law, does not require rejoined.  As a result, this Reply will focus on particular points to illustrate the fundamental and fatal flaws in the government's arguments.

**POINT I**

**THE PHOTO IDENTIFICATIONS OF MR. CHAMBERS SHOULD BE SUPPRESSED, AND/OR AN EVIDENTIARY HEARING CONDUCTED, BECAUSE THE IDENTIFICATIONS WAS UNDULY SUGGESTIVE AND DENIED MR. CHAMBERS HIS FIFTH AMENDMENT RIGHT TO DUE PROCESS**

Although it is well established that no *per se* rule requires that a pre-trial identification hearing be conducted "in every case," it is also well established that the decision to hold a hearing to assess suggestiveness in pre-trial identification procedures and reliability of identifications is entirely within the Court's discretion.  *Watkins v. Sowders*, 449 U.S. 341, 349 (1981); *see United States v. Finley*, 245 F.3d 199, 203 (2d Cir.2001).  Also, such a "judicial determination outside the presence of the jury . . . may often be advisable[, and] [i]n some circumstances . . . may be constitutionally necessary."  *Watkins*, 449 U.S. at 349.

As established by Mr. Chambers's initial Memo of Law, at 6, the undue suggestiveness arises from the fact that two witnesses, both of whom failed to identify Mr. Chambers in an initial photo array, only a week later were each shown a second photo array containing just Mr. Chambers's picture in common with the first array.

1

Yet the government argues that because such a procedure has not been held to be *per se* improper, Mr. Chambers has not made a sufficient threshold showing of suggestiveness to warrant a pre-trial identification hearing.  *See* Government's Memo of Law, at 17-18.

However, the Supreme Court has long recognized the danger of repeated showings of a single individual in the pre-trial line-up process.  *See Foster v. California*, 394 U.S. 440, 441-42 (1969).  Similarly, the use of successive photo arrays with only the suspect's photograph repeated has been criticized in the Second Circuit since the late 1970's.  *See United States v. DiPalermo*, 606 F.2d 17, 21 (2d Cir. 1979).

In fact, pre-trial suppression hearings were conducted in both cases cited by the government in support of its argument that a pre-trial hearing is unnecessary when successive photo arrays are employed to obtain a pre-trial identification.  *See United States v. Maguire*, 918 F.2d 254, 256 (1ˢᵗ Cir. 1990);  *United States v. Greer*, No. 2:95-CR-72, 1997 WL 82799, at *1 (D.Vt. 1997).

In addition, the primary purpose of a pre-trial identification hearing is to ensure the reliability of identifications, which are particularly susceptible to influence and mistake, but which are still among the most powerful pieces of evidence in use at trial.  *See Manson v. Brathwaite*, 432 U.S. 98, 111-12 (1977).  In light of the Supreme Court's admonition that "the prudence of [a pre-trial identification] hearing has been emphasized by many decisions in the Courts of Appeals," and given that the government is in full control of the facts and circumstances attendant to the identifications here, the only protection against the harm of an unreliable identification is a *pre*-trial assessment of the identification evidence.  *Watkins*, 449 U.S. at 345.

2

Accordingly, Mr. Chambers has made a sufficient threshold showing of suggestibility to warrant a judicial determination outside the presence of the jury on the admissibility of the identification evidence. *United States v. Saldana*, ____ F.Supp.2d ____, 2006 WL 1376933, at *1 (S.D.N.Y. 2006).

## POINT II

**THE HISTORICAL CELL SITE DATA FOR 717-643-6130
SHOULD BE SUPPRESSED BECAUSE THE STORED
COMMUNICATIONS ACT IS UNCONSTITUTIONAL
AS APPLIED TO MR. CHAMBERS, AND BECAUSE
THE APPLICATION FOR THE DATA DID NOT
MEET THE REQUISITE STATUTORY STANDARD**

In opposition to Mr. Chambers's motion to suppress historical cell site data because it was obtained by a warrantless search that was not supported by probable cause, the government posits several arguments, including primarily the claims that (a)  a privacy interest in historical cell site data does not exist *at all*;  (b)  even if it did, law enforcement agents obtained the data in good faith reliance on the Order issued pursuant to 18 U.S.C. §2703(d);  (c)  any remedy for a statutory violation of §2703(d) does not exist;  and (d)  Mr. Chambers has not established his privacy interest in the data, and should submit an affidavit to do so.

