TRULINCS  13576067 - CHAMBERS, ANTIONE - Unit: NYM-I-N

--------------------------------------------------------------------------------------------------------

FROM: 13576067
TO: Dratel, Joshua
SUBJECT: LETTER-MOTION FOR NEW COUNSEL
DATE: 12/20/2013 10:29:23 AM



ANTIONE CHAMBERS
REGISTER NO. 13576-067
M.C.C. NEW YORK
150 PARK ROW
NEW YORK, NEW YORK 10007

December 20, 2013

THE HONORABLE LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET
NEW YORK, NEW YORK 10007

Re: United States v. Antione Chambers, Docket No. 13-CR-345 (LGS)

Dear Judge Schofield:

This defendant respectfully requests that the Court schedule a status conference to entertain an application for the appointment of new counsel, pursuant to the Criminal Justice Act (18 U.S.C. 3006A). This defendant previously requested that former counsel (Alice Fontier, Esq.) be relieved, and the Court granted that application. At the time the application was granted, the Court suggested that no further applications seeking new counsel would be entertained by the Court. However, the circumstances surrounding this request warrant new counsel.

After the Court appoint current counsel (Joshua Dratel), this defendant forwarded to counsel a request that counsel move to dismiss the indictment on the ground that the Court lacked subject matter jurisdiction. The essence of the claim was that the Second Circuit (in Hobbs Act prosecutions) requires proof of the "deprivation of a property right," among other things. The Supreme Court has recently held that "deprivation" is an essential element. Counsel thereafter indicated to this defendant that he would present the claim to the Court, believing the claim to have merit. However, despite counsel's assurance that the claim would be raised, counsel failed to adequately articulate (in the pretrial motion to dismiss the indictment) the precise claim he assured this defendant he would advance. Instead, much to this defendant's surprise, counsel advanced a similar -- but meritless -- claim concerning the use of "contraband" for prosecution under the Hobbs Act.
As a result, the Government did not respond (in their opposition) to the "deprivation of a property right" claim. More importantly, the Court did not adjudicate the claim. To counsel's credit, in his reply brief his pointed out to the Court that the Government had failed to respond to the jurisdictional claims.

This defendant recently, in a bid to reconcile with counsel, requested that counsel move the Court to reconsider its decision denying the pretrial motion to dismiss on the ground that the Court overlooked the jurisdictional argument -- although the argument had not been adequately articulated (in this writer's opinion), the claim was nevertheless encompassed within the argument advanced. Counsel has ignored this defendant's request, and he even implicitly declined to address the correspondence in which the request was set forth. Counsel's failure to adequately articulate the claim advanced by this defendant has breached the attorney-client trust. Moreover, counsel's decision to advance an argument that was clearly contrary to settled case law amounted to ineffective assistance of counsel, in violation of this defendant's Sixth Amendment right under the United States Constitution. Counsel's decision to ignore this defendant's request that he file a motion for reconsideration -- and not even expressly declined to do so -- further diminishes any trust that this defendant once had in counsel's ability to provide effective assistance.

Given the foregoing, this defendant respectfully requests that the Court schedule a conference to determine whether counsel should be relieved, and new counsel appointed, in the interest of justice and to prevent a complete miscarriage thereof. The Court's indulgence and assistance in this matter will be greatly appreciated.

Respectfully submitted,

TRULINCS  13576067 - CHAMBERS, ANTIONE - Unit: NYM-I-N

--------------------------------------------------------------------------------------------------------

/s/

_____
ANTIONE CHAMBERS

cc: Joshua Dratel, Esq.  (By e-mail)
    Amy Lester, AUSA (By First Class Mail)