```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x
                                  :
UNITED STATES OF AMERICA          :   SUPERSEDING INDICTMENT
                                  :
       - v. -                     :   S2 13 Cr. 345 (LGS)
                                  :
STEVEN GLISSON,                   :
  a/k/a "Dee,"                    :
ANTIONE CHAMBERS,                 :
  a/k/a "Twizzie," and            :
TYRONE BROWN,                     :
                                  :
              Defendants.         :
                                  :
- - - - - - - - - - - - - - - - -x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/23/14

COUNT ONE

The Grand Jury charges:

1. In or about March 2013, in the Southern District of New York and elsewhere, STEVEN GLISSON, a/k/a "Dee," ANTIONE CHAMBERS, a/k/a "Twizzie," and TYRONE BROWN, the defendants, and others known and unknown, unlawfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, GLISSON, CHAMBERS, and BROWN agreed to commit a robbery of an individual believed to be in possession of narcotics proceeds in the Bronx, New York.

Overt Acts

2. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

   a. On or about March 25, 2013, STEVEN GLISSON, a/k/a "Dee," and ANTIONE CHAMBERS, a/k/a "Twizzie," the defendants, traveled to 1338 Croes Avenue, Bronx, New York, in order to carry out the robbery of an individual believed to be in possession of narcotics proceeds.

   b. On or about March 25, 2013, TYRONE BROWN, the defendant, provided information to GLISSON and CHAMBERS about the intended victim of the robbery.

(Title 18, United States Code, Section 1951.)

COUNT TWO

The Grand Jury further charges:

3. On or about March 25, 2013, in the Southern District of New York, STEVEN GLISSON, a/k/a "Dee," ANTIONE CHAMBERS, a/k/a "Twizzie," and TYRONE BROWN, the defendants, and others known and unknown, unlawfully and knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States

Code, Section 1951(b)(3), to wit, GLISSON, CHAMBERS, and BROWN robbed an individual believed to be in possession of narcotics proceeds in the Bronx, New York.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT THREE

The Grand Jury further charges:

4. On or about March 25, 2013, in the Southern District of New York and elsewhere, STEVEN GLISSON, a/k/a "Dee," and ANTIONE CHAMBERS, a/k/a "Twizzie," the defendants, and others known and unknown, willfully and knowingly did seize, confine, kidnap, abduct, and carry away and hold for ransom and reward and otherwise, a person, and use a means, facility, and instrumentality of interstate commerce in committing and in furtherance of the commission of the kidnaping, to wit, GLISSON and CHAMBERS kidnaped an individual for the purpose of carrying out a robbery of narcotics proceeds.

(Title 18, United States Code, Sections 1201 and 2.)

## COUNT FOUR

The Grand Jury further charges:

5. On or about March 25, 2013, in the Southern District of New York, STEVEN GLISSON, a/k/a "Dee," ANTIONE CHAMBERS, a/k/a "Twizzie," and TYRONE BROWN, the defendants, and others known and unknown, during and in relation to a crime of violence for which they may be prosecuted in a court of the

United States, namely, the robbery conspiracy charged in Count One of this Indictment and the kidnaping offense charged in Count Three of this Indictment, knowingly did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, which were brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.)

## COUNT FIVE

The Grand Jury further charges:

6.  From in or about 2011, up to and including in or about 2013, in the Southern District of New York and elsewhere, TYRONE BROWN, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

7.  It was a part and an object of the conspiracy that TYRONE BROWN, the defendant, and others known and unknown, would and did distribute and possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

8.  The controlled substance involved in the offense was 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as

"crack," in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

## FORFEITURE ALLEGATIONS AS TO COUNTS ONE AND TWO

9. As a result of committing the Hobbs Act robbery offenses alleged in Counts One and Two of this Indictment, STEVEN GLISSON, a/k/a "Dee," ANTIONE CHAMBERS, a/k/a "Twizzie," and TYRONE BROWN, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses.

### Substitute Assets Provision

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendants –

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

>(Title 18, United States Code, Section 981 and
>Title 28, United States Code, Section 2461.)

## FORFEITURE ALLEGATION AS TO COUNT FIVE

11.  As a result of committing the controlled substance offense alleged in Count Five of this Indictment, TYRONE BROWN, the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the offense and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense, including but not limited to, a sum of United States currency representing the amount of proceeds obtained by the defendant as a result of the offense.

## Substitute Assets Provision

12.  If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant -

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third person;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

    (Title 21, United States Code, Section 853.)

_____  
FOREPERSON

_____  
PREET BHARARA  
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

STEVEN GLISSON,
a/k/a "Dee,"
ANTIONE CHAMBERS,
a/k/a "Twizzie," and
TYRONE BROWN,

Defendants.

## SUPERSEDING INDICTMENT

S2 13 Cr. 345 (LGS)

(18 U.S.C. §§ 1201, 1951, 924(c), and 2;
21 U.S.C. § 846).

PREET BHARARA
United States Attorney.

**A TRUE BILL**

Foreperson.