UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                             :

UNITED STATES OF AMERICA,       :
                             :

            – *against* –        :     13 Cr. 345 (LGS)
                             :     (Filed Electronically)

ANTOINE CHAMBERS,          :
                             :

           Defendant.      :
                             :
-------------------------------------------------------x


## MEMORANDUM OF LAW IN OPPOSITION TO THE GOVERNMENT'S MOTION FOR *IN LIMINE* RULING ADMITTING OTHER ACT EVIDENCE


        Joshua L. Dratel
        JOSHUA L. DRATEL, P.C.
        29 Broadway, Suite 1412
        New York, New York 10006
        (212) 732 - 0707
        jdratel@joshuadratel.com

        *Attorneys for Defendant Antione Chambers*


  – *Of Counsel* –

Joshua L. Dratel
Whitney G. Schlimbach

TABLE OF CONTENTS

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

ARGUMENT

POINT I

MR. CHAMBERS'S TWO PRIOR CONVICTIONS
THE GOVERNMENT SEEKS TO INTRODUCE ARE
INADMISSIBLE PURSUANT TO RULE 404(b), FED.R.EVID.. . . . . . . . . . . . . . . . . . . . . . . . 2

A.    *The Applicable Legal Standards*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

     1.    *The Legal Standards Relevant to Rule 404(b), Fed.R.Evid.* . . . . . . . . . . . . . . . . . 3

     2.    *The Legal Standards Relevant to Rules 401, 402, and 403, Fed.R.Evid.* . . . . . . . . 3

B.    *The Government Seeks to Admit Mr. Chambers's Prior Acts Prematurely
Because He Has Not Yet Asserted a Defense Placing the Issues in Dispute*. . . . . . . . . . . 4

C.    *The Government's Proffered Rule 404(b) Evidence
Is Offered Only to Prove Mr. Chambers' Criminal Propensity*. . . . . . . . . . . . . . . . . . . . 5

D.    *The Proffered Other Act Evidence Should Not Be Admitted Because
Mr. Chambers's  Two Prior Convictions the Government Seeks to
Introduce At Trial Are Stale*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

E.    *The Unfair Prejudice Generated by the Prior Convictions Outweighs Any
De Minimis* Probative Value Under the Rule 403, Fed.R.Evid., Balancing Test,
*and a Limiting Instruction Would Not Sufficiently Mitigate That Undue Prejudice*. . . . . . 9

POINT II

MR. BROWN'S POST ARREST STATEMENT SHOULD
BE ADMITTED IN ITS ENTIRETY BECAUSE IT IS A
STATEMENT AGAINST PENAL INTEREST, PURSUANT
TO RULE 804(B)(3), FED.R.EVID., AND BECAUSE THE
GOVERNMENT'S PROPOSED REDACTIONS AND/OR
SUBSTITUTIONS VIOLATE THE RULE OF COMPLETENESS,
RULE 106, FED.R.EVID., AND WOULD DENY MR. CHAMBERS

EXCULPATORY EVIDENCE, DUE PROCESS, AND A FAIR TRIAL . . . . . . . . . . . . . . . . . 10

A.   *The Exculpatory Character of Mr. Brown's Post-Arrest Statement.* . . . . . . . . . . . . . . . . 11

B.   *Mr. Brown's Post-Arrest Statement Is Admissible In Its Entirety As a*
     *Statement Against Penal Interest Pursuant to Rule 804(b)(3), Fed.R.Evid..* . . . . . . . . . . 12

C.   *The Meaning of Mr. Brown's Post-Arrest Statement Would Be So Altered by the*
     *Proposed Redactions and/or Substitutions That it Must Be Admitted In Its Entirety,*
     *Pursuant to the Rule of Completeness, Rule 106, Fed.R.Evid., and Due Process.* . . . . . . 15

D.   *Alternatively, the Court Should Grant Mr. Chambers a Severance*
     *Pursuant to Rule 14, Fed.R.Crim.P. or Exclude Mr. Brown's*
     *Post-Arrest Statement in its Entirety.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

TABLE OF AUTHORITIES

CASES

*Bruton v. United States*, 391 U.S. 123 (1968). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

*Huddleston v. United States*, 485 U.S. 681 (1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Old Chief v. United States*, 519 U.S. 172 (1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Alvarado*, 882 F.2d 645 (2d Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*United States v. Castro*, 813 F.2d 571 (2d Cir.1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*United States v. Colon*, 880 F.2d 650 (2d Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Dolah*, 245 F.3d 98 (2d Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

