LAW OFFICES OF

# JOSHUA L. DRATEL, P.C.

A PROFESSIONAL CORPORATION

29 BROADWAY
Suite 1412
NEW YORK, NEW YORK 10005
---
TELEPHONE (212) 732-0707
FACSIMILE (212) 571-3792
E-MAIL: JDratel@JoshuaDratel.com

JOSHUA L. DRATEL                                                                 STEVEN WRIGHT
—                                                                   *Office Manager*
LINDSAY A. LEWIS
WHITNEY G. SCHLIMBACH

April 8, 2014

**BY ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

                     Re:      *United States v. Antione Chambers,*
                                            S1 13 Cr. 345 (LGS)

Dear Judge Schofield:

       This letter is submitted on behalf of defendant Antione Chambers, whom I represent by CJA appointment in the above entitled case, with regard to the proposal the government made, in its March 7, 2014, Reply Memorandum in support of its Motions *in Limine* (*see* Docket # 72), to resolve the issue of the admissibility of the post-arrest statement by co-defendant Tyrone Brown. Mr. Chambers reiterates his position, set forth in his opposition to the government's *in limine* motion (*see* Docket # 69, at 10-17), that Mr. Brown's statement exculpates Mr. Chambers, and therefore should be admitted in unredacted form.

       The government's proposed summary of Mr. Brown's statement is as follows:

- "Brown admitted that he had bought crack cocaine from the victim of the robbery in the past and stated that, on the night of the robbery, the victim came to his apartment to deliver a quantity of crack cocaine and to collect money from a previous drug transaction.

- Brown admitted that he knew a robbery was going to take place that night, and he agreed ahead of time to invite the victim to his apartment for that purpose.

| | |
|---|---|
| LAW OFFICES OF<br>**JOSHUA L. DRATEL, P.C.** | Hon. Lorna G. Schofield<br>United States District Judge<br>Southern District of New York<br>April 8, 2014<br>Page 2 of 2 |

- Brown described the circumstances of the robbery, including that there were two robbers, both armed with firearms, one of which had a potato placed on the end, and that the robbers used duct tape to restrain Brown and the victim."

March 7, 2014, Reply in Support of Government's Motions *In Limine*, (hereinafter "Government Reply"), at 4.

While the government, in its reply, concedes that "aspects of Mr. Brown's statements are arguably exculpatory as to Chambers," *see* Government Reply, at 5, the government's proposed compromise addresses only the objections raised by co-defendant Stephen Glisson, and serves to exacerbate the prejudice to Mr. Chambers arising from presenting an incomplete – and therefore misleading – version of Mr. Brown's post-arrest statement.

The exculpatory nature of Mr. Brown's statement lies both in his failure to mention or identify Mr. Chambers during his description of the planning and carrying out of the robbery and in his identification of Mr. Glisson as the person with whom he communicated by telephone immediately prior to the robbery, and as a participant in the robbery. Summarizing the statement in a manner that eliminates its exculpatory character with respect to Mr. Chambers deprives Mr. Chambers him of important and irreplaceable exculpatory evidence (as Mr. Chambers cannot call Mr. Brown as a witness at a joint trial). That, in turn, would deny him Due Process, a fair trial, and the ability to present a defense.

Accordingly, it is respectfully submitted that Mr. Brown's statement should be admitted in its entirety, and the government should not be permitted to present either a redacted and/or substituted version, or a summary version through the testimony of a law enforcement witness.

Respectfully submitted,

Joshua L. Dratel

JLD/wgs

cc:   Negar Tekeei
      Assistant United States Attorney
      All Defense Counsel