UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
                                                        :
UNITED STATES OF AMERICA,                               :
                                                        :
                                                        :
          – against –                                   :         13 Cr. 345 (LGS)
                                                        :         (Filed Electronically)
ANTOINE CHAMBERS,                                       :
                                                        :
                    Defendant.                          :
                                                        :
--------------------------------------------------------x


PRE-TRIAL MOTION CHALLENGING SUFFICIENCY OF THE SUPERSEDING
INDICTMENT, PURSUANT TO RULE 12(b), FED.R.CRIM.P.


                                        Joshua L. Dratel
                                        JOSHUA L. DRATEL, P.C.
                                        29 Broadway, Suite 1412
                                        New York, New York 10006
                                        (212) 732 - 0707
                                        jdratel@joshuadratel.com

                                        *Attorneys for Defendant Antoine Chambers*


– *Of Counsel* –

Joshua L. Dratel
Whitney G. Schlimbach

## TABLE OF CONTENTS

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT

POINT I

COUNT THREE SHOULD BE DISMISSED BECAUSE IT
FAILS TO ALLEGE SUFFICIENTLY AN ESSENTIAL
ELEMENT OF 18 U.S.C. §1201, NAMELY THE DEFENDANTS'
"USE OF ANY MEANS, FACILITY, OR INSTRUMENTALITY
OF INTERSTATE . . . COMMERCE IN COMMITTING OR
IN FURTHERANCE" OF THE CHARGED KIDNAPPING. . . . . . . . . . . . . . . . . . . . . . . . . . . 2

POINT II

COUNT THREE SHOULD BE DISMISSED BECAUSE
§1201, AS AMENDED BY THE ADAM WALSH CHILD
PROTECTION AND SAFETY ACT OF 2006, CONSTITUTES AN UNCONSTITUTIONAL
EXERCISE OF CONGRESSIONAL
POWER UNDER THE COMMERCE CLAUSE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

1.   *The Constitutionality of the Federal Kidnapping Act Is Analyzed Pursuant
     to the Requirements of the "Third Category" of Commerce Clause Power,
     Which Permits Congressional Regulation of Non-Economic Intrastate Activity
     Only When It Has a Close and Substantial Relationship to Interstate Commerce.* . . . . . . . 6

2.   *The Federal Kidnapping Act Exceeds Congress's Commerce Clause Authority, and
     Is Therefore Unconstitutional, Because It Does Not Regulate Activity with a
     "Close and Substantial Relationship" to Interstate Commerce.* . . . . . . . . . . . . . . . . . . . . . 8

POINT III

COUNT THREE SHOULD BE DISMISSED BECAUSE
§1201 IS UNCONSTITUTIONAL AS APPLIED IN THIS
CAUSE, IN WHICH THE USE OF AN "INSTRUMENTALITY"

IS ENTIRELY INTRASTATE, AND PURELY INCIDENTAL
TO THE UNDERLYING ALLEGED CRIMINAL CONDUCT,
THEREBY RENDERING IT TOO ATTENUATED TO SUSTAIN
FEDERAL JURISDICTION UNDER THE COMMERCE CLAUSE. . . . . . . . . . . . . . . . . . . . . . 10

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

TABLE OF AUTHORITIES

CASES

*Bond v. United States*, 134 S.Ct. 2077 (2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Russell v. United States*, 369 U.S. 749 (1962). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*United States v. Aleynikov*, 676 F.3d 71 (2d Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Alsugair*, 256 F.Supp.2d 306 (D.N.J. April 3, 2003). . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Altobella*, 442 F.2d 310 (7th Cir. 1971). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Archer*, 486 F.2d 670 (2d Cir. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Augustin*, ____ F.Supp.2d ____, 2010 WL 2639966 (E.D. Tenn. June 28, 2010),
    *aff'd sub nom. United States v. Dais*, 2014 WL 982970 (6th Cir. March 14, 2014). . . . . 10

*United States v. Foley*, 73 F.3d 484 (2d Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Giordano*, 442 F.3d 30 (2d Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Gonzalez*, 686 F.3d 122 (2d Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Graves*, 2014 WL 2589428 (N.D. Ga. June 9, 2014). . . . . . . . . . . . . . . . . . . . . 7

*United States v. Harris*, 358 F.3d 221 (2d Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Hashmi*, ____ F.Supp.2d ____,
    2009 WL 404281 (S.D.N.Y. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Herrera*, 584 F.2d 1137 (2d Cir. 1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Holston*, 343 F.3d 83 (2d Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*United States v. Jacques*, ____ F.Supp.2d ____,
    2011 WL 1706765 (D. Vt. May 4, 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Lopez*, 514 U.S. 549 (1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 8

