```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
UNITED STATES OF AMERICA                                      :
                               Plaintiff,                     :
                                                              :     13 Cr. 345 (LGS)
                -against-                                     :
                                                              :     OPINION AND ORDER
TYRONE BROWN, ET AL.,                                         :
                               Defendants.                    :
                                                              :
------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/10/14

LORNA G. SCHOFIELD, District Judge:

Defendant Antione Chambers moves to dismiss Count Three of the Second Superseding Indictment (the "Indictment"), which charges him with kidnapping in violation of 18 U.S.C. § 1201, the "Federal Kidnapping Statute." For the following reasons, the motion is denied.

I.  BACKGROUND

On January 23, 2014, a federal grand jury returned the Indictment against Chambers and his co-defendants. The Indictment added a kidnapping charge against Chambers and his co-defendant Glisson, who were already charged with: (i) conspiring to commit a robbery in or about March 2013, in violation of the Hobbs Act, 18 U.S.C. § 1951; (ii) committing a robbery on or about March 25, 2013, and aiding and abetting the same, in violation of the Hobbs Act; and (iii) using and carrying firearms in furtherance of the robbery and kidnapping conspiracies.

The kidnapping charge appears in Count Three, and charges that:

On or about March 25, 2013, in the Southern District of New York and elsewhere, STEVEN GLISSON, a/k/a "Dee," and ANTIONE CHAMBERS, a/k/a "Twizzie," the defendants, and others known and unknown, willfully and knowingly did seize, confine, kidnap, abduct, and carry away and hold for ransom and reward and otherwise, a person, and use a means, facility, and instrumentality of interstate commerce in committing and in furtherance of the commission of the kidnapping, to wit, GLISSON and CHAMBERS kidnapped an individual for the purpose of carrying out a robbery of narcotics proceeds.

Chambers moves to dismiss Count Three for failing to allege an essential element.

In the alternative, Chambers challenges the constitutionality of the Federal Kidnapping Statute on its face and as applied.

## II. DISCUSSION

### A. Validity of the Kidnapping Charge

Chambers challenges the sufficiency of Count Three for failing to allege adequately the use of an instrumentality of interstate commerce in committing or in furtherance of committing the alleged kidnapping. Chambers' challenge on sufficiency grounds is rejected because Count Three satisfies well established pleading requirements.

"It is well settled that 'an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Alphonso*, 143 F.3d 772, 776 (2d Cir. 1998) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). "[A]n indictment must 'charge[ ] a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events.'" *Alphonso*, 143 F.3d at 776 (quoting *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992)). "Nevertheless, 'an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime.'" *Id.* (quoting *Stavroulakis*, 952 F.3d at 693).

Count Three contains the elements of the offense charged and adequately informs Chambers of the charge against which he must defend. It specifies the date of the charged offense, charges Chambers and his co-defendant with kidnapping as the term is used in the Federal Kidnapping Statute and then tracks the statutory language requiring the use of an

2

instrumentality of interstate or foreign commerce in committing or in furtherance of the crime. Specifically, the statutory language criminalizes a kidnapping where the offender "travels in interstate or foreign commerce or *uses* the mail or any *means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of* the commission of the offense." 18 U.S.C. § 1201(a)(1) (emphasis added). Similarly, Count Three states that Chambers "use[d] a means, facility, and instrumentality of interstate commerce in committing and in furtherance of the commission of the kidnapping."

Language specifying the nature of the "means, facility, or instrumentality of interstate or foreign commerce" used by Chambers and his co-defendant is not a necessary element of a valid charge. The Second Circuit's reasoning is instructive in an analogous case, *United States v. Alfonso*, where the court considered the sufficiency of an indictment charging a violation of the Hobbs Act. 143 F.3d at 776. The Hobbs Act criminalizes robbery or extortion that "obstructs, delays, or affects" interstate commerce. 18 U.S.C. § 1951. The indictment in *Alfonso* "alleg[ed] in conclusory terms that defendants conspired to commit robbery and thereby affected interstate commerce" without specifying "what it was that defendants allegedly conspired to steal or precisely how the conspiracy would have affected interstate commerce." *Alfonso*, 143 F.3d at 776. In considering the defendants' challenge to the validity of the indictment, the Second Circuit expressly declined to hold that "an indictment alleging a violation of the Hobbs Act must specify the precise nature of the effect upon interstate commerce that the government intends to prove at trial." *Id.* Instead, it adhered to the long standing pleading requirements set forth above, namely, that an indictment must "accurately stat[e] the offense charged and the approximate time and place of the robbery that defendants allegedly conspired to commit." *Id.* The court concluded that the indictment satisfied that standard because it both specified the time and place

3

of the robbery and accurately described the offense with which the defendants were charged, since it tracked the statutory language of the Hobbs Act. *Id.*; *accord United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995) ("Although the [Hobbs Act] indictment contained no facts alleging how interstate commerce was interfered with, and did not state any theory of interstate impact . . . the indictment was sufficient as written."); *United States v. Williams*, 679 F.2d 504, 509 (5th Cir. 1982) ("An indictment which alleges the interstate commerce element of a federal offense in conclusory terms, without setting forth evidentiary detail, is not insufficient.") (construing the Hobbs Act).

