**JOSHUA L. DRATEL, P.C.**
A PROFESSIONAL CORPORATION

29 BROADWAY
Suite 1412
NEW YORK, NEW YORK 10006
---
TELEPHONE (212) 732-0707
FACSIMILE (212) 571-3792
E-MAIL: JDratel@JoshuaDratel.com

JOSHUA L. DRATEL                                                                                             STEVEN WRIGHT
—                                                                                                            *Office Manager*
LINDSAY A. LEWIS
WHITNEY G. SCHLIMBACH

September 11, 2014

**BY ECF**
The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re: *United States v. Antione Chambers,*
S1 13 Cr. 345 (LGS)

Dear Judge Schofield:

      This letter is submitted on behalf of defendant Antione Chambers, whom I represent in the above-entitled case, in support of his application to admit the statement by Tyrone Brown in its entirety. In particular, this letter addresses two issues: (1) that Mr. Brown's statement is admissible pursuant to Rule 804(b)(3), Fed.R.Evid., as a statement against penal interest; and (2) that Mr. Brown's statement is not hearsay because its import is in what is *absent* from his statement – namely, any mention of Mr. Chambers as a participant in the charged offenses.

      Also, because at the September 8, 2014, pretrial conference the Court indicated it had already conducted some preliminary research and analysis, and because Mr. Chambers's prior February 21, 2014, Memorandum of Law In Opposition to the Government's Motion for *in Limine* Ruling Admitting Other Act Evidence sought the statement's admission under Rule 804(b)(3), this letter will not to any significant extent cover much of the fundamental jurisprudence, but will instead focus on the particular issues raised by the Court at the September 8, 2014, court appearance.

| | |
|---|---|
| LAW OFFICES OF<br>**JOSHUA L. DRATEL, P.C.** | The Honorable Lorna G. Schofield<br>United States District Judge<br>Southern District of New York<br>September 11, 2014<br>Page 2 of 6 |

**I. MR. BROWN'S POST ARREST STATEMENT SHOULD BE ADMITTED IN ITS ENTIRETY BECAUSE IT CONSTITUTES A STATEMENT AGAINST PENAL INTEREST PURSUANT TO RULE 804(B)(3), FED.R.EVID.**

As detailed in Mr. Chambers's February 21, 2014, Memorandum of Law In Opposition to the Government's Motion for *in Limine* Ruling Admitting Other Act Evidence, at 10-15, Tyrone Brown's statement is admissible because it constitutes a statement against penal interest pursuant to Rule 804(b)(3), and because Mr. Brown is unavailable under Rule 804(a).

As the Second Circuit has explained, admissibility pursuant to Rule 804(b)(3) requires satisfaction of three elements: "(1) the declarant is unavailable; (2) the statement was at the time of its making against the declarant's (penal) interest; and (3) corroborating circumstances clearly indicate the trustworthiness of the statement." *United States v. Rodriguez*, 706 F.2d 31, 40 (2d Cir.1983).

As a threshold matter, because Mr. Brown's attorney, Eric M. Creizman, Esq., has informed me that if subpoenaed as a witness at trial, Mr. Brown would invoke his Fifth Amendment right against self-incrimination pursuant to the Fifth Amendment, Mr. Brown is unavailable to testify to the substance of the statement at Mr. Chambers's trial. *See United States v. Dolah*, 245 F.3d 98, 102 (2d Cir. 2001); *see also* Fed.R.Evid., Rule 804(a).

Also, Mr. Brown's post-arrest statement, which the government previously argued to admit in its entirety as an accurate account of the events of the night in question, fully implicates Mr. Brown in the planning and execution of the charged robbery offense, and thus, amply satisfies the second and third prong of Rule 804(b)(3). *See United States v. Lang*, 589 F.2d 92, 97 (2d Cir. 1978).

    **A.** *Mr. Brown's Fifth Amendment Privilege Against Self-Incrimination Remains Intact and Unwaived After and Despite His Guilty Plea*

Although Mr. Brown has pleaded guilty and is awaiting sentencing, he is unavailable within the meaning of Rule 804(b)(3), Fed.R.Evid., because, according to his attorney, he would invoke his Fifth Amendment right against self-incrimination if subpoenaed to testify at Mr. Chambers's trial. That assertion of his right against self-incrimination, even at this point in the proceedings against Mr. Brown, would render him unavailable for purposes of Rule 804(b)(3). *See Dolah*, 245 F.3d at 102 ("a witness who invokes the privilege against self-incrimination is 'unavailable' within the meaning of Rule 804(b)"); *see also* Fed.R.Evid., Rule 804(a).

