UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x
                              :
UNITED STATES OF AMERICA
                              :
        - v. -                      S2 13 Cr. 345 (LGS)
                              :
ANTIONE CHAMBERS,
    a/k/a "Twizzie,"          :

            Defendant.        :

- - - - - - - - - - - - - - - X


**GOVERNMENT'S REQUESTS TO CHARGE**


                        PREET BHARARA
                        United States Attorney for the
                        Southern District of New York,
                        Attorney for the United States
                          of America


NEGAR TEKEEI
SANTOSH ARAVIND
Assistant United States Attorneys
        - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x
                                   :
UNITED STATES OF AMERICA
                                   :     S2 13 Cr. 345 (LGS)
        - v. -
                                   :
ANTIONE CHAMBERS,
      a/k/a "Twizzie,"             :

             Defendant.            :

- - - - - - - - - - - - - - - x


**GOVERNMENT'S REQUESTS TO CHARGE**


                          PREET BHARARA
                          United States Attorney for the
                          Southern District of New York,
                          Attorney for the United States
                            of America


NEGAR TEKEEI
SANTOSH ARAVIND
Assistant United States Attorneys
      - Of Counsel -

1

TABLE OF CONTENTS

PAGE

**[To be added]**
_____

2

## I.   GENERAL INTRODUCTORY CHARGES

### A.   Introductory Remarks

Members of the jury, you have now heard all of the evidence in the case, as well as the final arguments of the parties.  We have reached the point where you are about to undertake your final function as jurors.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in this case.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and to apply them to the facts as you determine them, just as it has been my duty to preside over the trial and to decide what testimony and evidence was proper under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney or witness has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction.

### B.   Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts.  You pass upon the evidence.  You determine the

3

credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence, or lack of evidence.

It is your sworn duty, and you have taken the oath as jurors, to determine the facts and to follow the law as I give it to you.  You must not substitute your own notions or opinions of what the law is or ought to be.

## C.   **Equality of the Parties**

I remind you that in reaching your verdict, you are to perform your duty of finding the facts without bias or prejudice as to any party.  You must remember that all parties stand as equals before a jury in the courts of the United States.  You must also remember that it would be improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.

This case is important to the defendant who is charged with serious crimes.  Equally, it is important to the government, for the enforcement of criminal laws is a matter of prime concern to the public.

The fact that the prosecution is brought in the name of the United States does not entitle the government or its witnesses to any greater consideration than that accorded to any other party.

By the same token, the government is entitled to no less consideration.  The government and the defendant stand as equals at the bar of justice.  Your verdict must be based solely on the evidence or the lack of evidence.

**D.    <u>Presumption of Innocence</u>**

Now, I will instruct you on the presumption of innocence and the government's burden of proof in this case.  The defendant has pleaded not guilty.  In so doing, he has denied every allegation charged against him.  As a result of the defendant's plea of not guilty, the burden is on the prosecution to prove the defendant's guilt beyond a reasonable doubt.  This burden never shifts to the defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

The law presumes the defendant to be innocent of all charges against him.  I therefore instruct you that the defendant is to be presumed by you to be innocent throughout your deliberations.

The defendant began the trial here with a clean slate. This presumption of innocence alone is sufficient to acquit the defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of the defendant's guilt, after a careful and impartial consideration of all the evidence in this case.  If the prosecution fails to sustain its burden as to the defendant, then

you must find the defendant not guilty.  This presumption was with the defendant when the trial began, remains with him even now as I speak to you, and will continue with him during your deliberations unless and until you are convinced that the prosecution has proven him guilty beyond a reasonable doubt.

Deleted: them

**E.**   **Proof Beyond a Reasonable Doubt**

Now, the next question naturally is, what is reasonable doubt?  The words almost define themselves.  It is a doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs. A reasonable doubt is not caprice or whim; it is not speculation or suspicion.  It is not an excuse to avoid the performance of an unpleasant duty.  And it is not sympathy.

6

In a criminal case, the burden is at all times upon the prosecution to prove guilt beyond a reasonable doubt.  The law does not require that the prosecution prove guilt beyond all possible doubt; rather, proof beyond a reasonable doubt is sufficient to convict.  The burden never shifts to the defendant, which means that it is always the prosecution's burden to prove each of the elements of the crimes charged against the defendant beyond a reasonable doubt.

If, after fair and impartial consideration of all the evidence, or the lack of evidence, you have a reasonable doubt as to the Count you are considering as to the defendant, then you must acquit the defendant on that Count.  On the other hand, if after fair and impartial consideration of all the evidence you are satisfied of the guilt of the defendant beyond a reasonable doubt, it is your duty to convict the defendant.

**F.    The Nature of the Evidence**

In determining the facts, you must rely upon your own recollection of the evidence.  What is evidence?  Evidence consists of the testimony of witnesses, the exhibits that have been received, and the stipulations of the parties.

The statements and arguments made by the lawyers are not evidence.  Their arguments are intended to convince you what conclusions you should draw from the evidence or lack of evidence.

Now, those arguments are important.  You should weigh and evaluate
them carefully.  But you must not confuse them with the evidence.
As to what the evidence was at this trial, it is your recollection
that governs, not the statements of the lawyers.

With regard to this, you should also bear in mind that a
question put to a witness is never evidence.  It is the answer to
the question that is evidence.  If a witness affirms the facts in
a question by answering "yes," you may consider the facts in that
questions to be evidence.  Another exception to this is that you may
not consider any answer that I directed you to disregard or that I
ordered to be stricken from the record.  You are not to consider such
answers.

**Deleted:** One

G.   **Direct and Circumstantial Evidence**

There are two types of evidence that you may properly use
in deciding whether the defendant is guilty or not guilty of the
crimes with which he is charged.

One type of evidence is called direct evidence.  Direct
evidence of a fact in issue is presented when a witness testifies
to that fact based on what he or she personally saw, heard, or
observed.  In other words, when a witness testifies about a fact in
issue on the basis of that witness's own knowledge -- by virtue of
what he or she sees, feels, touches, or hears -- that is direct
evidence of that fact.

8

The second type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts.  There is a simple example of circumstantial evidence that is often used in this courthouse.

Assume that when you came into the courthouse this morning that the sun was shining and it was a nice day outdoors.  Assume that the courtroom shades were drawn and you could not look outside. Assume further that as you were sitting here, someone walked in with an umbrella that was dripping wet and then, a few moments later, somebody else walked in with a raincoat that was also dripping wet.

Now, because you could not look outside the courtroom and you could not see whether it was raining, you would have no direct evidence of that fact.  But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

That is all there is to circumstantial evidence.  You infer on the basis of your reason, experience, and common sense from one established fact the existence or the nonexistence of some other fact.

The matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a logical, factual conclusion that you might reasonably draw from other facts that have been proven.

9

Many material facts, such as state of mind, are rarely easily proven by direct evidence.  Usually such facts are established by circumstantial evidence and the reasonable inferences you draw.  Circumstantial evidence may be given as much weight as direct evidence.  The law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt, based on all of the evidence in the case.

The Defense requests the following instruction regarding circumstantial evidence:

**EVIDENCE INSTRUCTION** (@ p. 75)

Now, what is circumstantial evidence? Circumstantial evidence merely means that one needs to use some kind of reasoning power to draw inferences from one fact to arrive at some conclusion.  Maybe that sounded a little bit complicated, but it's really not complicated and I will give you an example that will show you how simple it is because every one of us uses the process of drawing inferences and the process that's involved in circumstantial evidence every single day of our lives.
I'll give you an example.  Suppose that we're in mid December here in New York and you go to bed one night and before you go to bed you look out the window and the streets are clean, there's nothing on the streets.  The cars don't have anything piled up on top of them.  It hasn't snowed in quite some time and there's no snow visible on the streets.  You go to sleep, you wake up at 7 o'clock in the morning and you go look out the window and you see that it's all white out there, everything is covered with white thick powder, the streets, the carts, the cars are piled up this high.

