**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 24, 2014

**BY ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 201
New York, New York 10007

      Re:    *United States* **v.** *Antione Chambers*,
              **S2 13 Cr. 345 (LGS)**

Dear Judge Schofield:

      The Government respectfully writes to provide supplemental briefing to preclude the admission of co-defendant Tyrone Brown's post-arrest statements to law enforcement authorities.  At the final pretrial conference on Monday, the Court directed that a hearing be scheduled pursuant to Federal Rule of Evidence 104 on (1) whether the FBI 302 report documenting Brown's post-arrest statements (the "302 Report") is itself admissible; and (2) if it is, whether Special Agent John Reynolds should be permitted to testify about Brown's post-arrest statements.

      Under the governing case law and the Federal Rules of Evidence, the Government submits that Brown's statements regarding the second robber –  referred to in the 302 Report as "unidentified male" – is inadmissible hearsay.  Accordingly, the 302 Report documenting Brown's post-arrest statements is inadmissible triple hearsay and Special Agent Reynolds' testimony about the post-arrest statements is also inadmissible hearsay.  Should the Court find that the 302 Report is admissible, however, then Special Agent Reynolds should be permitted to testify to provide a recitation of Brown's post-arrest statements to provide a complete and accurate recitation of those statements.

Applicable Law

      Hearsay is an out-of-court statement offered "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(2); *see also United States* v. *Reyes*, 18 F.3d 65, 69 (2d Cir. 1994).  Rule 801(a) defines statement as "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion."  Fed. R. Evid. 801(a).  "Each hearsay statement within multiple hearsay statements must have a hearsay exception in order to be admissible."  *United States* v. *Cruz*, 894 F.2d 41, 44 (2d Cir. 1990).

Discussion

A.      The FBI 302 Report Documenting Brown's Post-Arrest Statements Is Inadmissible Triple
        Hearsay When Offered by Chambers

        The FBI 302 Report documenting Brown's post-arrest statements is triple hearsay when
offered by Chambers.  The first layer of hearsay is the 302 Report itself, which is an out-of-court
written statement that is being offered for the truth of the matter asserted in the 302 Report.  As a
general matter, reports containing matter observed by law enforcement personnel are
inadmissible hearsay and excluded from the scope of Rule 803(8) of the Federal Rules of
Evidence.  *See, e.g., United States* v. *Giovanelli*, 747 F. Supp. 915, 916 (S.D.N.Y. 1989)
(holding that defense counsel could not use NYPD reports because reports were inadmissible
hearsay).  As set forth in further detail below, the 302 Report is not a business record or a public
record that would fall under Rules 803(6), 803(7), 803(8), or 803(10).

        Moreover, the Second Circuit has held that investigative reports containing statements
from a witness contain multiple hearsay and are inadmissible.  *See, e.g., United States* v. *Cruz*,
894 F.2d at 44 (agent's report of what another agent was told by informant is "inadmissible
because Geisel's recording of what Hunt told him Perez said constitutes multiple hearsay" and
citing 4 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 805[01], at 805–5 (1988)).  The 302
Report was prepared by Special Agent Reynolds.  That report represents a summary of Special
Agent Reynolds's recollection of what Tyrone Brown told him during Brown's post-arrest
interview, which was not recorded.  The 302 Report was not a verbatim recitation of Brown's
statements, and Brown did not adopt the statements in the 302 Report or sign the 302 Report.
Accordingly, the 302 Report is Special Agent Reynolds's statement, not Brown's.

        The third and most essential layer of hearsay is that Brown's statement itself is hearsay.
Here, defense counsel intends to use the 302 Report's reference to "unidentified male" to show
either that (a) Brown did not know the other male who participated in the robbery, and therefore
Chambers could not have been involved in the kidnapping and robbery on March 25, 2013, or (b)
that Brown knew Chambers and, because Brown did not identify Chambers, Chambers could not
have been involved in the kidnapping and robbery.  In either scenario, the 302 Report would be
used to prove precisely the matter asserted – that Chambers was not involved in the robbery and
kidnapping. The statements in the 302 Report are classic hearsay – out of court declarations
offered by Chambers to prove the truth of the matter asserted, namely to prove that the
conspiracy did not involve Chambers.  *See Ortega* v. *United States*, 897 F. Supp. 771, 779
(S.D.N.Y. 1995) (post-arrest statement by co-defendant which did not name defendant was
inadmissible hearsay because "the statement was an out of court declaration offered by Ortega to
prove the truth of the matters asserted, namely to prove that the conspirators consisted of the four
co-defendants and not Ortega.")

        At the conference on September 8, 2014, this Court cited *United States* v. *Munoz-Franco*,
487 F.3d 25 (1st Cir. 2007), a case also cited by the defense in support of its view that the post-
arrest statement is not hearsay.  In the letter dated September 11, 2014, the defendant argues that
"[t]he fact that Mr. Brown does not mention Mr. Chambers in his post-arrest statement does not

