**JOSHUA L. DRATEL, P.C.**
A PROFESSIONAL CORPORATION

29 BROADWAY
Suite 1412
NEW YORK, NEW YORK 10006
---
TELEPHONE (212) 732-0707
FACSIMILE (212) 571-3792
E-MAIL: JDratel@JoshuaDratel.com

JOSHUA L. DRATEL                                                                              STEVEN WRIGHT
—                                                                                              *Office Manager*
LINDSAY A. LEWIS
WHITNEY G. SCHLIMBACH

September 28, 2014

**BY ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

                      Re:    *United States v. Antione Chambers,*
                                        S1 13 Cr. 345 (LGS)

Dear Judge Schofield:

       This letter is submitted on behalf of defendant Antione Chambers, whom I represent in the above-entitled case, in response to the September 24, 2014, letter from the government requesting exclusion of the post-arrest statement by Tyrone Brown.

       The government now argues that the statement by Tyrone Brown constitutes triple hearsay: the first level being the 302 Report containing the statement, next the recollection of Agent Reynolds regarding what Mr. Brown told him during the interview, and finally, the statements of Tyrone Brown contained within the Report.

       First, contrary to the government's contention, police reports, like the 302 Report at issue here, are, when offered by the defendant, admissible pursuant to multiple hearsay exceptions, including as a public record, a business record, and in some circumstances, as a recorded recollection. *See United States v. Carneglia*, 256 F.R.D. 384, 390-91 (E.D.N.Y. 2009) (*citing United States v. Snyder*, 787 F.2d 1429, 1434 (10 Cir. 1986)); *see also United States v. Oates*, 560 F.2d 45, 83-84 (2d Cir. 1977) (holding that "in criminal cases reports . . . setting forth matters observed by police officers and other law enforcement personnel . . . cannot satisfy the standards of any hearsay exception *if those reports are sought to be introduced against the accused*") (emphasis added).

       Second, the argument by the government that the 302 Report is Special Agent Reynolds's statement, rather than Tyrone Brown's, is undermined completely by the government's previous attempts to admit the statement on the basis that it is an "inculpatory statement made by a

LAW OFFICES OF

**JOSHUA L. DRATEL, P.C.**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
September 28, 2014
Page 2 of 3

defendant" and thus, a non-hearsay statement pursuant to Rule 801(d)(2), as a party admission. Gov't Motion In Limine, Dkt #46, at 4; *see also* Rule 801(d)(2), Fed.R.Evid. Accordingly, the government has already conceded that the statements contained in the report are attributable to Tyrone Brown.

Third, with respect to the admissibility of Mr. Brown's statements, as has been pointed out previously, the government's arguments addressed to the trustworthiness of Mr. Brown's statement have been forfeited by its prior attempts to introduce the statement as an accurate narrative of the events that occurred the night of the charged crimes

In addition, the government cites to cases which do not address Mr. Chambers's point that the *absence* of information from a statement is non-hearsay. First, in *United States v. Zapata*, the Court excluded a co-conspirator's affirmative "declaration that [the defendant] was not involved in the conspiracy," because it did not fall within any of the hearsay exceptions contained in Rule 804, Fed.R.Evid.; nor was it sufficiently trustworthy to be admitted in the interests of justice, pursuant to Rule 807, Fed.R.Evid. 356 F. Supp. 323, 326-28 (S.D.N.Y. 2005).

Similarly, in *Ortega v. United States*, the Court denied a severance motion based on the defendant's assertion that a joint trial would prevent the use of an unredacted statement by a co-defendant which named four individuals as co-conspirators, none of whom were the defendant. 897 F.Supp. 771, 779 (S.D.N.Y. 1995). In finding that severance was not warranted on that ground, the Court, without any additional explanation, declared merely that the statement "would have been inadmissible hearsay" at a separate trial, and did not address the position(s) advanced by Mr. Chambers herein. *Id.* Indeed, there is not any indication that the defendant in *Ortega* pressed any of the arguments made by Mr. Chambers herein. Finally, in *United States v. Fortes*, the defendant's silence was admitted against her as an adoptive admission, pursuant to Rule 801(d)(2)(B), Fed.R.Evid., and thus was held by the Court to be non-hearsay evidence. 619 F.2d 108, 115 (1st Cir. 1980).

Furthermore, the defendant reasserts and respectfully requests to incorporate by reference those arguments addressed to the admissibility of Tyrone Brown's statement, as set forth in prior submissions, including Mr. Chambers's February 21, 2014, Memorandum of Law In Opposition to the Government's Motion for *in Limine* Ruling Admitting Other Act Evidence, which sought the statement's admission under Rule 804(b)(3) as a statement against penal interest and pursuant to Rule 807, as qualifying for admission in the interests of justice, and in counsel's September 11, 2014, Letter arguing that the absence of information is admissible as non-hearsay evidence, similar to the exceptions provided in Rule 803(7) & (10). *See e.g.* Rules 803(7) & (10), 804(b)(3), and 807, Fed.R.Evid.

| | |
|---|---|
| LAW OFFICES OF<br>**JOSHUA L. DRATEL, P.C.** | The Honorable Lorna G. Schofield<br>United States District Judge<br>Southern District of New York<br>September 28, 2014<br>Page 3 of 3 |

Finally, the government's assertion, at Footnote 1 of its September 24, 2014, letter that there is no dispute among the parties regarding the testimony of Special Agent Reynolds, if the 302 report is found admissible, is accurate.

## Conclusion

Accordingly, for all the reasons set forth above, and in the prior record, it is respectfully submitted that the 302 Report containing Mr. Brown's statement should be admitted in its entirety.

Respectfully submitted,

Joshua L. Dratel

JLD/wgs

cc: Negar Tekeei
    Santosh Aravind
    Assistant United States Attorneys