**JOSHUA L. DRATEL, P.C.**
A PROFESSIONAL CORPORATION

29 BROADWAY
Suite 1412
NEW YORK, NEW YORK 10006
---
TELEPHONE (212) 732-0707
FACSIMILE (212) 571-3792
E-MAIL: JDratel@JoshuaDratel.com

JOSHUA L. DRATEL                                                                STEVEN WRIGHT
—                                                                               *Office Manager*
LINDSAY A. LEWIS
WHITNEY G. SCHLIMBACH

October 2, 2014

**BY ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re: *United States v. Antione Chambers,*
         S1 13 Cr. 345 (LGS)

Dear Judge Schofield:

   This letter is in response to the government's October 2, 2014, letter to the Court with respect to the defense's motion to strike the testimony of Demi Torres. This letter will address only a discrete legal and factual portion of the government's letter given the need to prepare tonight for summation, review the Court's jury instructions, and prepare the possible testimony of the defense expert.

   As a threshold matter, the government's request for a *Wade* hearing is as untenable as it is untimely. The government opposed the defense's serial requests for such a hearing pretrial. The government gambled on presenting these purported identifications for the first time at trial, and cannot now claim what is a *defendant*'s right. Moreover, the government had its chance to present Det. Deloren's "practices" during his testimony – on direct and re-direct. That ship has sailed.

   Also, Det. Deloren's unsworn account (in the recent phone conversation with the prosecutors) cannot be considered dispositive or even credible – given the stipulation already that he testified inaccurately (in the most charitable characterization possible), and Judge Batts's prior adverse credibility finding, he is unworthy of belief, even under oath – and even it establishes there were *four* photos of Mr. Chambers shown to Ms. Torres – two of which were not part of photo arrays but instead were single photos of Mr. Chambers.

LAW OFFICES OF  
**JOSHUA L. DRATEL, P.C.**

The Honorable Lorna G. Schofield  
United States District Judge  
Southern District of New York  
October 2, 2014  
Page 2 of 4

(1) Defendant's Exhibit B, which is the array that Ms. Torres identified as that from which she did not make a positive identification, and in which Mr. Chambers is in position number 4;

(2) a photo in which she said Mr. Chambers looked "younger," which she testified was *not* the photo in Defendant's Exhibit B. T. 495-96.[1] Instead, that photo most likely is the "thumbnail" photo to which Det. Deloren refers to in the phone interview conducted by the prosecutors herein, reflected in the most recent 3500 material produced for him. Counsel will provide that photo, which appears in Det. Deloren's initial 3500 material, in court tomorrow;[2]

(3) the internet article with Mr. Chambers's photo that Det. Deloren provided to Ms. Torres; and

(4) the final array, GX 1000, not created by NYPD's photo manager system, but which Det. Deloren created manually by inserting Mr. Chambers's photo in the prominent number 2 position.

That does not even include the single screen shot of Mr. Chambers Det. Deloren provided for Ms. Torres on the NYPD computer, T. 487, or the additional photos of Mr. Chambers Ms. Torres viewed as a result of her own Google search – made possible only by Det. Deloren deliberately exposing her to a newspaper article that featured Mr. Chambers's name as well as his photo(s).

Nor does it include the ultimate lineup that Det. Deloren contrived – substituting Mr. Chambers's photo in an array that did not match a description of Mr. Chambers (and if it matched Ms. Torres's description of the second robber, that only further establishes that her purported identification of Mr. Chambers is simply unreliable): black male, between 5'9" and 6'0" (Mr. Chambers is at least 6'1"); 150-180 pounds (Mr. Chambers was at least 180 pounds)

Nor did Det. Deloren memorialize or testify about – or disclose to the prosecutors – much of the above (the internet photo, which was disclosed by Ms. Torres in January 2014, the "thumbnail" photo, which he disclosed only in Wednesday's telephone call, the single screen shot he contrived for Ms. Torres, and the inserted photo of Mr. Chambers in the final array).

---

[1] "T." denotes the trial transcript.

[2] Remarkably, the government's most recent letter omits mention of this photo, which, in the latest 3500 material, Det. Deloren claims he cannot remember from where he obtained the photo.

LAW OFFICES OF

**JOSHUA L. DRATEL, P.C.**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
October 2, 2014
Page 3 of 4

Nor does it include Det. Deloren's direction to Emma Torruella to "forget the teardrop" when she reviewed the lineup he created in precisely the same manner as he did for Ms. Torres (the very same day, and conveniently away from NYPD offices and the photo manager system)..

In addition, the government's suggestion that Ms. Torres could not recall in a pretrial interview whethe she saw the internet photo before or after the ultimate photo array is astonishingly disingenuous considering (a) she *testified under oath at trial* that she viewed it *before*. T. 491-93; (b) Det. Deloren *testified at trial* it was before; (c) Det Deloren, in the telephone conversation reflected in the most recent 3500 material, *admitted he showed it to Ms. Torres before the array*; (d) it would not make any sense for Det. Deloren to show it to her *after* a positive identification; and (e) the government's February 24, 2014, letter advising the Court of the internet photo states unequivocally that it was shown to Ms. Torres "between the first and second array."

The inescapable conclusion compelled by all of this evidence (and other evidence this letter has not marshaled) – by either a "totality of the circumstances" or any under criteria – is that Ms. Torres's purported identification of Mr. Chambers is unreliable, and a product of Det. Deloren's persistent and pernicious manipulation of a 19-year old woman – a concerted, multifaceted manipulation that he studiously concealed from prosecutors,[3] and attempted to conceal from the jury.

Accordingly, it is respectfully submitted that the Court's preliminary determination was entirely correct, and fully consistent with the facts and the "totality of the applicable legal standard: Ms. Torres's testimony with respect to any identification of Mr. Chambers should be stricken.

Respectfully submitted,

*[signature]*

Joshua L. Dratel

JLD/

cc:    Negar Tekeei

---

[3] It is noteworthy that except for the two photo arrays, DX B and GX 1000, none of Det. Deloren's contacts with Ms. Torres were preserved in any reports, notes, or memoranda.

| | |
|---|---|
| LAW OFFICES OF<br>**JOSHUA L. DRATEL, P.C.** | The Honorable Lorna G. Schofield<br>United States District Judge<br>Southern District of New York<br>October 2, 2014<br>Page 4 of 4 |

Santosh Aravind
Assistant United States Attorneys