As detailed below, or in Mr. Chambers's Initial Memo of Law, at POINT II, those contentions are without merit.  As a result, Mr. Chambers's motion to suppress should be granted.

3

A.    *Mr. Chambers Possesses a Fourth Amendment Privacy Interest
      In the Historical Cell Site Data Obtained by the Government*

In contending that a Fourth Amendment privacy interest in historical cell site data does not exist, the government would limit the Supreme Court's expansive discussion in *United States v. Jones* __ U.S. __, 132 S. Ct. 945 (2012), to a purely technical point predicated on physical intrusion by the government.

However, as the detailed exegesis in Mr. Chambers's initial Memo of Law (at 9-15) demonstrates, the various concurring opinions in *Jones*, authored by Justices Sotomayor and Alito, augur a Fourth Amendment jurisprudence that incorporates current technological and social/cultural developments that have altered the concept of privacy, and the *expectation* of privacy, with respect to third-party records *absent any physical government intrusion*. *See also United States v. Katzin*, 732 F.3d 187, 193-94 (3d Cir. 2013) (noting that the solely "trespassory" or "physical intrusion" doctrine of Fourth Amendment application had been discredited in favor of consideration of an expectation of privacy).

In its opposition, the government fails to confront that fundamental and ground-breaking aspect of *Jones* at all, and therefore would freeze Fourth Amendment analysis at a period prior to the Court's recognition of the dramatically changed landscape in the digital age. *Jones*, like many Supreme Court decisions, by its language invites the lower courts to apply current and evolving principles to today's cases and issues.  As a result, the government's attempt to narrow *Jones* artificially defies the very language and intent of those concurring opinions.

Although the government cites a plethora of cases in support of its rejection of Fourth Amendment challenges to warrantless acquisition of historical cell site records, only two were

issued after the decision in *Jones*.  Also, contrary to the government's contention that *Jones* is irrelevant to the Fourth Amendment analysis of historical cell site information, both courts (in the post-*Jones* decisions) considered *Jones* in their opinions.  *See United States v. Madison*, No. 11-60285-CR, 2012 WL 3095357 (S.D.Fla. July 30, 2012);  *United States v. Graham*, 846 F.Supp. 2d 384 (D.Md. 2012).

   In addition, in *Madison* and *Graham*, the Courts concluded the Fourth Amendment did not protect historical cell site information because the government's acquisition thereof did not involve a physical intrusion – a distinction, as noted above, that fails to appreciate the breadth of the concurring opinion in *Jones*.  Moreover, despite the fact that the Court in *Madison* found itself compelled to apply the third-party disclosure doctrine and hold that "society is not prepared to recognize as legitimate any subjective expectation" of privacy in historical cell site data, the Court "agree[d] that the time may indeed have arrived to reevaluate the Fourth Amendment framework as it applies to new technologies."  2012 WL 3095357, at *9, n.10.

   Similarly, in *Graham* the Court noted it was only the purported "factual differences" between GPS and cell site technologies which "lead [the] Court to proceed with caution in extrapolating too far from the Supreme Court's varied opinions in *Jones*."  846 F.Supp. 2d at 394.

   Accordingly, the impact of *Jones* in the context of suppressing cell site information has simply not been addressed in most District Courts, including the Southern and Eastern Districts, contrary to the government's insistence on a district wide concurrence in support of its argument. In the only Southern District decision addressed to suppression of cell site records which considers the impact of the Supreme Court's decision, the standard of probable cause had already

been met, and a warrant issued, rendering the defendant's argument in that case moot. *United States v. Meregildo*, ____ F.Supp.2d ____, 2012 WL 3834732, at *2 (August 28, 2012 S.D.N.Y.).

**B.**     ***The Good Faith Exception Should Not Apply***

The government also argues, in its Memo of Law, at 26-28, that the good faith exception, articulated in *United States v. Leon*, 468 U.S. 897 (1984), would permit acquisition of the historical cell site information even if a warrant is required. However, the good faith exception does not apply herein.