*United States v. Figueroa,* 618 F.2d 934 (2d Cir. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8, 10

*United States v. Garcia*, 291 F.3d 127 (2d Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*United States v. Gonzalez,* ___ F.Supp.2d ___, 2009 WL 1834317 (S.D.N.Y. 2009). . . . . . . . . 7

*United States v. Gordon*, 987 F.2d 902 (2d Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Jass*, 569 F.3d 47 (2d Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*United States v. Lang*, 589 F.2d 92 (2d Cir. 1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

*United States v. Lumpkin*, 192 F.3d 280 (2d Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Mahaffy,* ____ F.Supp.2d ____, 2007 WL 1094153 (E.D.N.Y. 2007). . . . . . . . 16

*United States v. Ortiz*, 857 F.2d 900 (2d Cir.1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*United States v. Ozsusamlar*, 428 F. Supp.2d 161 (S.D.N.Y. 2006). . . . . . . . . . . . . . . . .   4, 8

*United States v. Paulino*, 445 F.3d 211 (2d Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Ramirez*, 894 F.2d 565 (2d Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

iii

*United States v. Rodriguez*, 706 F.2d 31 (2d Cir.1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Tice,* 133 F.3d 908 (2d Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Tubol*, 191 F.3d 88 (2d Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Van Hise*, ___ F. Supp.2d ___, 2013 WL 3877319 (S.D.N.Y. 2013). . . . . . . . 14

*United States v. Volpe*, 42 F.Supp.2d 204 (E.D.N.Y. 1999). . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*United States v. Yousef*, 327 F.3d 56 (2d Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Zafiro v. United States*, 506 U.S. 534 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## STATUTES

U.S. Const. Amend. V. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 16

U.S. Const. Amend. VI. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 17

Rule 14, Fed.R.Crim.P. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Rule 14(a), Fed.R.Crim.P. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 16

Rule 106, Fed.R.Evid. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 10, 15

Rule 401, Fed.R.Evid. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Rule 402, Fed.R.Evid. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

Rule 403, Fed.R.Evid. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 8, 9, 10

Rule 404(b), Fed.R.Evid. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3, 4, 5, 6, 8, 9, 17

Rule 804(a), Fed.R.Evid. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Rule 804(b)(3), Fed.R.Evid. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 10, 11, 12, 13, 14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                             :

UNITED STATES OF AMERICA,       :

                                             :

                                             :

           *– against –*         :      13 Cr. 345 (LGS)

                                             :

ANTOINE CHAMBERS,          :

                                             :

                 Defendant.      :

                                             :
------------------------------------------------------x

### MEMORANDUM OF LAW IN OPPOSITION TO THE GOVERNMENT'S MOTION FOR *IN LIMINE* RULING ADMITTING OTHER ACT EVIDENCE

This memorandum of law is submitted in opposition to the government's motion for an *in limine* ruling seeking (1)  seeking admission of Mr. Chambers' prior June 14, 2006, conviction for criminal possession of heroin with intent, and prior January 14, 2010, prior conviction for use of a communications facility to facilitate heroin trafficking;  and (b)  introduce of a post-arrest statement made by Mr. Chambers' co-defendant, Tyrone Brown, with redactions and/or substitutions eliminating mention of Mr. Chambers' other co-defendant, Steven Glisson.

The government's motion should be denied because (a)  Mr. Chambers's two prior convictions are inadmissible at trial, pursuant to Rule 404(b), Fed.R.Evid., because the government does not seek to admit them for a proper purpose;  and (b)  Mr. Brown's post-arrest statement should be admitted *without* redaction because it is a statement against Mr. Brown's penal interest, pursuant to Rule 804(b)(3), Fed.R.Evid., and the redactions and/or substitutions proposed by government deprive Mr. Chambers of exculpatory evidence and would violate the rule of completeness codified in Rule 106, Fed.R.Evid.

1

In the alternative, pursuant to Rule 14(a), Fed.R.Crim.P., Mr. Chambers should be granted a severance to permit him to introduce Mr. Brown's post-arrest statement, or, if that relief is denied, Mr. Brown's post-arrest statement should be excluded in its entirety because otherwise it would provide a misleading version of Mr. Brown's statement that would substantially disadvantage Mr. Chambers and deny him Due Process, the Fifth and Sixth Amendment right to present a defense, and a fair trial.