*United States v. McGriff*, 287 F. App'x 916 (2d Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Moore*, 571 F.2d 76 (2d Cir. 1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Morgan*, 748 F.3d 1024 (10th Cir. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Morrison*, 529 U.S. 598 (2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 8, 9, 11

*United States v. Panarella*, 227 F.3d 678 (3d Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*United States v. Parkes*, 497 F.3d 220 (2d Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*United States v. Perez*, 402 U.S. 146 (1971). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Pirro*, 212 F.3d 86 (2d Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*United States v. Ramos*, ____ F.Supp.2d ____,
    2013 WL 1932110 (S.D.N.Y. May 8, 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Rodia*, 194 F.3d 465 (3d Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Walsh*, 194 F.3d 37 (2d Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## STATUTES

U.S. Const. Amend. X. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

U.S. Const. Amend. XI. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

Article 1, Section 8. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

18 U.S.C. §1201. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 4, 5, 10, 12

18 U.S.C. §1201 (2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

18 U.S.C. §1205. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. §1951(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

18 U.S.C. §1958(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

18 U.S.C. §2251. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

18 U.S.C. §2252. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7


18 U.S.C. §2252A. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

18 U.S.C. §2425.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Rule 12(b), Fed.R.Crim.P.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Rule 12(b)(2), Fed.R.Crim.P... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

## Introduction

This Memorandum of Law is submitted in support of defendant Antione Chambers's pretrial motion seeking dismissal of Count Three of the Superseding Indictment, which charges Mr. Chambers and Steven Glisson, one of his co-defendants, with kidnapping in violation of 18 U.S.C. §1201.  Mr. Glisson joins in this motion.

As detailed below, Count Three suffers from three fatal flaws:

(1) the Superseding Indictment fails to allege an essential element of §1205, namely any facts or allegations establishing that the defendants used "a means, facility, and instrumentality of interstate commerce in committing and in furtherance of the commission of the kidnapping[;]"

(2) §1201, as amended by the Adam Walsh Child Protection and Safety Act of 2006, constitutes an unconstitutional exercise of Congressional Commerce Clause power;  and/or

(3) §1201 is unconstitutional as applied where the use of a facility or instrumentality of interstate commerce is too attenuated from either interstate commerce or the underlying criminal conduct, or both, to support an exercise of federal jurisdiction.

In addition, Mr. Chambers joins in those motions made by his co-defendants that inure to his benefit.  Accordingly, for the reasons detailed below, it is respectfully submitted that Mr. Chambers's pretrial motion to dismiss Count Three be granted in its entirety.

**Statement of the Facts**

The grand jury returned a Superseding Indictment January 23, 2014 (ECF Document #49). That Superseding Indictment added Count Three, which charges that Mr. Chambers and Mr. Glisson, in violation of 18 U.S.C. §1201, "kidnaped an individual for the purpose of carrying out a robbery of narcotics proceeds."

Subsequently, the government provided additional discovery June 4, 2014, consisting of toll records for "the male victim's" cellular telephone. A copy of those telephone toll records is attached as Exhibit 1 to the accompanying June 20, 2014, Declaration of Joshua L. Dratel, Esq. In addition, in an April 7, 2014, e-mail, the government informed defense counsel that

> [a]t trial, the Government expects that the evidence will show, through witness testimony, that Messrs. Glisson and Chambers used cellphones to communicate with each other during the course of the kidnapping. In particular, the Government expects the evidence will show that the defendants communicated with each other, during the course of the kidnapping, using the male victim's cellular telephones.

**ARGUMENT**

**POINT I**

**COUNT THREE SHOULD BE DISMISSED BECAUSE IT FAILS TO ALLEGE SUFFICIENTLY AN ESSENTIAL ELEMENT OF 18 U.S.C. §1201, NAMELY THE DEFENDANTS' "USE OF ANY MEANS, FACILITY, OR INSTRUMENTALITY OF INTERSTATE . . . COMMERCE IN COMMITTING OR IN FURTHERANCE" OF THE CHARGED KIDNAPPING**

Count Three of the Superseding Indictment alleges simply that Messrs. Chambers and Glisson "kidnaped an individual for the purpose of carrying out a robbery of narcotics proceeds." It does not allege any facts establishing the element of interstate commerce that would confer

federal jurisdiction over the alleged kidnapping.  *See* Superseding Indictment, at ¶ 4.