The reasoning of the Second Circuit is equally applicable here. The lack of particularity with respect to the jurisdictional element of the Kidnapping Statute does not prevent Chambers from either mounting a defense or avoiding a second prosecution for the same offense. Chambers has been apprised of the jurisdictional element of the offense, and will have a full opportunity at trial to challenge whether the alleged use of the instrumentality passes constitutional muster. *See United States v. Ramos*, 12 Cr. 556, 2013 WL 1932110, at *4 (S.D.N.Y. May 8, 2013) ("In the instant case, the S2 Indictment alleges that Soto and Ramos used 'a means, facility, and instrumentality of interstate commerce in committing and in furtherance of the commission of the kidnapping'; thus, the Government has adequately alleged the jurisdictional element of the Federal Kidnapping Statute. Any determination as to whether the actual use of the instrumentality was so de minimis as to support a finding that the constitutionally required interstate commerce nexus was in fact lacking must await trial and a full development of the facts.").

### B. Facial Challenge to the Federal Kidnapping Statute

Chambers next challenges the constitutionality of the Federal Kidnapping Statute on its

face, arguing that it represents an unconstitutional expansion of Congress's authority pursuant to the Commerce Clause. This argument too is rejected.

In *United States v. Lopez*, 514 U.S. 549, 558-559 (1995), the Supreme Court identified three categories of activity that may be regulated by Congress under the Commerce Clause:

> First, Congress may regulate the use of the channels of interstate commerce. Second, Congress is empowered to regulate and protect the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities. Finally, Congress' commerce authority includes the power to regulate those activities having a substantial relation to interstate commerce, *i.e.,* those activities that substantially affect interstate commerce. (citations omitted).

The Second Circuit has not addressed the constitutionality of the Federal Kidnapping Statute or the *Lopez* category pursuant to which the statute must be analyzed. The 10th Circuit, the only circuit court to address the constitutionality of the Federal Kidnapping Statute (in the as applied context), conducted its analysis pursuant to the second *Lopez* category—empowering Congress "to regulate and protect the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities." *United States v. Morgan*, 748 F.3d 1024, 1032 n.9 (10th Cir. 2014) (rejecting as applied challenge and declining to reach facial challenge). In addition, every district court that has addressed a facial challenge to the Federal Kidnapping Statute has found that it is a valid exercise of Congress's power pursuant to the second *Lopez* category. *See Ramos*, 2013 WL 1932110, at *2; *United States v. Taylor*, No. 12 Cr. 0056, 2012 WL 3522528, at *2 (S.D. Ala. Aug. 14, 2012); *United States v. Jacques*, No. 2:08 Cr. 117, 2011 WL 1706765, at *11 (D. Vt. May 4, 2011); *United States v. Augustin*, No. L09 Cr. 187, 2010 WL 2639966, at *4 (E.D. Tenn. June 28, 2010).

The approach taken in the above-cited cases is persuasive. First, analysis of the Federal Kidnapping Statute under the second *Lopez* category is logical, because the statute explicitly

purports to regulate "the mail or any means, facility or instrumentality of interstate . . . commerce," 18 U.S.C. § 1201(a)(1), the precise activity identified in category two.  *Cf. United States v. Giordano*, 442 F.3d 30, 41 (2d Cir. 2006) (finding that the statute at issue, which "explicitly proscribes 'us[e of] the mail or any facility or means of interstate . . . commerce' to specified ends, is clearly founded on the second type of Commerce Clause power categorized in *Lopez*, that is, the power to regulate and protect the instrumentalities of interstate commerce.").

Second, when analyzed under *Lopez* category two, it is clear that the Federal Kidnapping Statute is a valid exercise of Congress's authority, since "[t]he power of Congress over the instrumentalities of interstate commerce is plenary."  *Cleveland v. United States*, 329 U.S. 14, 19 (1946).  This plenary power extends to regulation of the channels and instrumentalities of commerce "to prohibit their use for harmful purposes, even if the targeted harm itself occurs outside the flow of commerce and is purely local in nature."  *Morgan*, 748 F.3d at 1032 n.7 (quoting *United States v. Ballinger*, 395 F.3d 1218, 1226 (11th Cir. 2005)).  Here, the Federal Kidnapping Statute prohibits the use of the channels and instrumentalities of interstate commerce for the harmful act of kidnapping, and accordingly is within Congress's purview.

In asserting that the Federal Kidnapping Statute is facially unconstitutional, Chambers urges an analysis under the third *Lopez* category, enabling Congress to regulate activities "having a substantial relation to interstate commerce."  *Lopez*, 514 U.S. at 558-59.  Because the Federal Kidnapping Statute is properly analyzed under the second *Lopez* category, further analysis is unnecessary.  *See Taylor*, 2012 WL 3522528, at *5 ("Because Section 1201(a)(1) represents a constitutional employment of Commerce Clause power under the second *Lopez* category, it is irrelevant whether it would also survive scrutiny under the third category.").

### C. Unconstitutional As Applied

Finally, Chambers argues that the Federal Kidnapping Statute is unconstitutional as applied because in his case "the use of an instrumentality is solely intrastate or incidental" and "such limited use fails to provide a sufficient nexus between an entirely intrastate kidnapping and the impact on interstate commerce necessary to confer federal jurisdiction." Because this argument challenges the sufficiency of the evidence establishing jurisdiction, it is rejected.

It is well established that "[t]here is no such thing as a motion for summary judgment in a criminal case." *Russell v. United States*, 369 U.S. 749, 791 (1962). Accordingly, "[u]nless the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial to satisfy the jurisdictional element of the offense, the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment." *Alfonso*, 143 F.3d at 776-77. Here, the Government denies having made a full proffer of the evidence, and Chambers does not contend otherwise. Accordingly, Chambers' motion is premature at this stage.

### III. CONCLUSION

For the above reasons, the motion is DENIED. The Clerk of Court is directed to close the motion at Docket No. 104.

Dated: September 10, 2014
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**