LAW OFFICES OF

**JOSHUA L. DRATEL, P.C.**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
September 11, 2014
Page 3 of 6

It is well-established that an individual's Fifth Amendment privilege is not waived as a result of pleading guilty.  *See Mitchell v. United States*, 526 U.S. 314, 316 (1999) (guilty "plea is not a waiver of the privilege at sentencing").  In *Mitchell*, the Supreme Court answered the question whether "a guilty plea waives the privilege in the sentencing phase of the case, either as a result of the colloquy preceding the plea or by operation of law when the plea is entered" in the negative.  *Id*., at 314;  *see also United States v. Adderley*, ____ F. Supp.2d ____, 2001 WL 766988, at *2 (July 9, 2001) ("[t]he Supreme Court has made clear that the assertion of the Fifth Amendment privilege survives a guilty plea").

Indeed, in rejecting the idea that a guilty plea colloquy extinguishes a defendant's Fifth Amendment rights, the Court *Mitchell* pointed to the very same situation that exists here, characterizing the government's brief to the Supreme Court as an "implicit concession" that "that a defendant who awaits sentencing after having pleaded guilty may assert the privilege against self-incrimination if called as a witness in the trial of a codefendant, in part because of the danger of responding 'to questions that might have an adverse impact on his sentence or on his prosecution for other crimes.'"  *Id*., at 327.  *See also United States v. Londono*, ____ F. Supp.2d ____, 2001 WL 883079, at *1 (August 3, 2001) [after pleading guilty but before being sentenced, two conspirators raised "valid claims of privilege" and were unavailable pursuant to Rule 804(b)(3)].

As the Supreme Court recognized *Mitchell*, the severity of a sentence is dependent on the circumstances of the offense, and to permit a guilty plea to act as a waiver of the right to remain silent in subsequent proceedings would be tantamount to compelling the defendant to cooperate in the deprivation of his own liberty.  526 U.S. at 327.  It is only when "no adverse consequences can be visited upon the convicted person by reason of further testimony" that the Fifth Amendment right to remain silent is no longer implicated.  *Id*.[1]

---

[1] Even sentencing does not necessarily or automatically terminate an individual's Fifth Amendment right to be free from self-incrimination.  *Adderley*, 2001 WL 766988, at *2, *citing United States v. Williams*, 927 f.2d 95, 98-99 (2d Cir. 1991).   As the Second Circuit confirmed in *United States v. Yildiz*, 85 Fed.Appx. 239 (2d Cir. 2004), sentencing is not the endpoint of Fifth Amendment protection if an individual "reasonably believes that his testimony could 'furnish a link in the chain of evidence needed to prosecute' him for a crime."  *Id*., at 241, *citing Estate of Fisher v. Commissioner*, 905 F.2d 645, 648 (2d Cir.1990).  As the Circuit pointed out in *Yildiz*, the "actual likelihood of prosecution is irrelevant" to the determination of whether a witness's invocation of his Fifth Amendment privilege is valid.  905 F.2d at 648, *citing Fisher*, 905 F.2d at 649-50.

LAW OFFICES OF
**JOSHUA L. DRATEL, P.C.**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
September 11, 2014
Page 4 of 6

Accordingly, Mr. Brown's anticipated invocation of his Fifth Amendment right against self-incrimination renders him unavailable within the meaning of Rule 804(b)(3), Fed.R.Evid.

### B.   Mr. Brown's Statement Is Admissible In Its Entirety Pursuant to Rule 804(b)(3), Fed.R.Evid. Because It Is a Reliable and Corroborated Statement Against His Penal Interest

As discussed in Mr. Chambers's February 21, 2014, Memorandum of Law In Opposition to the Government's Motion for *in Limine* Ruling Admitting Other Act Evidence, at 10-15, it is apparent that Mr. Brown's statement was made against his penal interest, as it implicated him in the planning and execution of a serious crime and was made to police officers. *See United States v. Lang*, 589 F.2d 92, 97 (2d Cir. 1978) (if "the incriminating statement sufficiently " tends " to subject the declarant to criminal liability "so that a reasonable man in his position would not have made the statement unless he believed it to be true," it is made against penal interest).

The liability to which Mr. Brown consciously exposed himself by making the statement to police officers not only satisfies the against penal interest requirement, but also the reliability condition of Rule 804(b)(3), Fed.R.Evid. *See United States v. Volpe*, 42 F. Supp.2d 204, 214 (E.D.N.Y. 1999) ("Rule 804(b)(3) is founded on the commonsense notion that reasonable people, even [those] who are not especially honest, tend not to make self-inculpatory statements unless they believe them to be true").

Indeed, as the Court pointed out at the September 8, 2014, pretrial conference, the government is foreclosed from arguing that Mr. Brown's statement is unreliable because the government itself sought, in its in initial motion *in limine*, to introduce the statement at trial. *See also* February 21, 2014, Memorandum of Law In Opposition to the Government's Motion for *in Limine* Ruling Admitting Other Act Evidence, at 13.