10

Now, no one has told you I was out there in the streets during the night and I saw it snow.  No one has told you that.  That would be direct evidence if someone told you that.  No one tells you that.  Nonetheless, you look out the window and you know that it snowed during the night because there was no snow on the ground when you went to bed and now there is snow on the ground when you woke up.  It must have snowed.  That's circumstantial evidence.  It's as simple as that.  What I want to illustrate by explaining to you about circumstantial evidence, is that to use that word does not in any way mean or suggest that the evidence is strong or weak.  All it means is that you are required to go through a thought process which can be almost instinctive.  You are required to go through some kind of a thought process to arrive from one fact or set of facts to some other conclusion.  That's all that's involved.  Now, circumstantial evidence can be strong or weak, depending on how strong or powerful that inference is.  The same thing is true -- well, a comparable thing is true of direct evidence.

Direct evidence can be strong or weak, depending whether the person who is telling you what that person observed through the person's senses is that person.  Does that person have a strong sense?  Is that particular sense fully functioning?  If the person is reporting from what he saw, does that person have good eyesight?  If that person reports what he heard, does that person have good hearing?  Does that person have a good memory to be able to recall it?  Is that person trustworthy?  Can that person be trusted to tell you the truth as opposed to a lie or is the person responsible?  Might the person without any intent to lie have somehow colored the issue?  There are lots of things that can make direct testimony either very reliable or very unreliable.

Same thing is true of circumstantial evidence.  Let me give you another example.  Let's say that you go into the subway and when you arrive it's a local stop and it's not a time of day where trains are very crowded.  It's not a rush hour or anything.  You arrive at the platform and you are surprised to find a large crowd of people waiting on the platform.  You didn't expect there to be many and there are lots and lots of people waiting, waiting like you for the train.  And you might draw an inference.  You might say there must not have been a train for quite some time if there are

11

so many people waiting on this platform.   You are using the process of circumstantial evidence.

Now, is that a strong inference or a weak inference.   Well, it's certainly a whole lot weaker than the one about that it snowed during the night because if you think more about it, maybe it's true that it's been a long time since there was a train.   Maybe that's why there are so many people on the platform.

Maybe there are lots of other explanations.   Maybe there was a train just a minute ago that went out of service and they said everybody off the train, take the next train and that's why there are so many people.   Or maybe there was some kind of a meeting at some big assembly hall upstairs in the street that just got out and a whole lot of people, an unusual number of people, all came down two minutes ahead of you.   There are a lot of possible explanations, so there you wouldn't have as strong a basis for drawing an inference.

Now, during the summations that you heard the lawyers on both sides spoke to you about drawing inferences.   They suggested to you that you should draw this inference or you should not draw this inference or you should draw a different inference.   You heard a lot of argument like that by all the lawyers.   And that is about circumstantial evidence.

Circumstantial evidence has to do with drawing inferences and using your reasoning power as to what conclusions to draw from things that you heard and the evidence.   And you may draw any inference which you find flows reasonably from the evidence.

You are not required to draw any inference unless you believe that such an inference flows reasonably from the  evidence.   So in drawing inferences you should draw whatever inference seems most reasonable to you from the evidence that you have heard or no inference at all if you just aren't sure and you don't think that there is an inference reasonably to be drawn one way or the other from the evidence that you have heard.

From Judge Leval's charge in *United States v. Patiquiva*, 91 Cr. 1043 (S.D.N.Y.) (PNL)

H.    **Rulings on Evidence and Objections**

Deleted: ¶

You should draw no inference or conclusion for or against any party by reason of lawyers making objections or my rulings on such objections.  Counsel have not only the right, but the duty, to make legal objections when they think that such objections are appropriate.

Nothing I say is evidence.  If I commented on the evidence at any time, do not accept my statements in place of your recollection or your interpretation.  It is your recollection and interpretation that govern.

Also, do not draw any inference from any of my rulings.  The rulings I made during trial are no indication of any view on my part.  You should not seek to find any such view or opinion on my part, nor should you otherwise speculate as to what I may think.

Further, do not concern yourself with what was said at side bar conferences or during my discussions with counsel.  Those discussions related to rulings of law.

At times I may have admonished a witness or directed a witness to be responsive to questions or to keep his or her voice up.  At times I asked a question myself.  Any questions that I asked, or instructions that I gave, were intended only to clarify the presentation of evidence and to bring out something that I thought might be unclear.  You should draw no inference or conclusion of any

13

kind, favorable or unfavorable, with respect to any witness or any party in the case, by reason of any comment, question, or instruction of mine.  Nor should you infer that I have any views as to the credibility of any witness, the weight of the evidence, or how you should decide any issue that is before you.  That is entirely your role.

Finally, the personalities and the conduct of counsel are not in any way at issue.  If you formed opinions of any kind about any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior, those opinions should not enter into your deliberations.

**I.   Credibility of Witnesses**

I am going to give you a few general instructions as to how you may determine whether witnesses are credible and reliable, whether the witnesses told the truth at this trial, and whether they know what they were talking about.  How do you determine that?  It is really just a matter of using your common sense, your good judgment, and your experience.

First, consider how well the witness was able to observe or hear what he or she testified about.  The witness may be honest, but mistaken.  How did the witness's testimony impress you?  Did the witness appear to be testifying honestly and/or candidly?  Were the witness's answers direct or were they evasive?  Consider the

14

witness's demeanor, manner of testifying, and the strength and accuracy of the witness's recollection.  Consider whether any outside factors might have affected a witness's ability to perceive events.

Consider the substance of the testimony.  How does the witness's testimony compare with other proof in the case?  Is it corroborated or is it contradicted by other evidence?  If there is a conflict, does any version appear reliable, and, if so, which version seems more reliable?

In addition, you may consider whether a witness had any possible bias or relationship with a party or any possible interest in the outcome of the case.  Such a bias or relationship does not necessarily make the witness unworthy of belief.  These are simply factors that you may consider.

If a witness made statements in the past that are inconsistent with his or her testimony during the trial concerning facts that are at issue here, you may consider that fact in deciding how much of the testimony, if any, to believe.  In making this determination, you may consider whether the witness purposely made a false statement, or whether it was an innocent mistake.  You may also consider whether the inconsistency concerns an important fact or merely a small detail, as well as whether the witness had an

15

explanation for the inconsistency, and, if so, whether that explanation appealed to your common sense.

If you find that a witness has testified falsely as to any material fact or if you find that a witness has been previously untruthful when testifying under oath or otherwise, you may reject that witness's testimony in its entirety or you may accept only those parts that you believe to be truthful or that are corroborated by other independent evidence in the case.

J.     **Sympathy: Oath as Juror**

Under your oath as jurors you are not to be swayed by sympathy.  You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is:  Has the prosecution proved the defendant's guilt beyond a reasonable doubt?

It is for you and you alone to decide whether the prosecution has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged, solely on the basis of the evidence, and subject to the law as I have instructed you.  It must be clear to you that once you let fear, prejudice, bias, or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the defendant's guilt, then you must render a verdict of acquittal on that charge against

16

that defendant.  But, on the other hand, if you should find that the prosecution has met its burden of proving the guilt of the defendant beyond a reasonable doubt with respect to a particular count, then you should not hesitate because of sympathy or any other reason to render a verdict of guilty on that charge.

I also caution you that, under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon the defendant if he is convicted to enter into your deliberations.  The duty of imposing sentence in the event of conviction rests exclusively upon the Court and the issue of punishment may not affect your deliberations as to whether the government has proven the defendant's guilt beyond a reasonable doubt.