qualify as hearsay, because the fact that information is *absent*, or that a statement was *not made*, is not within the definition of hearsay, *i.e.,* a "statement." (Def. Sept. 11, 2014 Ltr. at 5). This argument fails for several reasons. First, *Munoz-Franco* is distinguishable. In that case, the First Circuit considered the absence of minutes from board meetings in the context of absences from business records, which under Rule 803(7) (Absence of a Record of a Regularly Conducted Activity) is *enumerated* as a hearsay exception. The FBI 302 is neither a business record nor a public record. *See* Fed R. Evid. 803(8)(A)(ii) (defining public records and excluding "in a criminal case, a matter observed by law-enforcement personnel); *see also United States* v. *Oates*, 560 F.2d 45, 77 (2d Cir. 1977) (discussing legislative history of Federal Rules of Evidence reflecting intent to "render law enforcement reports inadmissible against defendants in criminal cases.") Second, Rule 803(7) requires a showing of trustworthiness in the record or absence of a record. Here, there is clear indication that Brown's statements reflect a lack of trustworthiness. The evidence at trial will show that there is a telephone entry on Brown's cellphone, seized at the time of his arrest, for an individual named "Twizie," who the Government expects that the evidence will show is Antione Chambers, the defendant. Thus, Brown's post-arrest statements failing to identify the second robber as "Twizie" are false. The lack of trustworthiness of Brown's post-arrest statement as to Chambers is also undermined by Brown's safety valve proffer statements, which contradict his post-arrest statements regarding the second robber. Statements made by a defendant about a co-conspirator or co-defendant are held to be inadmissible hearsay for this very reason. *See, e.g., United States* v. *Marquez*, 462 F.2d 893, 895 (2d Cir. 1972) (holding that statement of a co-conspirator was inadmissible under Rule 804 where the statement contained inculpatory remarks about the declarant and exculpatory remarks about the defendant because the declarant "merely sought to exculpate his friends, and the statement therefore lacks the inherent reliability which justifies the declaration against interest exception to the hearsay rule"); *United States* v. *Zapata*, 356 F. Supp. 2d 323, 327 (S.D.N.Y. 2005) (holding that exculpatory statement that co-defendant was not involved in the conspiracy was inadmissible hearsay because there were no corroborating circumstances that indicate the statement's trustworthiness). Third, the "absence" of a connection can be – and has been viewed by the Second Circuit and other courts – as constituting a statement for hearsay purposes. Silence and non-verbal conduct can constitute a statement under Rule 801, and the cases recognize that the "absence" of a connection between the declarant and a co-conspirator is still a statement. *See United States* v. *Zapata*, 356 F. Supp. 2d at 326 (holding that declarant's statement "disclaim[ing] any involvement by Zapata and Rios in the conspiracy" requires a hearsay exception to be admitted into evidence); *see also United States* v. *Fortes*, 619 F.2d 108, 115 (1st Cir. 1980) (holding silence in the context of "an inquiry of two persons as to whether they had 'done a bank robbery,' followed by an affirmative response by one of them describing his participation with the other in the crime, is the type of exchange to which the silence of the unresponsive accomplice, assuming he is present and conscious of the conversation" to be an adoptive admission); *Ortega* v. *United States*, 897 F. Supp. at 779 (co-conspirator's failure to mention defendant in post-arrest statement ruled inadmissible hearsay).

For the foregoing reasons, the 302 Report is inadmissible hearsay.

B.      If the 302 Report is Admissible, then Special Agent Reynolds Should Be Allowed to
        Testify Regarding the Defendant's Post-Arrest Statements

        Should the Court find that the 302 Report is admissible, the Government submits that
Special Agent Reynolds should be allowed to testify regarding Brown's statements.[1]  Again, the
302 Report is Special Agent Reynolds's written statement of what Brown told him.  At the
hearing, Special Agent Reynolds will testify that Brown did not refer to the second robber as
"unidentified male," (as reflected in the 302 Report) but referred to him as "T."  Without Special
Agent Reynolds's testimony, the jury will be led to believe that Brown actually referred to the
second robber (believed to be Chambers) as "the unidentified male."  While the Government
does not concede that the 302 Report is admissible, if the report is deemed admissible by the
Court, the doctrine of completeness also suggests that Special Agents be allowed to testify
regarding Brown's post-arrest statements.

        Rule 106 provides that "[w]hen a writing or recorded statement or part thereof is
introduced by a party, an adverse party may require the introduction at that time of any other part
or any other writing or recorded statement which ought in fairness to be considered
contemporaneously with it." Fed. R. Evid. 106. The Supreme Court has also recognized the
continuing vitality of the broader common law doctrine of completeness, on which Rule 106 is
based.  *See Beech Aircraft Corp.* v. *Rainey*, 488 U.S. 153, 171-172 (1988). "[W]hen one party
has made use of a portion of a document, such that misunderstanding or distortion can be averted
only through presentation of another portion, the material required for completeness is ipso facto
relevant and therefore admissible." *Id.* at 172.  Here, although Special Agent Reynolds will not
be testifying to another "part or any other writing," the Government submits that admitting the
302 Report without any commentary or explanation by Special Agent Reynolds will result in a
"misunderstanding or distortion" on the part of the jury, and therefore his testimony is required.


                                        Respectfully submitted,

                                        PREET BHARARA
                                        United States Attorney
                                        Southern District of New York


                                By:     /S/_____
                                        Negar Tekeei / Santosh Aravind
                                        Assistant United States Attorneys
                                        (212) 637-2482/1045

cc:     Joshua Dratel, Esq.

---

[1]    There does not seem to be a dispute among the parties on this issue, since defense counsel at
the final pretrial conference indicated that he would cross-examine Special Agent Reynolds on
Brown's statements regarding "T" if the 302 Report is admissible.