In *Davis v. United States*, ___ U.S. ___, 131 S. Ct. 2419 (2011), the Court directed that the good faith exception applies to situations in which law enforcement "conducted a search in objectively reasonable reliance on binding appellate precedent." *Id*., at 2434. In *Katzin*, the Third Circuit recently held, in the context of a warrantless attachment of a GPS tracking device upon an automobile, that the exception is further limited by jurisdiction: that the binding "appellate precedent" must be in the particular circuit. 732 F.3d at 208-09 (exception does not apply when "the law is unsettled in a particular jurisdiction even where persuasive authority may exist in the form of decisions by other circuit courts").

Here, the Second Circuit has not ratified the acquisition of historical cell site information by resort to §2703(d) without a warrant. Thus, absent that "binding appellate precedent" *in this circuit*, the government cannot avail itself of the good faith exception. *See Katzin*, 732 F.3d at 209 ("any law enforcement officer who acts primarily in reliance on the Fourth Amendment proclamations of our sister circuits does so at his own peril for purposes of the exclusionary rule"). *See also* Mr. Chambers's initial Memo of Law, at 17, *discussing United States v. Ortiz*,

6

___ F. Supp.2d. ___, 2012 WL 2951391, at *24 (E.D. Pa. July 20, 2012).

**C.**     ***Failure to Recognize a Suppression Remedy for a Statutory***
          ***Violation of §2703(d) Would Deny Mr. Chambers Due Process***

The government, in its Memo of Law, at 34-36, asserts that §2703(d) does not contain

any suppression remedy for a statutory violation.  While such a remedy is not necessary herein

given the constitutional infirmity in the warrantless acquisition of historical cell site data

(discussed **ante**), the absence of any suppression remedy for a solely statutory violation would

deny Mr. Chambers Due Process as guaranteed him under the Fifth Amendment.

Due Process cannot countenance an unfettered ability of the government to violate

statutory restrictions in the manner in which it obtains evidence any deny a defendant any

recourse.  At the very least, the Court's supervisory power provides ample authority to grant

relief in the form of suppression.  *See, e.g., United States v. Ming He*, 94 F.3d 782 (2d Cir. 1996),

*citing United States v. Hammad*, 858 F.2d 834, 837 (2d Cir. 1988).

**D.**     ***Mr. Chambers Should Not Be Required to Submit An Affidavit***

The government, in its Memo of Law, at 23-24, insists that Mr. Chambers file an affidavit

in order to assert standing in the historical cell site data.  In so doing, the government cites cases

that are wholly inapposite, and seeks to exploit – in a manner which it is not entitled – Mr.

Chambers's motion for discovery purposes.

Second Circuit law does not require that the defendant establish standing by way of an

affidavit "demonstrating sufficient facts to show that he had a legally cognizable privacy interest"

in historical cell site data.  Nor does *United States v. Ruggiero*, 824 F.Supp. 379, 391 (S.D.N.Y.

1993) state otherwise.  The other cases cited by the government for that proposition necessarily

address standing in the context of searches of vehicles and physical property, which involve portability and potential issues as to ownership and possession.  *See e.g. Rawlings v. Kentucky*, 448 U.S. 98 (1980);  *Rakas v. Illinois*, 439 U.S. 128 (1978).

Moreover, the Second Circuit's case law regarding standing "dictate[s] that for purposes of analytical clarity, 'the better analysis . . . focuses on the extent of a particular defendant's rights under the Fourth Amendment,'" requiring a Court first to make the substantive determination whether warrantless acquisition of phone records is unconstitutional under the Fourth Amendment.  *United States v. Pena*, 961 F.2d 333, 336 (2d Cir.1992), *citing United States v. Paulino*, 850 F.2d 93, 96 (2d Cir.1988).