Accordingly, for the reasons set forth below, it is respectfully requested that the Court deny the government's motion *in limine* for admission of Mr. Chambers's two prior convictions, and for admission of Mr. Brown's post-arrest statement in redacted form.  Absent the requested relief with respect to Mr. Brown's post-arrest statement – that it be admitted unredacted – it is respectfully submitted that Mr. Chambers should be granted a severance, or, if that relief is not granted, the statement should be precluded entirely.

In addition, Mr. Chambers joins in the motions *in limine*, and responses to the government's motions *in limine*, submitted by his co-defendants in this case to the extent those submissions benefit him.

## ARGUMENT

### POINT I

### MR. CHAMBERS'S TWO PRIOR CONVICTIONS THE GOVERNMENT SEEKS TO INTRODUCE ARE <u>INADMISSIBLE PURSUANT TO RULE 404(b), FED.R.EVID.</u>

Mr. Chambers's two prior convictions the government seeks to introduce at trial are inadmissible under Rule 404(b), Fed.R.Evid., because  (1)  the only purpose of the proffered evidence is to prove Mr. Chambers' criminal propensity;  (2)  the evidence is not yet relevant to

2

any disputed issue at trial;  (3)  the *de minimis* probative value of the evidence is substantially outweighed by unfair prejudice under Rule 403, Fed.R.Evid.;  and  (4)  a limiting instruction cannot insure that the jury will not evaluate the evidence of Mr. Chambers' prior convictions for an improper purpose, such as to summarily conclude that Mr. Chambers is guilty in this case because in the past he has been involved in drug-related and/or other criminal activity.

A.     *The Applicable Legal Standards*

    1.     *The Legal Standards Relevant to Rule 404(b), Fed.R.Evid.*

As the Second Circuit explained in *United States v. Colon*, 880 F.2d 650 (2d Cir. 1989), "[t]he standards by which a district court is to assess the admissibility of other acts evidence under Rule 404(b) are now well established."  *Id*., at 656.  *See also Huddleston v. United States*, 485 U.S. 681 (1988).

Employing that standard, a trial court must first determine whether the evidence is offered for a proper purpose, namely, "to prove matters other than the defendant's criminal propensity." *United States v. Ortiz*, 857 F.2d 900, 903 (2d Cir.1988).  If the evidence is offered for a proper purpose, the district court must then determine whether "[t]he offered evidence [is] relevant . . . to an issue in the case," pursuant to Rules 401 and 402, Fed.R.Evid., and whether "the probative value of the similar acts evidence is substantially outweighed by its potential for unfair prejudice," under the "balancing test of Fed.R.Evid. 403."  857 F.2d at 903;  *Huddleston,* 485 U.S. at 691.  Ultimately, if the evidence is admitted, and "if requested to do so, the court must give an appropriate limiting instruction to the jury."  *Colon*, 880 F.2d at 656.

    2.     *The Legal Standards Relevant to Rules 401, 402, and 403*, Fed.R.Evid.

Rule 401, Fed.R.Evid., defines "relevant evidence" as "evidence having any tendency to

make the existence of any fact that is of consequence to the determination of the action more

probable or less probable than it would be without the evidence."  Rule 401, Fed.R.Evid.  Rule

402 requires the exclusion of irrelevant evidence.  Rule 402, Fed.R.Evid.

Pursuant to Rule 403, Fed.R.Evid., even *relevant* evidence is excluded  when its

"probative value is substantially outweighed by the danger of unfair prejudice, confusion of the

issues, or misleading the jury," or by "considerations of undue delay, waste of time, or needless

presentation of cumulative evidence."  Rule 403, Fed.R.Evid.

**B.**      ***The Government Seeks to Admit Mr. Chambers's Prior Acts Prematurely
Because He Has Not Yet Asserted a Defense Placing the Issues in Dispute***

Pursuant to Rule 404(b), Fed.R.Evid., evidence is admissible only after the asserted

purpose of the evidence is at issue in the trial.  As Mr. Chambers has not yet asserted a defense,

the government's contention that his prior convictions are admissible to rebut his potential

defense is premature.  For example, "[p]rior-act evidence may be offered to prove the

defendant's knowledge or intent *only after* the defendant has asserted a state of mind defense,

thereby putting knowledge and intent at issue."  *See United States v. Ozsusamlar*, 428 F. Supp.2d

161 (S.D.N.Y. 2006) (additional citations omitted).