As a result, Count Three should be dismissed for failing to allege sufficiently the essential element of defendants' use of a facility or instrumentality of interstate commerce in committing or in furtherance of the alleged kidnapping.

As the Second Circuit has declared, "[a]n indictment that fails to allege the essential elements of the crime charged offends both the Fifth and Sixth Amendments." *United States v. Pirro*, 212 F.3d 86, 92 (2d Cir. 2000), *citing Russell v. United States*, 369 U.S. 749, 760-61 (1962).  As the Court in *Pirro* explained, "'[t]he Indictment Clause of the Fifth Amendment requires that an indictment contain some amount of factual particularity to ensure that the prosecution will not fill in elements of its case with facts other than those considered by the grand jury.'"  *Id.*, *quoting United States v. Walsh*, 194 F.3d 37, 44 (2d Cir. 1999).  *See also United States v. Gonzalez*, 686 F.3d 122, 128-30 (2d Cir. 2012).

In *Pirro* the Court added that the Sixth Amendment "guaranty of the defendant's right 'to be informed of the nature and cause of the accusation' against him is also offended by an indictment that does not state the essential elements of the crime."  212 F.3d at 93, *quoting Russell*, 369 U.S. at 761, *and citing Walsh*, 194 F.3d at 44.  As a result, "the indictment must state some fact specific enough to describe a particular criminal act, rather than a type of crime."  212 F.3d at 93;  *see also United States v. Hashmi*, not reported in ___ F.Supp.2d ___, 2009 WL 404281, *3 (S.D.N.Y. 2009).[1]

---

[1] In *Pirro*, an interlocutory appeal by the government, the Second Circuit upheld the district court's order striking a portion of one of the counts of the indictment which failed to allege an essential element of a tax fraud charge, *i.e.*, a material false representation.  212 F.3d at 93.

3

Rule 12(b), Fed.R.Crim.P., provides in relevant part that "[a]ny defense, objection, or request that the court can determine without a trial of the general issue" may be raised before trial by motion. Courts have routinely held that "[f]or purposes of Rule 12(b)(2), a charging document fails to state an offense if the specific facts alleged in the charging document fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation." *United States v. Panarella*, 227 F.3d 678, 685 (3d Cir. 2000). *See also United States v. Aleynikov*, 676 F.3d 71, 75-76 (2d Cir. 2012); *United States v. Alsugair*, 256 F.Supp.2d 306 (D.N.J. April 3, 2003).

Thus, if the facts alleged in the charging document do not establish the crime charged, the charge must be dismissed. *Panarella*, 227 F.3d at 685. Here, Count Three fails to satisfy these constitutional and statutory standards, especially in light of the breadth of activity encompassed by §1201's language, which requires the Superseding Indictment to specify the manner by which a "means, facility, or instrumentality of interstate . . . commerce [was used] in committing or in furtherance" of the kidnapping offense.[2]

In that context, the only facts alleged in Count Three – that the kidnapping was carried out for the purpose of stealing "narcotics proceeds" – are insufficient to allege that an instrumentality of interstate commerce was used during the kidnapping. Narcotics proceeds are not, and have never been held to be, "instrumentalities" of interstate commerce.

While narcotics proceeds have been held sufficient to confer jurisdiction over Hobbs Act robberies, that is only because drug trafficking "affects interstate commerce." *United States v.*

---

[2] Of course, "it is a settled rule that a bill of particulars cannot save an invalid indictment." *Russell,* 369 U.S. at 770. *See also Pirro*, 212 F.3d at 95 n. 10 (same).

4

*Parkes*, 497 F.3d 220, 227 (2d Cir. 2007).  The impact of drug trafficking on interstate commerce cannot confer federal jurisdiction on a kidnapping involving narcotics proceeds because the language of §1201, the kidnapping statute, by requiring the use of a means, facility, or instrumentality of interstate commerce, not merely an impact on interstate commerce, is fundamentally and dispositively different from the Hobbs Act's jurisdictional language.  *See* 18 U.S.C. §1201.  *See also* 18 U.S.C. §1951(a) ("[w]hoever . . . *obstructs, delays or affects commerce* or the movement of any article or commodity in commerce, by robbery or extortion") (emphasis added).