In addition, the reliability of Mr. Brown's statement is further established by Mr. Glisson's having pleaded guilty to participation in the charged crimes. Thus, the trustworthiness of Mr. Brown's statement has been amply demonstrated. *See e.g. United States v. Lumpkin*, 192 F.3d 280, 287 (2d Cir. 1999). For that reason as well, Mr. Brown's statement is admissible pursuant to the "residual" exception to the hearsay rules, embodied in Rule 807, which concentrates on "circumstantial guarantees of trustworthiness."

Accordingly, Mr. Brown's post-arrest statement should be admitted in its entirety pursuant to Rule 804(b)(3), Fed.R.Evid., as a statement against his penal interest.

| | |
|---|---|
| LAW OFFICES OF<br>**JOSHUA L. DRATEL, P.C.** | The Honorable Lorna G. Schofield<br>United States District Judge<br>Southern District of New York<br>September 11, 2014<br>Page 5 of 6 |

II.  **THE ABSENCE OF ANY MENTION OF MR. CHAMBERS BY NAME IN MR. BROWN'S POST-ARREST STATEMENT, WHICH WOULD BE EXPECTED TO CONTAIN THE NAMES OF ANY PARTICIPATING INDIVIDUALS MR. BROWN RECOGNIZED, IS ADMISSIBLE AS NON-HEARSAY EVIDENCE**

While Mr. Brown's statement fully implicates both himself and Mr. Glisson in the charged crimes, it does not mention Mr. Chambers at any point, stating instead that there was a third participant whose identity he did not know. The absence of any mention of Mr. Chambers from Mr. Brown's post-arrest statement constitutes powerful exculpatory evidence, and is admissible as non-hearsay evidence as demonstrated by the exceptions embodied in Rules 803(7) & (10), of the Fed.R.Evid. (both cited by the Court during the September 8, 2014, pretrial conference).

Rules 803(7) & (10) provide exceptions from the hearsay for evidence establishing that information ordinarily contained in records is absent, thereby demonstrating "its nonexistence." Advisory Committee Note to Rule 803(7), Fed.R.Evid.; *see also United States v. Munoz-Franco*, 487 F.3d 25, 39-40 (1st Cir. 2007). In addition, as the Court in *Munoz-Franco* noted (and, again, cited by the Court during the September 8, 2104, pretrial conference), the Advisory Committee Notes "leave open the possibility that the absence of evidence from a record is not hearsay at all." 487 F.3d at 53 n.11 [*citing* Advisory Committee Note to Rule 803(7), Fed.R.Evid. (the absence of information is "probably not hearsay as defined in Rule 801")].

Here, the information recorded in Mr. Brown's post-arrest statement was a narrative of the events in which Mr. Brown participated on the night of the charged robbery. An expected part of that narrative is the identity of the individuals with whom Mr. Brown collaborated, not only because Mr. Brown was conveying information to police officers, whose ultimate goal was to gather any and all information necessary to capture all of the perpetrators of the crime, but also because Mr. Brown's statement references Mr. Glisson and a third participant.

Therefore, it is a sound assumption that if Mr. Brown had information to convey regarding Mr. Chambers's participation in the crimes charged, his post-arrest statement would have included it. The fact that Mr. Brown does not mention Mr. Chambers in his post-arrest statement does not qualify as hearsay, because the fact that information is *absent*, or that a statement was *not* made, is not within the definition of hearsay, *i.e.*, a "statement." *See* Rule 801(c), Fed.R.Evid.

Also, because Mr. Chambers seeks the statement's admission, the Sixth Amendment's confrontation clause concerns are not implicated (as the exceptions in Rule 803(7) & (10) also demonstrate). In that context, as the Supreme Court declared in *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973) (embodying the principle that "where constitutional rights directly affecting

LAW OFFICES OF
**JOSHUA L. DRATEL, P.C.**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
September 11, 2014
Page 6 of 6

the ascertainment of guilt are implicated, the hearsay rule may not be applied mechanistically to defeat the ends of justice").

     Again, Rule 807 applies in that respect, as Rule 807(c) requires a determination by the Court that "the general purposes of these rules and the interests of justice will be best served by admission of the statement into evidence." Rule 807 also requires advance notice to the adverse party of the intention to introduce the statement, which this letter hereby provides the government.

     Accordingly, the fact that Mr. Chambers is not mentioned in Mr. Brown's post-arrest statement makes the statement admissible as non-hearsay evidence.

## Conclusion

     Accordingly, for all the reasons set forth above, it is respectfully submitted that Mr. Brown's statement be admitted in its entirety.

Respectfully submitted,

Joshua L. Dratel

JLD/wgs

cc:    Negar Tekeei
       Assistant United States Attorney