**K.** **Duty To Deliberate And Reach A Unanimous Verdict**

Your verdict must be unanimous with respect to each count. Each juror is entitled to his or her opinion, but you are required to exchange views with your fellow jurors.  This is the very essence of jury deliberation.  It is your duty to discuss the evidence.  If you have a point of view and after reasoning with other jurors it appears that your own judgment is open to question, then of course you should not hesitate in yielding your original point of view if you are convinced that the opposite point of view is really one that satisfies your judgment and conscience.  You are not to give up a

17

point of view, however, that you conscientiously believe in simply because you are outnumbered or outweighed.  You should vote with the others only if you are convinced on the evidence, the facts, and the law that it is the correct way to decide the case.

Remember at all times, you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

## II.   <u>SUBSTANTIVE INSTRUCTIONS</u>

**A.   <u>The Indictment</u>**

The defendant is formally charged in an Indictment.  As I instructed you at the outset of this case, the Indictment is merely a charge or accusation.  It is not evidence and it does not prove or even indicate guilt.  As a result, you are to give it no weight in deciding the defendant's guilt or non-guilt.  What matters is the evidence you heard at this trial.  Indeed, as I have previously noted, the defendant is presumed innocent, and it is the prosecution's burden to prove the defendant's guilt beyond a reasonable doubt.

**B.   <u>Summary of the Indictment</u>**

The Indictment in this case contains four counts.  Each count charges a separate offense or crime.  Each of these counts must therefore be considered separately by you, and you must return a separate verdict on each count.

Count One of the Indictment charges that in or about March 2013, ANTIONE CHAMBERS, the defendant, conspired or agreed with others to commit a robbery of an individual believed to be in possession of narcotics proceeds in the Bronx, New York.

Count Two of the Indictment charges that on or about March 25, 2013, ANTIONE CHAMBERS, the defendant, committed a robbery of an individual believed to be in possession of narcotics proceeds in

19

the Bronx, New York.

Count Three of the Indictment charges that on or about March 25, 2013, ANTIONE CHAMBERS, the defendant, and others kidnapped an individual for the purpose of carrying out a robbery of narcotics proceeds.

Count Four of the Indictment charges that on or about March 25, 2013, ANTIONE CHAMBERS, the defendant, during and in relation to a conspiracy to commit robbery or the kidnapping, knowingly did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm which was brandished.

As I just indicated, the Indictment contains a total of five counts.  Each count constitutes a separate offense or crime.  You must consider each count of the Indictment separately.

C.    **Count One -- Robbery Conspiracy**

   1.    **Robbery Conspiracy -- General Instructions (18 U.S.C. § 1951)**

   The first count of the Indictment charges that the defendant violated Section 1951 of Title 18 of the United States Code. That section provides as follows:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be [guilty of a crime].

   Specifically, Count One charges, a conspiracy to commit armed robbery.  [You may read the Count to yourselves because I am giving you a copy or I will read this Count to you now.]

   Let me now instruct you about the law of conspiracy.  A conspiracy is a kind of criminal partnership -- an agreement of two or more persons to join together to accomplish some unlawful purpose.

   The crime of conspiracy to commit robbery is an independent offense, separate and distinct from an actual robbery offense. Indeed, you may find the defendant guilty of the crime of conspiracy to commit robbery, even if there was no actual robbery committed. Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful and no robberies were actually committed.

21

**2.** **Robbery Conspiracy -- Elements of the Offense**

To meet its burden of proving the robbery conspiracy charged in Count One of the Indictment, the prosecution must prove the following two elements beyond a reasonable doubt:

First, the prosecution must prove the existence of the robbery conspiracy charged in Count One; and

Second, the prosecution must prove that the defendant knowingly and willfully became a member of the conspiracy.

Now let us separately consider these elements.

**a.** **Robbery Conspiracy -- First Element -- Existence of the Conspiracy**

As to Count One, the first element that the prosecution must prove beyond a reasonable doubt is the existence of a conspiracy that had as its object the illegal purpose charged in the Indictment.

A conspiracy is a combination, agreement, or understanding of two or more persons to accomplish, by concerted action, a criminal or unlawful purpose. The unlawful purpose alleged to have been the object of the conspiracy charged in Count One is the commission a robbery.

The gist, or the essence, of the crime of conspiracy is an unlawful agreement between two or more people to violate the law. The first element of the crime of conspiracy thus has two parts:  (1) an agreement and (2) an illegal object of the conspiracy.  I am now going to describe both parts of this element to you.

22

**Comment [JD1]:** It should be knowingly and willfully throughout.  There is some inconsistency, as some use unlawfully instead of willfully, but they all should be willfully rather than unlawfully, which is missing altogether here but needs to be included.

**(1)   An Agreement**

First, to meet its burden of proof on this element, the prosecution must prove that there was an agreement.  However, the prosecution is not required to show that two or more people sat down around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details of the plans and the means by which the unlawful project was to be carried out, or the part that each of the persons who was a party to the conspiracy was going to play.

Common sense will tell you that when people in fact undertake to enter into a criminal conspiracy, much is left to the unexpressed understanding.  Conspirators do not usually reduce their agreements to writing.  They do not typically broadcast their plans publicly.  By its very nature, a conspiracy is almost always secret in its origin and execution.

It is enough if two or more people, in some way or manner, impliedly or tacitly, come to an understanding to violate the law.  Express language or specific words are not required to indicate assent or agreement to form the conspiracy.  You need only find that two or more people entered into the unlawful agreement alleged in Count One in order to find that a conspiracy existed.

In determining whether there has been an unlawful agreement as alleged in Count One, you may judge the proven acts and

23

**Deleted:**

**Deleted:** Indeed, it would be quite extraordinary if there were ever such a formal document or specific oral agreement.¶

conduct of the alleged co-conspirators that were taken to carry out the apparent criminal purpose.  The old adage, "actions speak louder than words," is applicable here.  Sometimes, the only evidence that is available is that of disconnected acts that, when taken together in connection with one another, show a conspiracy or an agreement to secure a particular result just as satisfactorily and conclusively as more direct proof.

**Deleted:** Often

When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy.  In determining the factual issues before you, you may take into account against the defendant any acts done or statements made by any of the alleged co-conspirators during the course of the conspiracy, even though such acts or statements were not made in the presence of the defendant or were made without his knowledge.

Of course, proof concerning the accomplishment of the object of a conspiracy may be the most persuasive evidence that the conspiracy itself existed, but it is not necessary, as I have said, that the conspiracy actually succeeded for you to conclude that it existed.  In deciding whether the conspiracy charged in Count One existed, you may consider all the evidence of the acts, conduct, and statements of the alleged co-conspirators and the reasonable inferences to be drawn from that evidence.

It is sufficient to establish the existence of the conspiracy if, after considering all of the relevant evidence, you find beyond a reasonable doubt that the minds of at least two alleged conspirators met in an understanding way, and that they agreed, as I have explained, to work together to accomplish the object or objective of the conspiracy charged in Count One.

In short, the prosecution must prove beyond a reasonable doubt that at least two alleged conspirators came to a mutual understanding, either spoken or unspoken, to commit a robbery in the manner charged in Count One.

(2) **Object of the Conspiracy**

The second part of the first element relates to the object, or objective, of the conspiracy. Count One of the Indictment charges that the object of the conspiracy was to commit robbery, and, specifically, a robbery that would and did obstruct, delay and affect commerce and the movement of articles and commodities in commerce.

Later, when I explain Count Two, which is the substantive crime corresponding to the objective of the conspiracy charged in Count One, I will explain the elements of the robbery charge.

b.   **Robbery Conspiracy -- Second Element -- Membership in the Conspiracy**

If you conclude that the prosecution has proven beyond a reasonable doubt that the conspiracy charged in the Indictment existed, and that the conspiracy had as its object the illegal purpose

25

charged in the Indictment, then you must next determine the second question: whether the defendant participated in the conspiracy with knowledge of its unlawful purpose and willfully in furtherance of its unlawful objective.