In addition, even if an affidavit were required, it is respectfully submitted that the Court should decide certain threshold issues before reaching the question whether Mr. Chambers need submit an affidavit.  Those issues include (a)  whether a Fourth Amendment interest exists in historical cell site data exists (absent which such an affidavit would be altogether irrelevant);  (b) whether the government's conduct could and/or should be excused by the good faith exception; and (c)  whether any suppression remedy exists for a statutory violation of §2703(d).  Deciding any of those issues in the government's favor would obviate the need for any affidavit.

Ironically, while the government seeks to avoid a hearing on the identification procedures utilized in this case, *see* **ante**, at POINT I, because it objects to such a hearing serving as a discovery device for the defendant, in essentially the same breath the government seeks discovery from Mr. Chambers, and to compel Mr. Chambers to assert a right it claims he does not possess in the first place, and, in doing so, potentially compromise his ability to testify at trial.

8

Also, if the government has information linking Mr. Chambers to the targeted telephone number, it is obligated to disclose that information to the Court and to Mr. Chambers, and not stand silent as if it is incumbent upon Mr. Chambers to establish that link.[1]

Accordingly, it is respectfully submitted that the Court should grant Mr. Chambers's motion to suppress the historical cell site data.

## POINT III

### COUNTS ONE AND THREE SHOULD BE DISMISSED BECAUSE THEY FAIL TO ALLEGE THE FACTS SUFFICIENT TO ESTABLISH THAT THE DEFENDANTS OBTAINED ANY "PERSONAL PROPERTY"

The government's opposition to Mr. Chambers's motion to dismiss Counts 1 and 3, on

---

[1] Certain sections of the American Bar Association Standards for the Prosecution Function provide, by analogy, guidance in this context:

**Standard 3- 1.2 The Function of the Prosecutor**

(c)     The duty of the prosecutor is to seek justice, not merely to convict.

**Standard 3-5.7 Examination of Witnesses**

(b)     The prosecutor's belief that the witness is telling the truth does not preclude cross-examination, but may affect the method and scope of cross-examination. A prosecutor should not use the power of cross-examination to discredit or undermine a witness if the prosecutor knows the witness is testifying truthfully.

          *                    *                    *

(d) A prosecutor should not ask a question which implies the existence of a factual predicate for which a good faith belief is lacking.

American Bar Association Standards for the Prosecution Function, available at <http://www.americanbar.org/publications/criminal_justice_section_archive/crimjust_standards_pfunc_blk.html#1>.

9

the ground that the Indictment does not allege facts sufficient to establish an unlawful taking or obtaining of personal property as required to state a violation of the Hobbs Act, does not require a substantive reply because the case quoted by the government, *United States v. Thompson*, not reported in F. Supp.2d, 2006 WL 1738227 (S.D.N.Y. June 23, 2006), was cited by Mr. Chambers in his initial Memo of Law (at 18).  Indeed, Mr. Chambers acknowledged the contrary authority *Thompson* and other cases represent with respect to the issue.  *See* Mr. Chambers's Initial Memo of Law, at 18.

However, the government fails to address at all the remainder of Mr. Chambers's challenge to Counts 1 and 3:  that the Second Circuit has not expressly rejected Mr. Chambers's position, as the cases on which *Thompson* and other cases rely did not confront the specific issue raised herein.  *See* Mr. Chambers's Initial Memo of Law, at 20.

Accordingly, it is respectfully submitted that Mr. Chambers's motion to dismiss Counts 1 and 3 be granted in its entirety.

**Conclusion**

Accordingly, for all the reasons set forth above, as well as those in Mr. Chambers's initial Memo of Law, it is respectfully submitted that Mr. Chambers's motions should be granted in their entirety, and the photo identification suppressed, and/or a hearing conducted on the issue, the historical cell site information be suppressed, and Counts One and Three dismissed for failure to state an element of the charged offense.

Dated: 25 November 2013
       New York, New York

10

Respectfully submitted,

___/S/ Joshua L. Dratel_____
Joshua L. Dratel
Joshua L. Dratel, P.C.
29 Broadway, Suite 1412
New York, New York 10006
(212) 732-0707
jdratel@joshuadratel.com

*Attorneys for Defendant Antione Chambers*

*– Of Counsel –*

Joshua L. Dratel
Whitney G. Schlimbach

11