Accordingly,

> a defendant may completely forestall the admission of [the] other
> act evidence . . . by express[ing] a decision not to dispute that issue
> with sufficient clarity that the trial court will be justified (a) in
> sustaining objection to any subsequent cross-examination or jury
> argument that seeks to raise the issue and (b) in charging the jury
> that if they find all the other elements established beyond a
> reasonable doubt, they can resolve the issue against the defendant
> because it is not disputed.

*Ortiz*, 857 F.2d at 903–04, *quoting United States v. Figueroa,* 618 F.2d 934, 942 (2d Cir. 1980).

Consequently, because Mr. Chambers has not asserted a defense in which any of the issues identified by the government are disputed, the decision to admit prior acts evidence pursuant to Rule 404(b) is premature.

**C.      *The Government's Proffered Rule 404(b) Evidence Is Offered Only to Prove Mr. Chambers' Criminal Propensity***

However, even assuming *arguendo* the issues identified by the government are disputed, Mr. Chambers' prior convictions are not admissible as "evidence of . . . motive, opportunity, intent, preparation, plan, knowledge, and identity." Gov't Motion, at 14. Despite the Second Circuit's well-established "inclusionary approach," the government is not permitted "to offer, carte blanche, any prior act of the defendant in the same category of crime," but rather "must identify a similarity or connection between the . . . acts" demonstrating the prior act's relevance, in this case (as contended by the government in its motion), to motive, intent, knowledge, or identity. *United States v. Garcia*, 291 F.3d 127, 137 (2d Cir. 2002).[1]

The government proposes that Mr. Chambers' prior convictions will tend to establish his knowledge of the narcotics trade, that he had motive to rob the primary victim, a drug dealer, and that he, "rather than some other individuals, would be likely to commit such a crime," *see* Gov't Motion, at 14 – in effect, *propensity*. In addition, the government theorizes that Mr. Chambers prior convictions would tend to rebut an assertion that Mr. Chambers did not know the primary victim or that Mr. Chambers was present at the scene of the robbery for an innocent reason, or for

---

[1]  While the government does not explicitly limit the grounds for admissibility under the particular prongs of Rule 404(b), elsewhere in its motion papers the government appears to argue that motive, intent, knowledge, and/or identity serve as bases for admission. *See* Gov't Memo of Law, at 14-15. In any event, the government should not be permitted an omnibus, imprecise invocation of Rule 404(b), but should be compelled to specify the particular aspects of the Rule it contends apply to Mr. Chambers's prior convictions.

some reason other than robbery. *Id.*

However, the government has not and "cannot identify a similarity or some connection between the prior and current acts," and therefore, is offering Mr. Chambers' prior convictions merely to establish his criminal propensity, a purpose strictly prohibited pursuant to Rule 404(b). *Garcia*, 291 F.3d at 137. Without demonstrating "a close parallel between the crime charged and the acts shown, " there is no plausible defense that Mr. Chambers could assert at trial which would render his wholly unrelated prior convictions admissible to demonstrate motive, intent, knowledge, or identity. *United States v. Gordon*, 987 F.2d 902, 908 (2d Cir. 1993).

In the numerous cases cited by the government, none involve prior convictions so unconnected to the charged offenses in time, location, participants, and even criminal activity as Mr. Chambers's prior convictions are from the instant alleged robbery offense.

For instance, in *United States v. Tice,* 133 F.3d 908 (2d Cir. 1998) the Second Circuit held that a defendant's previous conviction for growing marijuana plants in the same spot as the subsequent offense charged was a significant indication that the same individual was growing the marijuana plants on both occasions. The charged offense in *Tice* was almost literally the exact same offense as the prior conviction admitted to demonstrate identity. *Id.*, at *1.

Similarly, in *United States v. Ramirez*, 894 F.2d 565, 568 (2d Cir. 1990), the government was permitted to admit evidence of the defendant's prior involvement in a cocaine transaction after the defendant denied knowing that the package involved in the charged offense contained cocaine. Thus, in *Ramirez*, the prior conviction was admissible to rebut the defendant's contention that he was uninformed about the manner in which cocaine was packaged, and the government was entitled to demonstrate his knowledge by establishing his prior involvement

6

with cocaine distribution.  *Id.*

These cases stand in stark contrast to the facts here:  Mr. Chambers' prior convictions for possession of heroin and crack cocaine with intent to distribute and use of a communication facility to facilitate heroin trafficking, arose out of criminal activity in Pennsylvania years before the instant alleged  offense(s), and are unrelated thereto.  Thus, there are no commonalities between the robbery/abduction offenses and Mr. Chambers's prior convictions aside from the victim's involvement in drug-trafficking (of crack cocaine) in this case.