Accordingly, Count Three is jurisdictionally defective because it fails to allege sufficiently the essential element of the defendants' use of an instrumentality of interstate commerce.  Consequently, pursuant to Rule 12(b)(2), Fed.R.Crim.P., as well as the Fifth and Sixth Amendments, Count Three fails to state an offense and should be dismissed.  *See United States v. Foley*, 73 F.3d 484, 488 (2d Cir. 1996).  *See also Panarella*, 227 F.3d at 685.

**POINT II**
**COUNT THREE SHOULD BE DISMISSED BECAUSE §1201, AS AMENDED BY THE ADAM WALSH CHILD PROTECTION AND SAFETY ACT OF 2006, CONSTITUTES AN UNCONSTITUTIONAL EXERCISE OF CONGRESSIONAL POWER UNDER THE COMMERCE CLAUSE**

In 2006, the federal Kidnapping Act, 18 U.S.C. §1201, was amended to permit federal prosecution when "any means, facility or instrumentality of interstate or foreign commerce [is used] in committing or in furtherance of the commission of the offense[.]"  That expansion of federal jurisdiction unconstitutionally criminalizes entirely intrastate activity without requiring a showing that the activity has a "substantial relation to interstate commerce."  *See United States v.*

*Morrison*, 529 U.S. 598, 609 (2000); *see also United States v. Lopez*, 514 U.S. 549, 558-59 (1995).

Prior to that amendment – known as the Adam Walsh Child Protection and Safety Act of 2006 (hereinafter "the Adam Walsh Amendment"), the Kidnapping Act authorized federal prosecution of kidnapping cases only in those instances in which victims were transported across state lines. *See* 18 U.S.C. §1201 (2000). In light of the statute's purpose – to function in concert with, and not as a replacement for, state kidnapping statutes and enforcement – the element of interstate transportation was strictly enforced for many years. *See e.g., United States v. Moore*, 571 F.2d 76, 86-87 (2d Cir. 1978) (invalidating statutory amendment creating a presumption of interstate travel when victim was not released within 24 hours).

However, the Adam Walsh Amendment dramatically expanded the jurisdictional reach of the statute to entirely *intra*state kidnappings with only minimal, and even merely incidental, connection to interstate commerce. Consequently, the amendment exceeded Congressional authority granted it under the Constitution's Commerce Clause, found at Article 1, Section 8, Clause 3, and is therefore invalid.

    **1.**    *The Constitutionality of the Federal Kidnapping Act Is Analyzed Pursuant to the Requirements of the "Third Category" of Commerce Clause Power, Which Permits Congressional Regulation of Non-Economic Intrastate Activity Only When It Has a Close and Substantial Relationship to Interstate Commerce*

The federal Kidnapping Act, as a regulation of non-economic violent crime traditionally the province of the states, must arise from the Commerce Clause power to regulate entirely intrastate activity with a substantial connection to interstate commerce. As established in *Lopez*, and confirmed in *Morrison*, the Commerce Clause grants Congress authority to regulate three

categories of activities, which constitute those involving:

> "(1)   the use of the channels of interstate commerce ("*Lopez* Category One");
>
> [(2)]  the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities ("*Lopez* Category Two"); and
>
> [(3)]  having a substantial relation to interstate commerce, *i.e*., those activities that substantially affect interstate commerce ("*Lopez* Category Three")."

*United States v. Ramos*, ____ F.Supp.2d ____, 2013 WL 1932110, at *2 (S.D.N.Y. May 8, 2013), *citing Lopez*, 514 U.S. at 558).

Although some courts have analyzed the kidnapping statute under the second *Lopez* category, those cases have addressed factual situations in which the use of the Internet, cell phones, and even GPS tracking devices, was far more direct and substantive than the minimal or incidental use permitted under the language of the statute. *See e.g. United States v. Morgan*, 748 F.3d 1024 (10th Cir. 2014) (kidnappers used cell phones, emails, and GPS tracking devices to track the victim before and during the kidnapping); *United States v. Jacques*, ____ F.Supp.2d ____, 2011 WL 1706765, at *1 (D. Vt. May 4, 2011) (involved an extremely elaborate email and text messaging scheme which lasted for years, the sole purpose of which was to lure the kidnapping victim). *See also United States v. Graves*, 2014 WL 2589428 (N.D. Ga. June 9, 2014) (kidnappers forced victim to use his cell phone to demand and arrange for the transfer of ransom money multiple times before and during the kidnapping).