The prosecution must prove beyond a reasonable doubt that the defendant willfully and knowingly entered into the conspiracy -- that is, with a purpose to violate the law -- and that the defendant agreed to take part in the conspiracy to promote and cooperate in its unlawful objective.

The terms "willfully" and "knowingly" are used because, if you find that the defendant did join the conspiracy, you must also consider whether the prosecution has proven beyond a reasonable doubt that, in doing so, the defendant knew what he was doing.  In other words, the government must prove beyond a reasonable doubt that the defendant joined the conspiracy deliberately and voluntarily.

"Willfully" simply means contrary to law.  The defendant need not have known that he was breaking any particular law, but he must have been aware of the generally unlawful nature of his acts.

An act is done "knowingly" if it is done deliberately and purposely; that is, the defendant's acts must have been the product of the defendant's conscious objective, rather than the product of a mistake or accident, or mere negligence, or some other innocent reason.

26

**Deleted:** unlaw

**Deleted:** unlaw

**Deleted:** t

**Deleted:** y

**Deleted:** ere

**Deleted:** Unlaw

Knowledge, of course, is a matter of inference from the proven facts.  Science has not yet devised a manner of looking into anyone's mind and knowing what he or she is thinking.  There are no x-ray machines to probe the human mind.  You do have before you the evidence of acts alleged to have taken place by or with the defendant or in his presence.  The government contends that these acts show beyond a reasonable doubt the defendant's knowledge of the unlawful purpose of the conspiracy.

The defendant denies that he was a member of a conspiracy. Specifically, the defendant denies that he committed the acts alleged by the prosecution to be sufficient to establish that he knowingly joined the charged conspiracy.  It is for you to determine whether the prosecution has established beyond a reasonable doubt that the defendant possessed such knowledge and intent.

It is not necessary for the prosecution to show that the defendant was fully informed as to all the details of the conspiracy in order for you to infer knowledge on the part of the defendant. To have guilty knowledge, the defendant did not need to know the full extent of the conspiracy, or all of the activities of all the conspiracy's participants.  Similarly, it is not necessary for the defendant to have known every other member of the conspiracy.  In fact, the defendant may know only one other member of the conspiracy and may still be considered a co-conspirator.  Nor is it necessary

27

for the defendant to have received any monetary benefit from his

**Deleted:** their

participation in the conspiracy, or to have a financial stake in the

outcome of the alleged joint venture.  It is enough if the defendant

participated in the conspiracy unlawfully and knowingly, as I have

defined those terms.

The duration and extent of the defendant's participation

has no bearing on the issue of the defendant's guilt.  The defendant

need not have joined the conspiracy at the outset.  If you find that

the defendant joined the conspiracy at any time in its progress, then

the defendant is held responsible for all that was done before he

joined and all that was done during the conspiracy's existence while

he was a member.  Each member of a conspiracy may perform separate

and distinct acts.  Some conspirators play major roles, while others

play minor roles in the scheme.  An equal role is not what the law

requires.  In fact, even a single act may be sufficient to draw the

defendant within the scope of the conspiracy.

However, I want to caution you that a person's mere

association with members of a conspiracy does not make that person

**Deleted:** a

a member of the conspiracy, even when that association is coupled

with knowledge that a conspiracy is taking place.  Mere presence at

the scene of a crime, even coupled with knowledge that a crime is

taking place, is not sufficient to support a conviction.  In other

words, knowledge without agreement and participation is not

sufficient.  What is necessary is proof beyond a reasonable doubt
that the defendant joined in the conspiracy with knowledge of its
unlawful purpose, and with an intent to aid in the accomplishment
of its unlawful objectives.

In sum, the prosecution must prove beyond a reasonable
doubt that the defendant -- with an understanding of the unlawful
character of the conspiracy -- knowingly engaged, advised, or
assisted in the conspiracy for the purpose of committing a robbery.
The defendant thereby became a knowing and willful participant in
the unlawful agreement -- that is to say, he became a conspirator.

Once a conspiracy is formed, it is presumed to continue
until either its objective is accomplished or there is some
affirmative act of termination by the members.  So too, once a person
is found to be a member of a conspiracy, he is presumed to continue
as a member in the conspiracy until a conspiracy is terminated, unless
it is shown by some affirmative proof that the person withdrew and
disassociated himself from it.

3.    **Robbery Conspiracy -- Time of Conspiracy**

The Indictment charges that the alleged conspiracy existed
in or about March 2013.  It is not essential that the prosecution
prove that the conspiracy alleged started and ended on any specific
dates.  Indeed, it is sufficient if you find that the conspiracy was

29

**Deleted:** ing

formed and that it existed for some time within or around the dates set forth in the Indictment.

This is also a good opportunity to instruct you that it does not matter if a specific event or transaction is alleged to have occurred on or about a certain date, and the evidence indicates that in fact it occurred on another date. The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the testimony and other evidence.

D.   **Count Two: Robbery**

    1.   **Robbery -- General Instructions (18 U.S.C. § 1951)**

I now will turn to Count Two of the Indictment, which alleges a robbery. [You may read this Count to yourselves or I will now read this Count to you.]

The allegations contained in Count Two are brought under not only under the law that prohibits robbery, but also under a provision of the Federal Criminal Code that makes it a crime for anyone to aid, abet, counsel, command, induce, or procure the commission of another crime. I will provide instructions on those concepts in a few minutes.

    2.   **Robbery -- Elements of the Offense**

To sustain its burden of proof on Count Two, the Government must prove beyond a reasonable doubt each of the following elements:

30

First, the Government must prove that the defendant knowingly obtained or took the personal property of another, or from the presence of another.

Second, the Government must prove that the defendant took the property against the victim's will, by actual or threatened force, violence, or fear of injury, whether immediate or in the future.

Third, the Government must prove that such actions actually or potentially, in any way or degree, obstructed, delayed or affected interstate or foreign commerce.

**a.   Robbery -- First Element -- Property of Another**

The first element the Government must prove beyond a reasonable doubt is that the defendant knowingly obtained the personal property of another or from the presence of another.   The term property includes tangible and intangible things of value.   In this case the Government alleges that the object of the robbery charged in Count Two was narcotics proceeds.

**b.   Robbery -- Second Element -- Taking by Actual or Threatened Force, Violence or Fear**

The second element the Government must prove beyond a reasonable doubt is that the defendant unlawfully took the personal property against the victim's will, by actual or threatened force, violence, or fear of injury, whether immediate or in the future.

31

It is not necessary that the Government prove that force, violence, and fear were all used or threatened.  The Government satisfies its burden if it proves beyond a reasonable doubt that any of these methods were employed.  However, there must be some nexus between the threat of use of force and the taking of property, and you must be unanimous as to what method was employed – force, violence, or fear.

Deleted: .

In considering whether the defendant used, or threatened to use, force, violence or fear, you should give those words their common and ordinary meaning, and understand them as you normally would.  The violence does not have to be directed at the person whose property was taken.  The use of a threat of force or violence might be aimed at a third person, or at causing economic rather than physical injury.  A threat may be made verbally or by a physical gesture.  Whether a statement or physical gesture by the defendant actually was a threat depends upon the surrounding facts.

Fear exists if at least one victim experiences anxiety, concern, or worry over expected personal harm or business loss, or over financial or job security.  The existence of fear must be determined by the facts existing at the time of the defendant's actions.

Your decision whether the defendant used or threatened fear of injury involves a decision about the victim's state of mind at the time of the defendant's actions.  It is obviously impossible to ascertain or prove directly a person's subjective feeling.  You cannot

look into a person's mind to see what his or her state of mind is or was.  But a careful consideration of the circumstances and evidence should enable you to decide whether fear would reasonably have been the victim's state of mind.