In contrast, Mr. Chambers's convictions were for involvement in primarily heroin transactions in Pennsylvania.  *See, e.g., United States v. Tubol*, 191 F.3d 88, 96 (2d Cir. 1999) (although instant offense involved a bank robbery using a hoax bomb, defendant's admission of having previously been paid to plant a bomb in a residence was inadmissible because Court concluded that two incidents did not share "any characteristics beyond the word 'bomb'").

More similar is the situation in *United States v. Gonzalez*, ___ F.Supp.2d ___, 2009 WL 1834317, at *2 (S.D.N.Y. 2009), in which the Court precluded admission of the defendant's prior crack cocaine convictions in a robbery prosecution, even though the defendant was in possession of 23 bags of crack cocaine at the time of his arrest.

The Court in *Gonzalez* concluded there was not any evidence of any connection or similarity between the prior and instant offense "beyond [the defendant's] possession of varying amounts . . . of crack cocaine."  *Id.*

The same is true here with respect to Mr. Chambers's prior convictions.  Accordingly, without any link between the prior acts and the instant offense, the government's assertion that Mr. Chambers' prior convictions make it more likely that he, "rather than some other individuals,

7

would have been likely to commit" the instant robbery offense, is simply a propensity argument. Gov't Motion, at 14.

As a result, Mr. Chambers's prior convictions are not admissible under Rule 404(b).

**D.**     ***The Proffered Other Act Evidence Should Not Be Admitted Because Mr. Chambers's Two Prior Convictions the Government Seeks to Introduce At Trial Are Stale***

Even assuming *arguendo* the government could set forth a proper purpose for the admission of Mr. Chambers's prior convictions, the convictions would still be inadmissible because other serious evidentiary deficiencies further reduce any relevance or probative value they might possess.

For instance, Mr. Chambers's two convictions the government seeks to introduce at trial are sufficiently distant in time that they are stale.  Thus, the July 14, 2006, and January 14, 2010, convictions additionally should be excluded because of their age.

It is well settled that "[t]he remoteness in time of a prior act, while not dispositive in a Rule 404(b) analysis, should be considered by a district court in making its admissibility determination."  *Ozsusamlar*, 428 F.Supp.2d at 171.

Remoteness is also highly relevant to the Rule 403, Fed.R.Evid.*,* balancing test, discussed **post**, as the probative weight of the evidence *decreases* as the time between it and the charged crime *increases*.  *See Figueroa*, 618 F.2d at 942 (in course of Rule 404(b) analysis, Rule 403 "oblige[s] the trial court to assess the probative value of every prior conviction offered in evidence and the remoteness of a conviction, whatever its age, is always pertinent to this assessment").

Accordingly, since the most recent of the convictions that the government seeks to

introduce occurred four years ago, the evidence cannot be considered relevant to determining Mr.

Chambers' conduct in this case, and should not be admitted at trial.

E.     **The Unfair Prejudice Generated by the Prior Convictions Outweighs Any**
       **De Minimis** *Probative Value Under the Rule 403, Fed.R.Evid., Balancing Test,*
       *and a Limiting Instruction Would Not Sufficiently Mitigate That Undue Prejudice*

Pursuant to Rule 403, Fed.R.Evid., even *relevant* evidence is excluded when its

"probative value is substantially outweighed by the danger of unfair prejudice." *Id.* The

Advisory Committee's notes to Rule 403 define "unfair prejudice" as "an undue tendency to

suggest decision on an improper basis, commonly though not necessarily, an emotional one."

Thus, the Supreme Court has stated that unfair prejudice "speaks to the capacity of some

concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from

proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

In the present case, the government's Rule 404(b) evidence, even if relevant and admitted

for a proper purpose, which as established **ante**, it is not, still must be precluded because its

probative value is vastly overwhelmed by its unfair prejudicial effect on a jury's ability to decide

this case on a proper basis.