In addition, the federal statutes regulating the possession and distribution of child pornography, at 18 U.S.C. §§2251, 2252 & 2252A, which contain jurisdictional language very

7

similar to the Kidnapping Act, are analyzed pursuant to *Lopez* Category Three of Commerce Clause regulatory power.  *See United States v. Holston*, 343 F.3d 83, 84 (2d Cir. 2003).  *See also United States v. Harris*, 358 F.3d 221 (2d Cir. 2004).  In their analysis of the child pornorgraphy statutes, the Second Circuit refused to conflate "the mere existence of jurisdictional language purporting to tie criminal conduct to interstate commerce," with the statute's purposeful regulation of non-economic, intrastate crime.  *Holston*, 343 F.3d at 89.

Accordingly, despite the jurisdictional language contained within the statute, the constitutionality of the Adam Walsh Amendment must be determined under *Lopez* Category Three of Commerce Clause regulatory power.

> **2.    *The Federal Kidnapping Act Exceeds Congress's Commerce Clause Authority, and Is Therefore Unconstitutional, Because It Does Not Regulate Activity with a "Close and Substantial Relationship" to Interstate Commerce***

Federal regulation of entirely *intra*state kidnapping offenses is unconstitutional when the kidnapping does not have the "close and substantial relation" to interstate commerce necessary to justify federal interference with the province of state police power and law enforcement.  *Lopez*, 514 U.S. at 572; *see also Bond v. United States*, 134 S.Ct. 2077, 2086 (2014) (reaffirming fundamental principle of federalism limiting federal power to regulate intrastate conduct).

In determining whether a statute regulates conduct sufficiently related to interstate commerce, the Court must determine (1)  if, "by its terms [the statute] has [anything] to do with 'commerce' or any sort of economic enterprise," followed by (2)  whether there are any "specific findings regarding the effects of the prohibited activity on intrastate commerce."  *Holston*, 343 F.3d at 87, *quoting Lopez*, 514 U.S. at 561).  *See also Morrison*, 529 U.S. at 628-36 (discussing voluminous legislative record detailing impact of violence against women on interstate

commerce).

Next, the Court must consider (3) the extent of attenuation "between the prohibited conduct and a substantial effect on interstate commerce[,]" and finally, (4) whether there is an "express jurisdictional element involving interstate activity that might limit its reach." *Holston*, 343 F.3d at 87, *citing Morrison*, 529 U.S. at 610-12.

Regarding these four factors, it is apparent that (1) the Kidnapping Act regulates non-commercial activity; (2) there are not any legislative findings related to the extent to which local kidnappings impact interstate commerce when an instrumentality of interstate commerce is involved in some way, and (3) there is significant attenuation between the "prohibited conduct and a substantial effect on interstate commerce." *Cf. United States v. Perez*, 402 U.S. 146, 155-57 (1971) (local loan sharking, as the second largest source of revenue for national organized crime, had a substantial effect on interstate commerce).

Regarding the fourth factor, again the child pornography statutes provide a useful analog. In that context, the strength of the connection between the "interstate component underpinning the jurisdictional element" affects the importance of this factor in the larger analysis. *See Holston*, 343 F.3d at 89. When, as here, the jurisdictional language does not in fact limit application of the statute to criminal conduct significantly tied to interstate commerce, that fourth factor's impact on the analysis is nil. *See id.*, *citing United States v. Rodia*, 194 F.3d 465, 473 (3d Cir. 1999) ("[a]s a practical matter, the limiting jurisdictional factor is almost useless here, since all but the most self-sufficient child pornographers will rely on film, cameras, or chemicals that traveled in interstate commerce").

Thus, the empty jurisdictional language incorporated in the Adam Walsh Amendment (and §1201 as a result) is unavailing, and none of the four factors support the conclusion that local kidnappings have any, let alone a substantial, effect on interstate commerce sufficient to empower Congress to enact the Adam Walsh Amendment consistent with limits of the Constitution's Commerce Clause.   Accordingly, §1201, as amended, constitutes an unconstitutional exercise by Congress.