  Looking at the situation and the actions of people involved may help you determine what their state of mind was.  You can consider this kind of evidence -- which is technically called "circumstantial evidence" -- in deciding whether property was obtained by a defendant through the use or threat of fear.  You have also heard the testimony of some witnesses describing their state of mind -- that is, how they felt -- in giving up the property.  This testimony was allowed to help you in deciding whether the property was obtained by fear.  You should consider this testimony for that purpose only, and for no other purpose in that case.  You are not bound by the statements of the witnesses in determining their states of mind, but you may consider all the facts and circumstances, and lack of evidence, in determining the state of mind of each witness at the time the alleged crimes occurred.

  It is not necessary that the fear be a consequence of a direct threat; it is sufficient that the surrounding circumstances render the victim's fear reasonable.  You must find beyond a reasonable doubt that a reasonable person would have been fearful in the circumstances.

33

c.    **Robbery -- Third Element -- Interference**
**with Commerce**

If you decide that the defendant obtained another's
property, against his will, by the use or threat of force, violence,
or fear of injury, you must then decide whether this action would affect
interstate or foreign commerce in any way or degree.  You must
determine whether there is an actual or potential effect on commerce
between any two or more states, or on commerce within one state that
goes through any place outside that state, including another state or
a foreign country.

The requirement of showing an effect on commerce involves
only a minimal burden of proving a connection to interstate or foreign
commerce, and is satisfied by conduct that affects commerce in any way
or degree.  The requirement may be satisfied by a showing of a very
slight effect on interstate or foreign commerce.  Even a potential or
subtle effect on commerce will suffice.  For example, if a successful
robbery of money would prevent the use of those funds to purchase
articles which travel through interstate commerce, that would be a
sufficient effect on interstate commerce.  However, you still must
find that effect beyond a reasonable doubt before you can find that
element.

If you decide that interstate or foreign commerce would
potentially or probably be affected if the defendant had successfully
and fully completed his actions, then the element of affecting

34

interstate commerce is satisfied.  You do not have to find that interstate or foreign commerce was actually affected.

The defendant need not have intended or anticipated an effect on interstate or foreign commerce.  You may find the effect is a natural consequence of his actions.  If you find that the defendant intended to take certain actions -- that is, he did the acts charged in the indictment in order to obtain property -- and you find those actions have either caused, or would probably cause, an effect on interstate or foreign commerce, then you may find the requirements of this element have been satisfied.

Nor do you have to decide whether the effect on interstate or international commerce was or would have been harmful or beneficial to a particular business, or to commerce in general.  The Government satisfies its burden of proving an effect on commerce if it proves beyond a reasonable doubt any effect, whether harmful or not.

If you find beyond a reasonable doubt that the target of the robbery purchased or sold items that flowed in interstate or foreign commerce, and that the money or items the defendant conspired to take belonged to the target, then this element will have been met.

Moreover, if you find beyond a reasonable doubt that the defendant believed that the target of the robbery purchased or sold items that flowed in interstate or foreign commerce, then this element will be satisfied, even if the defendant's belief ultimately proved incorrect.  In other words, even if the target of the robbery was not

35

in fact engaged in interstate or foreign commerce, this element will be satisfied if at the time of the robbery, you find beyond a reasonable doubt that the defendant intended to commit a robbery that would have, or potentially could have, affected interstate or foreign commerce.

When considering this element, it is important for you to know that commerce affected or potentially affected need not be lawful. Activities affecting or potentially affecting unlawful interstate activity, such as drug dealing and trafficking, fall within the purview of the statute.   Therefore, if you find beyond a reasonable doubt that the defendant intended to rob drugs, and you find that those drugs traveled in interstate or foreign commerce, this element has been satisfied.

> d.   **Robbery -- Fourth Element -- "Unlawfully and "Knowingly"**

The fourth element the Government must establish beyond a reasonable doubt with respect to the robbery charges is that the defendant acted unlawfully and knowingly.   I have already explained these concepts to you, and you should follow my previous instructions on this point.

> 3.   **Additional Instructions: Aiding and Abetting**

The defendant is also charged with aiding and abetting with respect to this charge; accordingly, it would be sufficient for this element if the defendant aided and abetted another person in the robbery charged.

36

Aiding and abetting liability is its own theory of criminal liability.  In effect, it is a theory of liability that permits the defendant to be convicted of a specified crime if the defendant, while not himself committing the crime, assisted another person or persons in committing the crime.

Under the federal aiding and abetting statute, whoever "aids, abets, counsels, commands, induces or procures" the commission of an offense is punishable as a principal.  In other words, it is not necessary for the Government to show that the defendant physically committed a crime in order for you to find the defendant guilty.  If you do not find beyond a reasonable doubt that the defendant physically committed a crime, you may, under certain circumstances, still find him guilty of the crime as an aider and abettor.

A person who aids and abets another to commit an offense is just as guilty of that offense as if he personally had committed it. You may find the defendant guilty of the substantive crime, therefore, if you find beyond a reasonable doubt that the Government has proven that another person actually committed the crime, and that the defendant aided and abetted that person in the commission of the offense.

As you can see, the first requirement is that another person has committed the crime charged.  Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person.  But if you do find that a crime was

37

committed, then you must consider whether the defendant aided or abetted the commission of the crime.

To aid and abet another to commit a crime, it is necessary that the defendant willfully and knowingly associate himself in some way with the crime, and that the defendant willfully and knowingly seek by some act to help make the crime succeed.

Participation in a crime is willful if action is taken voluntarily and intentionally or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done -- that is to say, with a bad purpose either to disobey or to disregard the law.

However, I must caution you that the mere presence of the defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by the defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting.  An aider and abettor must have some interest in the criminal venture.

To determine whether the defendant aided and abetted the commission of a crime, ask yourself these questions:

-    Did the defendant participate in the crime charged as something he wished to bring about?

-    Did the defendant associate himself with the criminal venture knowingly and willfully?

38

– Did the defendant seek by his actions to make the criminal venture succeed?

If the answer to all three is "yes" beyond a reasonable doubt, then the defendant is an aider and abettor, and therefore guilty of the offense charged in this Count.  If the answer to any of the three is "no," then the defendant is not an aider and abettor, and is not guilty of that offense.

**E.   Count Three:  Kidnapping**

Counts Three charges the substantive crime of kidnapping. Specifically, Count Three charges the defendant with engaging in kidnapping on or about March 25, 2013.  [You can read Count Three to yourselves or I will now read Count Three to you.]

In order to sustain its burden of proof with respect to the allegation of kidnapping charged in Count Three, the Government must prove beyond a reasonable doubt the following four elements:

First, the Government must prove that the defendant seized, or confined, or kidnapped, or abducted, or carried away the individual described in Count Three;

Second, the Government must prove that the defendant held the individual for ransom, reward, or for any other reason;

Third, the Government must prove that the individual was transported in interstate or foreign commerce, or that the defendant traveled in interstate or foreign commerce, or used any

39

**Deleted:** so

**Deleted:** not

means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the offense; and

Fourth, the Government must prove that the defendant acted unlawfully, knowingly, and willfully.

The defendant is also charged with aiding and abetting in the kidnapping; accordingly, it would be sufficient for this element if the defendant aided and abetted another person in the kidnapping. I have already instructed about the law of aiding and abetting in detail and you should use those instructions here.

Now let us separately consider the four elements.

1. **Kidnapping – First Element: Seize, Confine, or Kidnap**

The first element the Government must prove beyond a reasonable doubt is that the defendant seized, confined, kidnapped, abducted, or carried away the victim.

"Kidnap" means to take and carry away a person by force and against his or her will. "Seize," "confine," "abduct," and "carry away" all mean the physical or bodily taking and carrying away of a person, or the holding or restriction of someone by force or without that person's consent.

2. **Kidnapping – Second Element: Ransom, Reward, or Otherwise**

The second element the Government must prove beyond a reasonable doubt is that the defendant held the individual described in Count Three for ransom, reward, or for some other reason.