The remoteness in time of the convictions, the dissimilarity of the convictions from

instant offense, and the government's failure to assert a relevant and proper purpose for the

introduction of the prior act evidence, leaves the proffered evidence devoid of *any* probative

value. In contrast, the convictions will tend only to establish Mr. Chambers' propensity to

participate in criminal activity. Therefore, a jury would be hard pressed to omit from its

consideration Mr. Chambers' highly prejudicial criminal record, a fact which might alone

impermissibly tip the balance toward conviction.

9

Nor, given the highly prejudicial nature of the evidence the government seeks to admit, would a limiting instruction be sufficient to prevent the jury from convicting Mr. Chambers upon the evidence of his prior drug arrests and convictions.  As the Second Circuit declared in *Figueroa*,

> the balancing required by Rule 403 for all evidence would not be needed if a limiting instruction always insured that the jury would consider the evidence only for the purpose for which it was admitted. Giving the instruction may lessen but does not invariably eliminate the risk of prejudice notwithstanding the instruction. Rule 403 balancing must therefore take into account the likelihood that the limiting instruction will be observed. . . .  The trial judge, sensitive to the realities of the courtroom context [,] . . . must simply include a sound estimate of the likely force of limiting instructions in the overall Rule 403 determination.

618 F.2d at 943 (additional citations omitted).

Here, as in the circumstances discussed in *Figueroa*, an instruction certainly would not eliminate the risk of prejudice, and would not be adequate to foreclose the distinct possibility that the jury would decide the case on an improper basis, or have that improper basis influence the verdict.  Thus, the prior act evidence must thus be excluded under Rule 403.

### POINT II

**MR. BROWN'S POST ARREST STATEMENT SHOULD BE ADMITTED IN ITS ENTIRETY BECAUSE IT IS A STATEMENT AGAINST PENAL INTEREST, PURSUANT TO RULE 804(B)(3), FED.R.EVID., AND BECAUSE THE GOVERNMENT'S PROPOSED REDACTIONS AND/OR SUBSTITUTIONS VIOLATE THE RULE OF COMPLETENESS, RULE 106, FED.R.EVID., AND WOULD DENY MR. CHAMBERS <u>EXCULPATORY EVIDENCE, DUE PROCESS, AND A FAIR TRIAL</u>**

The government seeks to introduce, with redactions and/or substitutions. co-defendant Tyrone Brown's post-arrest statement, which inculpates Mr. Chambers's co-defendant Steven Glisson.  Mr. Brown's statement is admissible, however, on Mr. Chambers's behalf as a statement against penal interest, pursuant to Rule 804(b)(3), Fed.R.Evid., and should therefore be admitted in its entirety.

The government's proposed redactions and/or substitutions would deny Mr. Chambers the use of important exculpatory evidence that contradicts the government's theory of liability, and thereby deny him Due Process, a fair trial, and the ability to present a defense.  Conversely, the redactions and/or substitutions instead would allow the government to present its theory in a misleading and inaccurate fashion without affording Mr. Chambers the ability to avail himself of the contrary, exculpatory evidence Mr. Brown's post-arrest statement represents.

As a result, the Court should deny the government's motion for redactions or substitutions, and admit the unexpurgated statement *en toto*.  Absent that relief, Mr. Chambers should be granted a severance.  Failing that, the statement should be precluded in its entirety.

A.      ***The Exculpatory Character of Mr. Brown's Post-Arrest Statement***

Mr. Brown's post-arrest statement, in unredacted form, directly controverts the government's theory that just prior to the alleged robbery/abduction, Mr. Brown telephoned Mr. Chambers at a phone number not linked directly to Mr. Chambers.  However, Mr. Brown's statement is clear that he telephoned Mr. Glisson, and *not* Mr. Chambers.  Indeed, Mr. Chambers is not mentioned *at all* in Mr. Brown's statement.

Mr. Brown's post-arrest statement also notes that he could not identify the second robber/kidnapper.  Again, that is exculpatory with respect to Mr. Chambers, especially if, as

11

anticipated, the government seeks to establish some prior familiarity between Mr. Brown and Mr. Chambers.  That failure to name or identify Mr. Chambers as the second perpetrator also would misleadingly and inaccurately bolster the tenuous eye witness identification (on the second attempt) by the two alleged victims of the robbery/abduction.