**POINT III**
**COUNT THREE SHOULD BE DISMISSED BECAUSE §1201 IS UNCONSTITUTIONAL AS APPLIED IN THIS CAUSE, IN WHICH THE USE OF AN "INSTRUMENTALITY" IS ENTIRELY INTRASTATE, AND PURELY INCIDENTAL TO THE UNDERLYING ALLEGED CRIMINAL CONDUCT, THEREBY RENDERING IT TOO ATTENUATED TO SUSTAIN FEDERAL JURISDICTION UNDER THE COMMERCE CLAUSE**

Even if constitutional in the abstract, §1201 is unconstitutional as applied to Messrs. Chambers and Glisson in this case because the alleged use of the "instrumentality" at issue was entirely *intra*state, and purely incidental to the underlying criminal conduct alleged.  As a result, that use – the purported basis of federal jurisdiction in this case – is simply too attenuated to satisfy the Commerce Clause's requirements for federal jurisdiction, as such a remote connection with interstate commerce cannot vindicate federal jurisdiction over the underlying intrastate criminal conduct.  *See e.g. United States v. Archer*, 486 F.2d 670, 680 (2d Cir. 1981) (to justify federal jurisdiction, facility in interstate commerce must be used "in a sufficiently meaningful way," and its use cannot merely be "a casual and incidental occurrence"); *see also United States v. Augustin*, ____ F.Supp.2d ____, 2010 WL 2639966, at *4 (E.D. Tenn. June 28, 2010), *aff'd sub nom. United States v. Dais*, 2014 WL 982970 (6th Cir. March 14, 2014) (jurisdictional

language of Kidnapping Act requires more than "mere 'incidental' use" of an instrumentality).

Like other federal criminal statutes regulating instrumentalities of interstate commerce, the Kidnapping Act cannot reach intrastate conduct unless the proscribed use exerts an impact on the safety or utility of instrumentalities in interstate commerce, thereby providing a sufficient nexus between intrastate criminal conduct and interstate commerce.  *See Morrison*, 529 U.S. at 609 (statute not a permissible regulation of instrumentalities of interstate commerce because it did not regulate "violence directed at the instrumentalities of interstate commerce, interstate markets, or things or persons in interstate commerce").

Illustrative in this context are the federal murder for hire statute, 18 U.S.C. §1958(a), and the federal regulation of transmission of information about a minor, 18 U.S.C. §2425, both of which limit jurisdiction by requiring that an instrumentality or facility of interstate commerce be used in a specifically "proscribed manner" – that which harms the facility of interstate commerce. *See United States v. Giordano*, 442 F.3d 30, 39-40 (2d Cir. 2006).  *See also United States v. McGriff*, 287 F. App'x 916, 918 (2d Cir. 2008).

These statutes explicitly encompass only that conduct involving the misappropriation of an instrumentality or facility of interstate commerce for a specific purpose, and therefore have been upheld as constitutional exercises of Commerce Clause power.

Conversely, "purely incidental" use of instrumentalities of interstate commerce is insufficient to permit the federal Kidnapping Act to apply to otherwise wholly intrastate conduct. *See United States v. Altobella*, 442 F.2d 310, 315 (7th Cir. 1971).  Thus, federal prosecution is unwarranted when, as here, "there is nothing about the [intrastate crime] . . . which suggests any reason why state police powers need to be supplemented by the federal government." *Id.*; *see*

*also United States v. Herrera*, 584 F.2d 1137, 1146 (2d Cir. 1978) (addressing the holdings of *Altobella* and *Archer*, and concluding that the facts demonstrated "a knowing and intentional use of interstate commerce by members of the conspiracy, which cannot be said to have been incidental or peripheral to this activity").

Here, the Superseding Indictment fails to articulate any nexus between the intrastate conduct and/or the purely incidental use of the alleged "instrumentality" – not even identified in the Superseding Indictment – in this wholly intrastate alleged criminal episode.  Indeed, there is not any reason why New York State authorities – in the form of the New York City Police Department, whose officers were intimately involved in the investigation and arrests in this case – needed to be "supplemented" by the exercise federal jurisdiction, or could not have pursued prosecution of the events in question.

Accordingly, §1201 is unconstitutional as applied here, in which the use of an instrumentality is solely intrastate or incidental, because such limited use fails to provide a sufficient nexus between an entirely intrastate kidnapping and the impact on interstate commerce necessary to confer federal jurisdiction.

**Conclusion**

Accordingly, for all the reasons set forth above, it is respectfully submitted that Mr. Chambers's motion should be granted in its entirety, and Count Three dismissed.

Dated:  20 June 2014
        New York, New York

                                                  Respectfully submitted,

                                                    /S/ Joshua L. Dratel
                                                Joshua L. Dratel
                                                Joshua L. Dratel, P.C.
                                                29 Broadway, Suite 1412
                                                New York, New York 10006
                                                (212) 732-0707
                                                jdratel@joshuadratel.com

                                                *Attorneys for Defendant Antione Chambers*

  *– Of Counsel –*
Joshua L. Dratel
Whitney G. Schlimbach