40

In order to satisfy this element, the Government need not prove that the reason the defendant took the individual was for reward or pecuniary gain.  It is sufficient to satisfy this element if the Government proves that at the time the defendant kidnapped the individual, he did so for some purpose.

If you find that the defendant did not hold the individual described in Count Three for the reasons charged in the Indictment, or if you have a reasonable doubt as to this element, then it is your duty to acquit on this Count.

3. **Kidnapping – Third Element: Use of a Facility of Interstate Commerce**

The third element the Government must prove beyond a reasonable doubt is that the individual described in Count Three was transported in interstate commerce, or that the defendant traveled in interstate commerce or used the mail or any means, facility, or instrumentality of interstate commerce in committing or in furtherance of the commission of the offense.

The Government may satisfy this element by proving beyond a reasonable doubt that the defendant used the United States mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense.  The term "means, facility, or instrumentality of interstate or foreign commerce" includes the use of a telephone in furtherance of the commission of the offense.

4. **Kidnapping – Fourth Element: "Knowingly," and "Willfully"**

Deleted: "Unlawfully,"

41

The final elements the Government must prove beyond a reasonable doubt that the defendant acted unlawfully, knowingly, and willfully.

I have already defined these terms.  Those same definitions apply with respect to Count Three.

In order to satisfy this element, the Government must show beyond a reasonable doubt that the defendant knew that the individual described in Count Three was not with him voluntarily but rather was forced or coerced.

**5.   Aiding and Abetting**

The defendant is also charged with aiding and abetting with respect to this charge; accordingly, it would be sufficient for this element if the defendant aided and abetted another person in the use, carrying, or possession of a firearm.  You should rely on the instructions I have given you with respect to aiding and abetting liability.

**E.   Count Four: Use of a Firearm in Connection with Robbery and Kidnapping**

**1.   The Indictment and the Statute**

That completes my instructions on Counts One, Two, and Three.  I now want to instruct you on the elements of Counts Four. [Let me read Count Four to you or you can now read Count Four to yourself.]

Counts Four alleges a violation of Section 924(c) of the Federal Criminal Code.  That provision makes it a crime for any person, "during and in relation to any crime of violence. . . for which the person may be prosecuted in a court of the United States [to] use[] or carr[y] a firearm," or, "in furtherance of any such crime, [to] possess[] a firearm."

Count Four is a firearms count connected to the robbery conspiracy charged in Count One and the kidnapping charged in Count Three.  This means that you cannot consider Count Four unless you first determine that the defendant is guilty of either the robbery conspiracy charged in Count One *or* is guilty of the kidnapping conspiracy charged in Count Three.

**2.   Possession Of A Firearm During And In Relation To Crime of Violence: Elements of the Offense**

To sustain its burden of proof with respect to Count Four, charging the defendant with possession of a firearm during and in relation to a crime of violence, the prosecution must prove the following three elements beyond a reasonable doubt:

First, that on or about the dates alleged in Count Four of the Indictment, the defendant used or carried or possessed a firearm, or any combination of those acts, or aided and abetted the use, carrying or possession of a firearm by another; and

Second, that the defendant used or carried the firearm, or aided and abetted the use and carrying of the firearm, during and

43

in relation to the specified crime of violence, or that the defendant possessed a firearm, or aided and abetted the possession of the firearm, in furtherance of that same crime; and

Third, that the defendant acted knowingly.

Now let us separately consider the three elements.

**a.   First Element -- Possession Of A Firearm**

The first element the Government must prove beyond a reasonable doubt on Counts Four is that on or about March 25, 2013, the date set forth in the Indictment, the defendant used, carried, or possessed a firearm.

**(1) "Firearm" Defined**

As used in the statute, the term "firearm" means "any weapon . . . which will or is designed to or may readily be converted to expel a projectile by the action of an explosive."  I instruct you that a gun is a firearm.

In considering the specific element of whether the defendant used, carried, or possessed a "firearm," it does not matter whether the weapon was loaded or operable at the time of the crime. Operability is not relevant to your determination of whether a weapon qualifies as a "firearm."

**(2) "Use" Defined**

In order to prove that the defendant "used" the firearm, the prosecution must prove beyond a reasonable doubt that there was "an active employment" of the firearm by the defendant during and in

44

relation to the commission of a crime of violence.  This does not mean that the defendant must have actually fired or attempted to fire the weapon, although each of those actions would obviously constitute a "use" of the weapon.

Brandishing, displaying, or even referring to the weapon so that others present knew that the defendant had the firearm available, if needed, all constitute "uses" of a firearm.  However, the mere possession of a firearm at or near the site of the crime without active employment, as I just described that term, is not sufficient to constitute "use" of a firearm.

**(3)  "Carry" Defined**

In order to prove that the defendant "carried" a firearm, the prosecution must prove beyond a reasonable doubt that the defendant had a weapon within his control so that it was available in such a way that it furthered the commission of the crime.  The defendant need not have held the firearm physically, or have had actual possession of it on his person.

If you find that the defendant had dominion and control over the place where the firearm was located, and had the power and intention to exercise control over the firearm, and that the firearm was immediately available to them in such a way that it furthered the commission of a crime of violence, you may find that the prosecution has proven that the defendant "carried" a firearm.

**(4)  "Possession" Defined**

45

The legal concept of possession may differ from the everyday usage of the term, so let me explain it in some detail.  Actual possession is what most of us think of as possession; that is, having physical custody or control of an object, as I possess this pen.  However, a person need not have actual, physical possession, that is, physical custody of an object in order to be in legal possession of it.  If an individual has the ability to exercise substantial control over an object that he does not have in his physical custody, and the intent to exercise such control, then he is in possession of that article.  This is called constructive possession.

Control over an object may be demonstrated by the existence of a working relationship between the person having such control and the person with actual physical custody.  The person having control possesses an object because he has an effective working relationship with the people who have actual physical custody of the object, and because he can direct the movement or transfer or disposition of that object.  In this manner, I possess law books in my chambers, even though I'm here in my courtroom, which is on a different floor.  I have control of those books.

More than one person can have control over the same firearm.  The law recognizes that possession may be sole or joint.  If one person alone has actual or constructive possession of a thing, possession is sole.  If more than one person has possession of it, as I have defined

46

possession for you, then possession is joint.  That is what is meant
by "possession."

Possession of a firearm in furtherance of a crime of violence
requires that the defendant possess a firearm and that the possession
advance or move the crime forward.  The mere presence of a firearm is
not enough.  Possession in furtherance requires that the possession
be incident to and an essential part of the crime.  The firearm must
have played some part in furthering the crime in order for this element
to be satisfied.

     (5) **<u>Aiding and Abetting</u>**

The defendant is also charged with aiding and abetting with
respect to this charge; accordingly, it would be sufficient for this
element if the defendant aided and abetted another person in the use,
carrying, or possession of a firearm.  You should rely on the
instructions I have given you with respect to aiding and abetting
liability. However, some additional instructions apply to this charge.

In order to convict the defendant of aiding and abetting
another's use or carrying of a firearm, or possession of a firearm in
furtherance of a crime of violence, the government must establish (1)
that the defendant actively participated in the underlying crime of
violence, here, (a) the robbery conspiracy charged in Count One of the
Indictment or (b) the kidnapping charged in Count Three; and (2) that
the defendant did so with advance knowledge that another participant
in the robbery conspiracy charged in Count One or the kidnapping

charged in Count Three would use or carry a firearm, or possess a firearm in furtherance of the charged crimes of violence.

As to the first part, "active participation" does not require that the defendant participated in each and every element of the underlying crime of violence. Rather, the defendant's participation may be limited to only one or some of the elements of the underlying crimes of violence.