Consequently, Mr. Brown's post-arrest statement is powerful evidence on Mr. Chambers's behalf.  Yet the proposed redactions not only eliminate entirely that exculpatory character, but also enable the government to imply, and invite the jury to infer, that Mr. Brown did indeed telephone Mr. Chambers, and that Mr. Chambers was one of the participants in the alleged  robbery/abduction.

As a result, the redacted version of Mr. Brown's post-arrest statement would present the jury with a distorted, incomplete, inaccurate version of events that would deny Mr. Chambers exculpatory evidence while at the same providing wholly misleading support for the government's theory of liability.

**B.**  ***Mr. Brown's Post-Arrest Statement Is Admissible In Its Entirety As a Statement Against Penal Interest Pursuant to Rule 804(b)(3), Fed.R.Evid.***

Mr. Brown's post-arrest statement should be admitted in its entirety because it constitutes an exception to the hearsay rule as a statement against penal interest, pursuant to Rule 804(b)(3), Fed.R.Evid.  In order to admit hearsay evidence under the exception in Rule 804(b)(3), three elements must be established:  "(1)  the declarant is unavailable;  (2)  the statement was at the time of its making against the declarant's (penal) interest;  and (3)  corroborating circumstances clearly indicate the trustworthiness of the statement."  *United States v. Rodriguez*, 706 F.2d 31, 40 (2d Cir.1983).

Regarding the first prong, Mr. Brown would certainly invoke his right against self-incrimination pursuant to the Fifth Amendment, and therefore, is unavailable to testify about his own post-arrest statement. *See United States v. Dolah*, 245 F.3d 98, 102 (2d Cir. 2001) ("a witness who invokes the privilege against self-incrimination is 'unavailable' within the meaning of Rule 804(b)"); *see also* Fed.R.Evid., Rule 804(a).

Similarly clear is that Mr. Brown's post-arrest statement was made against his penal interest, as it fully implicates him in the planning and execution of the charged robbery offense, and was made to police officers. *See United States v. Lang*, 589 F.2d 92, 97 (2d Cir. 1978) (if "the incriminating statement sufficiently " tends " to subject the declarant to criminal liability "so that a reasonable man in his position would not have made the statement unless he believed it to be true," it is made against penal interest).

In addition, to establish the trustworthiness of Mr. Brown's statement, the proponent of the evidence must point "to evidence that corroborates both the declarant's trustworthiness and the truth of the statement." *United States v. Lumpkin*, 192 F.3d 280, 287 (2d Cir. 1999).  That trustworthiness is manifest, as the *government* will offer the statement as an accurate account by Mr. Brown of the events of that night.

In that context, the extent to which Mr. Brown implicated himself in his post-arrest statement strongly corroborates its trustworthiness and truth, because "Rule 804(b)(3) is founded on the commonsense notion that reasonable people, even [those] who are not especially honest, tend not to make self-inculpatory statements unless they believe them to be true." *United States v. Volpe*, 42 F.Supp.2d 204, 214 (E.D.N.Y. 1999).

Consequently, the Court must "examine each proposition in a statement to determine whether it was so inculpatory of [Brown] as to assure that he thought it was true." *Id.* Since the parts of the statement that exculpate Mr. Chambers, namely that Mr. Brown planned the robbery with Mr. Glisson alone, that Mr. Brown called only Mr. Glisson to let him know when the victim had arrived, and that Mr. Brown did not recognize or know the other individual involved, are so inextricably intertwined with those pieces that implicate him in the planning and execution of the robbery, the exculpatory portions plainly incriminate Mr. Brown just as much as the remainder of the statement. *See e.g. United States v. Van Hise*, ___ F. Supp.2d ___, 2013 WL 3877319, at *11 (S.D.N.Y. 2013).

Moreover, nothing suggests Mr. Brown was not being truthful when he made his post-arrest statement to police. He did not have any motive to lie to police about not recognizing the second participant in the robbery. *See e.g. United States v. Paulino*, 445 F.3d 211, 220 (2d Cir. 2006). Indeed, although Mr. Brown explicitly stated that it was fear of Mr. Glisson that precipitated his participation in the robbery, that fear did not prevent him from implicating Mr. Glisson. Also, Mr. Brown's process of gradually admitting more about his involvement and the nature of the events of the night in question enhances the reliability of his ultimate account, which did not include Mr. Chambers.

Accordingly, Mr. Brown's post-arrest statement should be admitted in its entirety pursuant to Rule 804(b)(3), Fed.R.Evid., as a statement against his penal interest.