As to the second part, in order for a defendant to have had "advance knowledge" of another participant's use or carrying of a firearm, or possession of a firearm in furtherance of the crime of violence, the defendant needs to have had that knowledge at a point before or even during the commission of the crime when the defendant still had the opportunity walk away from participating in the offense if he chose to do so.  If a defendant who has the opportunity to walk away from participating in an offense chooses to continue to participate in the offense after learning that another participant will use or carry a firearm, or possess a firearm in furtherance of a crime of violence, or is currently using or carrying a firearm, or possessing a firearm in furtherance of a crime of violence, that defendant has the requisite "advance knowledge" to make him an aider and abettor of the other participant's use or carrying of a firearm, or possession of a firearm in furtherance of a crime of violence.  If the government has not proved the requisite "advance knowledge" beyond a reasonable doubt, you must acquit the defendant of the charge.

48

**b.**   **Second Element -- During and In Relation to a Crime of Violence**

The second element that the Government must prove beyond a reasonable doubt is that the defendant used or carried a firearm during and in relation to a crime of violence, or possessed a firearm in furtherance of such crime.   Possession in furtherance, as I indicated, requires that the possession be incident to and an essential part of the crime.   The firearm must have played some part in furthering the crime in order for this element to be satisfied.

This means that, for example, unless you find that the defendant CHAMBERS participated in the crime of violence charged in Count One or Three described in the Indictment, you must find him not guilty of Count Four.

You are instructed that kidnapping and robbery each qualify as crimes of violence.   I have already instructed you on the law relevant to those crimes, and you should follow those instructions here.

**c.**   **Third Element -- Knowledge**

The third element that the Government must prove beyond a reasonable doubt is that the defendant you are considering knew that he was using, carrying, or possessing a firearm, or aiding and abetting the use, carry, or possession of a firearm, and that he was acting knowingly in doing so.

49

As I previously stated before, an act is done "knowingly" if it is done deliberately and purposely.

**F.     Firearms Offenses Under Section 924(c) — Special Verdict Form: Brandishing**

If, and only if, you find either defendant guilty on Count Four, you will have to answer an additional question: whether, with respect to the defendant you are considering, one or more firearms were brandished in the course of the commission of the crime, whether by the defendant or another.  Please note that whether the defendant or another brandished a firearm in the course of the commission of the crime does not affect your determination of whether the Government has met its burden of proof regarding the underlying crime; rather, it is an additional question to be answered only if you have already determined that the Government has proved the defendant guilty of the underlying crime beyond a reasonable doubt.

In order to prove that the defendant or another "brandished" the firearm, the Government must prove that the defendant or another displayed all or part of the firearm, or otherwise made the presence of the firearm known to another person, in order to intimidate that person.  This does not mean that the defendant or another must have actually fired or attempted to fire the weapon, although each of those actions would obviously involve "brandishing" the weapon.

**J.     All Counts -- Venue**

In addition to the elements of each of the charges that I have already described, with respect to each crime charged in the Indictment, you must also consider the issue of venue, namely, whether any act in furtherance of the unlawful activity occurred within the Southern District of New York.

The Government need not prove that the crime was itself committed in the Southern District of New York or that the defendant himself was present here.  It is sufficient if any act in furtherance of the crime occurred within this District.

In this regard, I instruct you that the Southern District of New York includes all of Manhattan, the Bronx, and Westchester.  It also includes all of the waters surrounding Manhattan, Brooklyn, Staten Island, and Long Island, and the air and bridges over those waters.

I should note that on this issue -- and this issue alone -- that the government need not prove venue beyond a reasonable doubt, but only by a preponderance of the evidence.  A "preponderance" means that the evidence shows it is more likely than not that something occurred.  Thus, the Government has satisfied its burden under the venue element if you conclude that it is more likely than not that the crime charged or any act in furtherance of the crime occurred in the Southern District of New York.

51

If, on the other hand, you find that the Government has failed to prove this venue requirement by a preponderance of the evidence, then you must acquit the defendant.

### III.  FINAL GENERAL INSTRUCTIONS

**A.**   **Variance In Dates**

        The Indictment in this case refers to various dates.  As I noted previously, it does not matter if the Indictment provides that specific conduct is alleged to have occurred on or about a certain date and the evidence indicates that in fact it was on another date.  The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence.

**B.**   **Stipulations**

        In this case you have heard evidence in the form of stipulations.  A stipulation is simply an agreement between the parties.  Some of the stipulations that you heard contained facts that were agreed to be true, and others described testimony that a witness, if called, would have given.  You must accept as true the facts contained in these stipulations, including that a witness would have given certain testimony.  However, it is for you to determine the weight, if any, to be given that testimony or fact.

**C.**   **Particular Investigative Techniques Not Required**

        You have heard references to certain investigative techniques that were used or not used by the law enforcement authorities in this case.  There is no legal requirement that the Government prove its case through any particular means.

> **Deleted:** While you are to carefully consider the evidence presented by the Government, you need not speculate as to why certain techniques were used or why others were not used. The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.

**D.    <u>Consciousness of Guilt</u>**

You have heard testimony that the defendant fled after he believed that he was about to be charged with committing the crime for which he is now on trial.

However, if you find that the defendant did attempt to evade arrest by fleeing, you may, but are not required to, infer that the defendant CHAMBERS believed that he was guilty of the crimes for which he is here charged.

Evidence of flight may not be used by you as a substitute for proof of guilt.  Flight does not create a presumption of guilt. Flight alone, or consciousness of guilty alone, are not sufficient to convict, and do not constitute evidence beyond a reasonable doubt. Whether or not evidence of flight shows that the defendant believed that he was guilty of the crime for which he is now charged and the significance, if any, to be given to such evidence, is for you, the jury, to decide.

**E.    <u>Persons Not on Trial</u>**

Some of the persons who may have been involved in the events leading to this trial are not on trial.  This does not matter.  There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together, in the same proceeding.  You may not

54

**Deleted:** , and he was arrested in New Jersey.  The defend

**Deleted:** ant is not on trial for those charges.  You may not consider such evidence as a substitute for proof of his guilt in this case.¶

draw any inference, favorable or unfavorable, towards the Government or the defendant from the fact that certain persons other than the defendant are not named in the Indictment.  Nor may you speculate as to the reasons why other persons are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.  Whether a person should be named as a co-conspirator or indicted as a defendant in this case or another separate case is a matter within the sole discretion of the United States Attorney and the Grand Jury.  Therefore, you may not consider it in any way in reaching your verdict as to the defendant.

**F.    Preparation of Witnesses**

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

Deleted: we

55

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

**G.**   <u>**Uncalled Witnesses -- Equally Available or Unavailable to Each Side**</u>

> **Comment [JD2]:** Defense may object to this instructions depending on what occurs at trial.

There are persons whose names you heard during the course of the trial but did not appear to testify.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.  You should remember my instruction, however, that the law does not impose on any defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence, and that it is the Government's burden to prove beyond a reasonable doubt each count in the Indictment as to the defendant.

**H.**   <u>**Defendant's Right Not To Testify**</u>   **[if applicable]**

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant's guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to

56

the defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that a particular defendant did not testify.  No adverse inference against the defendant may be drawn by you because they did not take the witness stand.  You may not consider this against that defendant in any way in your deliberations in the jury room.

**I.   <u>Law Enforcement Witnesses</u>**

You have heard the testimony of law enforcement witnesses. The fact that a witness may be employed as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration, or greater or lesser weight, than that of an ordinary witness.

In this context, defense counsel are allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is for you to decide, after reviewing all the evidence, <u>or lack of evidence,</u> whether to accept the testimony of the law enforcement witnesses, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion.  Even if you find that a witness testified falsely in one part, you still

may accept his or her testimony in other parts, or may disregard all
of it.  That is a determination entirely for you, the jury.

**J.    <u>Expert Witnesses</u>   [if applicable]**

You have heard testimony from what we call expert witnesses.
Expert witnesses are witnesses who, by education or experience, have
acquired learning in a science or a specialized area of knowledge.
Such witnesses are permitted to give their opinions as to relevant
matters in which they profess to be experts and give their reasons for
their opinions.  Expert testimony is presented to you on the theory
that someone who is experienced in the field can assist you in
understanding the evidence or in reaching an independent decision on
the facts.