**C.**     *The Meaning of Mr. Brown's Post-Arrest Statement Would Be So Altered by the Proposed Redactions and/or Substitutions That it Must Be Admitted In Its Entirety, Pursuant to the Rule of Completeness, Rule 106, Fed.R.Evid., and Due Process*

Admitting Mr. Brown's post-arrest statement with the government's proposed substituted pronouns or redactions would result in a violation of the rule of completeness, pursuant to Rule 106, Fed.R.Evid., and the requirement under *Bruton v. United States*, 391 U.S. 123 (1968), that the statement not be distorted by, "for example, excluding substantially exculpatory information, or changing the tenor of the utterance as a whole." *United States v. Jass*, 569 F.3d 47, 56 n.5 (2d Cir. 2009), *quoting United States v. Yousef*, 327 F.3d 56, 150 (2d Cir. 2003); *see also United States v. Alvarado*, 882 F.2d 645, 651 (2d Cir. 1989) (limitations on redactions are controlled by the Rule of Completeness and by the potential of redactions and substitutions to change a statement's meaning).

Additionally, pursuant to Rule 106, Fed.R.Evid., Mr. Chambers should be permitted to introduce "any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously" with the parts of the statement introduced by the government. *See* Fed.R.Evid., Rule 106.  Rule 106 applies to situations in which the omitted portion of the statement is "necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion." *United States v. Castro*, 813 F.2d 571, 576 (2d Cir.1987).

Here, the government's proposed redaction of Mr. Brown's statement would eliminate the use of Mr. Glisson's name, either completely or by substituting a term, such as "a guy" or "that guy."  Gov't Mtn, at 6.  However, it is the very elimination of Mr. Glisson's name which excludes information exculpatory to Mr. Chambers and changes the tone of the entire statement,

15

converting it from exculpatory (with respect to Mr. Chambers) to supportive of the government's theory of the case.

Without redaction or substitution, Mr. Brown's statement clearly implicates only Mr. Glisson in the planning and execution of the robbery. More importantly, Mr. Brown's statement indicates that he communicated only with Mr. Glisson the night of the robbery, which is directly contrary to the government's assertion that immediately preceding the robbery Mr. Brown called a phone number associated with Mr. Chambers.

Accordingly, pursuant to both the rule of completeness and the requirements of *Bruton*, Mr. Chambers should be permitted to introduce Mr. Brown's statement, without redactions or substitutions, in order to ensure the jury is presented with a fair and complete understanding of the portions of the statement that the government seeks to introduce. *See e.g. United States v. Mahaffy,* ____ F.Supp.2d ____, 2007 WL 1094153, at *2 (E.D.N.Y. 2007).

**D.** *Alternatively, the Court Should Grant Mr. Chambers a Severance Pursuant to Rule 14, Fed.R.Crim.P. or Exclude Mr. Brown's Post-Arrest Statement in its Entirety*

In the alternative, the Court should either grant Mr. Chambers a severance, pursuant to Rule 14(a), Fed.R.Crim.P., or exclude Mr. Brown's statement in its entirety admitting Mr. Brown's statement with redactions or substitutions would result in a trial that is fundamentally unfair to Mr. Chambers. *See e.g. Zafiro v. United States*, 506 U.S. 534, 541 (1993).

Although generally it is the introduction of evidence that would be inadmissible at a joint trial that justifies severance, the prejudice that would result from excluding evidence that is exculpatory with respect to Mr. Chambers, and would be admissible in its entirety as a statement against Mr. Brown's penal interest, constitutes an equivalent denial of Due Process, the Fifth and

16

Sixth Amendment right to present a defense, and a fair trial.

## Conclusion

Accordingly, for all the reasons set forth above, it is respectfully submitted that the Court should not permit the government to introduce the proffered Rule 404(b) evidence or the redacted/substituted version of Mr. Brown's post-arrest statement.

Dated: 21 February 2014
      New York, New York

                               Respectfully submitted,

                               /s/Joshua L. Dratel
                               Joshua L. Dratel
                               JOSHUA L. DRATEL, P.C.
                               29 Broadway, Suite 1412
                               New York, New York 10006
                               (212) 732 - 0707
                               jdratel@joshuadratel.com

                               *Attorneys for Defendant Antoine Chambers*

 – Of Counsel –

Joshua L. Dratel
Whitney G. Schlimbach