Your role in judging credibility applies to experts as well
as to other witnesses.  You should consider the expert opinions that
were received in evidence in this case and give them as much or as little
weight as you think they deserve.  If you should decide that the
opinion of an expert was not based on sufficient education, experience,
or data, or if you should conclude that the trustworthiness or
credibility of an expert is questionable for any reason, or if the
opinion of the expert was outweighed, in your judgment, by other
evidence in the case, then you might disregard the opinion of the expert
entirely or in part.

On the other hand, if you find the opinion of an expert is
based on sufficient data, education, and experience, and the other

58

evidence does not give you reason to doubt his or her conclusions, you would be justified in placing reliance on the expert's testimony, but the extent of such reliance is your choice.

**Deleted:** great

**K.**   **Immunized Witnesses [If applicable]**

**Comment [JD3]:** Defense may object to this instruction, or have revisions, depending on what occurs at trial.

You have heard the testimony of a witness who has testified under a grant of immunity from this court. What this means is that the testimony of the witness may not be used against him in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this court.

You are instructed that the government is entitled to call, as a witness, a person who has been granted immunity by order of this court and that you may convict a defendant on the basis of such a witness' testimony alone, if you find that the testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been granted immunity should be examined by you with greater care than the testimony of an ordinary witness.  You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness' own interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.

Such testimony should be scrutinized by you with great care and you should act upon it with caution. If you believe it to be true,

59

and determine to accept the testimony, you may give it such weight, if any, as you believe it deserves.

**L.   Use of Evidence Obtained Pursuant To Search [if applicable]**

You have heard testimony about evidence seized during searches.  Evidence obtained from the searches was properly admitted in this case, and may be properly considered by you.

Whether you approve or disapprove of how it was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is lawful.

**M.   Charts and Tables**

Some of the exhibits admitted into evidence were charts. These charts were introduced basically as summaries.  They are not direct evidence.  They are summaries of the evidence.  They are a visual representation of information or data as the party that prepared the chart set forth either in the testimony of a witness or in a stipulation or in some documents.  They are admitted as aids to you. They are not in and of themselves any evidence.  They are intended to be of assistance to you in your deliberations.

In presenting the evidence which you have heard, it can be easier and more convenient to use summary charts than to place all of the relevant documents in front of you.  It is up to you to decide whether those charts fairly and correctly present the information in the testimony and the documents.  The charts are not to be considered

60

**Deleted:** entirely

**Deleted:** You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.¶

**Deleted:** really

**Deleted:** is often

by you as direct proof of anything.   They are merely graphic demonstrations of what the underlying testimony and documents are.

To the extent that the charts conform with what you determine the underlying evidence to be, you may accept them.   But one way or the other, realize that the charts are not in and of themselves direct evidence, and the weight you give them, if any, is your choice.   They are merely visual aids.   They are nothing more.

**N.   <u>Redaction of Evidentiary Items</u>**

We have, among the exhibits received in evidence, some documents or audio recordings that are redacted.   "Redacted" means that part of the document or audio recording was taken out.   You are to concern yourself only with the part of the item that has been admitted into evidence.   You should not consider any possible reason why the other part of it has been deleted.

**O.   <u>Character Witnesses [If requested by the defense]</u>**

During the trial, you heard testimony bearing on the character of the defendant.   Character testimony should be considered together with all the other evidence in the case in determining the guilt or innocence of the defendant.   Evidence of good character may in itself create a reasonable doubt where, without such evidence, no reasonable doubt would have existed.   But if, on considering all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that the defendant is guilty, a showing that he previously enjoyed a reputation of good character does not justify or

61

excuse the offense and you should not acquit the defendant merely because you believe he is, or was, a person of good repute.

The testimony of a character witness is not to be taken by you as the witness's opinion as to the guilt or innocence of a defendant.  The guilt or innocence of a defendant is for you alone to determine and that should be based on all the evidence you have heard in the case.

**Q.   Use Of Recordings And Transcripts [If Applicable]**

Certain recordings have been admitted into evidence. Whether you approve or disapprove of the recording of those conversations may not enter your deliberations.  These recordings were made in a lawful manner and the Government's use of this evidence is lawful.

You must, therefore, regardless of any personal opinions, consider this evidence along with all the other evidence in the case in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.  However, the weight you give it is your choice.

The transcripts of the recordings were provided to you to assist you in listening to the recordings.  However, you must remember that it is the tape recorded conversations, and not the transcripts, that are the evidence in this case.

**IV.  DELIBERATIONS OF THE JURY**

**A.   Notes**

*Deleted: entirely*

*Deleted: give this evidence full*

*Deleted: ation*

Some of you have taken notes periodically throughout this trial. I want to emphasize to you, as you are about to begin your deliberations, that notes are simply an aid to memory. Notes that any of you may have taken should not be given any greater weight or influence in determination of the case than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence. Any difference between a juror's recollections and another juror's notes should be settled by asking to have the court reporter read back the transcript, for it is the court record rather than any juror's notes upon which the jury must base its determination of the facts and its verdict.

B.   **Right to See Exhibits and Hear Testimony; Communications with Court**

A list of the witnesses who testified at trial and of the exhibits introduced into evidence will be sent to you in the jury room, along with a copy of the Indictment and a copy of my instructions on the law. If you want to see any of the exhibits or to read or hear any of the testimony during your deliberations, that can be arranged. Please appreciate that it is not always easy to locate any testimony that you might want, so be as specific as you possibly can. Any communication with the Court should be made in writing, signed by your foreperson with the date and time indicated, and given to the Court Security Officer. I will respond to any questions or requests you have

as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person.   In any event, do not tell me or anyone else how the jury stands on the issue of the defendant's guilt until after a unanimous verdict is reached.

**C.    Improper Considerations: Race, Religion, National Origin, Sex, or Age**

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.   In reaching your decision as to whether the Government sustained its burden of proof, it would be improper for you to consider any personal feelings -- positive or negative -- you may have about the defendant's race, religion, national origin, sex, or age.   The defendant is entitled to a trial free from prejudice, and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

**D.    Duties of the Foreperson**

A foreperson will now be selected.   The foreperson will send out any notes, and when the jury has reached a verdict, he or she will notify the Court Security Officer outside your door that the jury has reached a verdict, and when you come into open court, the foreperson will be asked to state what the verdict is.   Again, notes should be signed and should include the date and time they were sent.   They should also be as clear and precise as possible.   Any notes from the jury will become part of the record in this case.   So please be as clear and specific as you can be in any notes you send.

**E.**   **<u>Verdict Form and Return of Verdict</u>**

We have prepared a verdict form for you to use in recording your decisions.  After you have reached a verdict, the foreperson should fill in the verdict sheet, sign it noting the date and time, and then give a note to the Court Security Officer outside your door stating simply that you have reached a verdict.  Do not specify what the verdict is in your note, and do not give the verdict sheet to the Court Security Officer.  Instead, the foreperson should retain the verdict sheet, and hand it to us in open court when you are all called in.

I will stress again that each of you must be in agreement with the verdict that is announced in court.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

**F.**   **<u>Exceptions</u>**

Members of the jury, that concludes my instructions to you. I will ask you to remain seated while I confer with the attorneys to see if there are any additional instructions that they would like me to give to you, or if there is anything I may not have covered.

**V.   <u>CONCLUSION</u>**

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant with respect to the counts charged in the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.


Dated:    New York, New York
          September __, 2014

                        Respectfully submitted,

                        PREET BHARARA
                        United States Attorney


                   By:  /s/ Santosh Aravind
                        Negar Tekeei
                        Santosh Aravind
                        Assistant United States Attorneys
                        (212) 637-2482 / 1045

66