EA7MCHAF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA

        v.                              13 CR 345(LGS)

ANTIONE CHAMBERS,

        Defendant.

------------------------------x

                                New York, N.Y.
                                October 7, 2014
                                9:25 a.m.

Before:

            HON. LORNA G. SCHOFIELD,

                              District Judge

                  APPEARANCES

PREET BHARARA
    United States Attorney for the
    Southern District of New York
SANTOSH ARAVIND
NEGAR TEKEEI
    Assistant United States Attorneys

JOSHUA L. DRATEL
WHITNEY SCHLIMBACH
    Attorneys for Defendant

ALSO PRESENT:  JOHN REYNOLDS, FBI
              JENNIFER HANSMA, Paralegal AUSA

1        (Trial resumed; jury not present)

2        THE COURT:  Is there something we need to deal with
3 before the jury comes out?

4        MR. DRATEL:  Your Honor, just thinking about it last
5 night and this morning, I would move to preclude any of Ms.
6 Torres' testimony going to the jury for this reason.  Reviewing
7 it again last night, with redactions and all of that, which we
8 have conformed to the Court's rulings, but I just don't see any
9 value in it other than the appropriate value, which is about
10 ID.  It doesn't address any disputed issues in the case and I
11 just am critically concerned that it is being used by the jury
12 for inappropriate purpose which has to do with ID.

13        Also coming on the heels of the request for
14 Ms. Torruella's testimony.  Right after we gave that, they
15 reviewed it and they come back with Torres.  And I don't care
16 if they corroborate in terms of the government's point.  It's
17 not disputed.  The only thing they can be using it for is for
18 something that the Court has precluded.  They should be told
19 that and they shouldn't be given any of her testimony.  I don't
20 want it to be an issue to jeopardize the integrity of the
21 Court's ruling, the integrity of what the jury is limited to
22 consider.

23        THE COURT:  I heard you make the same argument
24 yesterday.  And I agree that the jury is struggling,
25 presumably, with the issue of identity.  But I am going to deny

1    your application.  And the reason is that I think that what the
2    jury was told was that I was striking the identification
3    testimony, and they might be legitimately curious what that
4    means, whether there are issues that are disputed or not in her
5    testimony.  And certainly there are things in her testimony
6    that don't go to identification.  I agree they are not
7    disputed.
8              But I think the jury is entitled, in effect, to an
9    answer, which is, what do we consider and what do we not.  And
10   I think they are entitled, therefore, to see what has not been
11   stricken, whether or not it's disputed.  And I don't think that
12   what remains goes to the identification issues and that they
13   will see very clearly that they are not entitled to consider
14   the identification issues.
15             MR. DRATEL:  May I ask the Court to issue orally, when
16   the jury is convened in the jury box this morning, the
17   instruction rather than just having it go in on a piece of
18   paper.
19             THE COURT:  I'm happy to do that.
20             MR. DRATEL:  Thank you, your Honor.
21             THE COURT:  Let me ask.  I know we need to give the
22   jury two things.
23             Have we marked, Mr. Street, the materials that are
24   going back to the jury in response to their last two questions?
25             THE DEPUTY CLERK:  No, I have not marked them yet.

1          THE COURT:  Why don't we go ahead and do that.

2          MS. TEKEEI:  Your Honor, we provided Mr. Dratel with a
3     copy of the redactions per the Court's rulings yesterday
4     evening.  He has no objections to the way those were redacted
5     per the Court's rulings, so we provided a copy to the Court.
6     As well we have a clean laptop with the exhibits that the jury
7     asked for, and Mr. Dratel had a chance to review the laptop to
8     make sure that it comported with the requirement that it not
9     have any Internet connection and not have any other documents
10    on it, and also the CDs.  We provided all of that to
11    Mr. Street.

12         THE COURT:  Great.  Thank you.  Just as an aside I
13    think there is no danger of an Internet connection in here
14    because it cannot be done.

15         Mr. Street, I know one request was 4.  Do you have
16    Court's Exhibit 4?

17         THE DEPUTY CLERK:  4, yes.

18         THE COURT:  Court's Exhibit 4 is:  Provide the
19    testimony of Demi Torres.  We will use the redacted version
20    received last night.

21         I will read the instruction that goes with 4A.  If I
22    could have an exhibit tag to put on 4A.

23         Did you load the files on the computer or is there a
24    CD that you are giving them to put in the laptop?

25         MS. TEKEEI:  There is a CD which is the original

1    exhibit, and also a copy just in case the original exhibit
2    malfunctions for some reason.
3              THE COURT:  I guess we don't need to mark the CD
4    because it's in evidence.  Does anyone think we need to mark
5    the laptop?  Because I assume you want it back.
6              MS. TEKEEI:  We don't need to mark the laptop, your
7    Honor.  Thank you.
8              (Jury present)
9              THE COURT:  Good morning, ladies and gentlemen.  We
10   had two requests from you at the end of the day yesterday.  I
11   wanted to respond to those.  The first is, you said please
12   provide the testimony of Demi Torres.  So I will give you a
13   copy of the transcript of Demi Torres.  The redactions were
14   made to reflect the Court's rulings striking all of the
15   identification testimony of Ms. Torres.  So you may not
16   consider any of her testimony, including what is unredacted, on
17   the issue of identification.  That is marked as Court Exhibit
18   4A.
19             And then we also have a note which has been marked as
20   Court Exhibit number 5 asking for Government Exhibit 160B, C,
21   and G.  Government Exhibit 160B, C, and G were files on a CD.
22   And so we are going to give you a blank laptop and the files
23   are loaded onto the laptop.  You'll also have the CD.  But it
24   might be easier to look at files.  They are identical.
25             When you send notes back, who is the foreperson?  You

1    should sign the notes.  And we will give you the laptop and the
2    transcript now.
3             I think that's it.  We are ordering lunch again for
4    you today.  I'll see you again, I'm sure.  Thank you.
5             (Jury deliberations resumed; time noted:  9:36 a.m.)
6             THE COURT:  We are adjourned.
7             MS. TEKEEI:  Just one clarification.  I apologize if I
8    misspoke earlier.  The files are not actually loaded on the
9    laptop.  The CDs are there.  But I think they will figure that
10   out.  I just wanted to let you know.
11            MR. DRATEL:  If we can go off the record.
12            (Recess pending verdict)
13            THE COURT:  Good afternoon.  We have a note and I'll
14   read it to you.  It says:  We have weighed all the evidence and
15   discussed each argument that we can think of.  Each juror is
16   now entrenched in his or her position and feels there are no
17   more arguments that could be made that would change his or her
18   opinion.
19            And then there is more to the note which I will not
20   disclose which reveals they are split with respect to each
21   count.  And it is signed Stephen Ripp, who I believe is juror
22   number 6 and their foreperson.
23            What I propose to do is to give an Allen charge and
24   I'll tell you what my proposal is and then take comments from
25   you.

1      The first thing I would do is read them the top part
2 of the note, tell them that they have told me the split, remind
3 them that they are not supposed to tell me the split and in any
4 future notes not to do that.  I would then say that it's not
5 uncommon for jurors to disagree, and then I would read them
6 basically the charge from the final charge that I gave to the
7 jury after the closing under Roman numeral IV, and I would read
8 them -- maybe the best thing to do is for me to read it to you
9 in case you don't have it here.  I'll also ask Mr. Street to
10 have the CSO tell them to bring the charge with them.
11     But I will ask them to open their charge and direct
12 them to what I have as page 2 of concluding instructions after
13 summations before deliberations under Roman numeral IV, duty to
14 deliberate to a unanimous verdict.  And the relevant part is:
15 In that oath you promised that you would well and truly try the
16 issues joined in this case and a true verdict render.  It is
17 your duty as jurors to consult with one another and deliberate
18 with a view to reaching agreement.  Each of you must decide the
19 case for yourself, but you should do so only after
20 consideration of the case with your fellow jurors.  Moreover,
21 you should not hesitate to change an opinion when convinced it
22 is erroneous.
23     Then I would skip the next sentence about every juror
24 should be heard and no one monopolizing and go on to the next
25 sentence:  Your verdict must be unanimous, but you are not

1  bound to surrender your honest convictions concerning the
2  weight or effect of the evidence for the mere purpose of
3  returning a verdict or solely because of the opinion of other
4  jurors.  Discuss and weigh your respective opinions
5  dispassionately, without regard to sympathy, without regard to
6  prejudice or favor of either party, and adopt the conclusion
7  that in your good conscience appears to be in accordance with
8  the truth.  Again, each of you must make your own decision
9  about the proper outcome of the case, based on your
10  consideration of the evidence, your discussion with fellow
11  jurors.  No juror should surrender his or her conscientious
12  belief solely for the purpose of returning a unanimous verdict.
13          And then I would continue, and these aren't my exact
14  words, but the gist of what I would say is that:  It is normal
15  for jurors to have differences, that it is desirable for the
16  jurors to reach a verdict, but that in no event should any
17  anyone give up their conscientious judgment in reaching a
18  verdict.  I would remind them that they have only been
19  deliberating for what's really two days and that it happens
20  with juries that often after extended discussions an opinion
21  which seemed to be the correct opinion representing a fair
22  assessment of the evidence might change on the basis of
23  argument and based on the facts and the evidence.  And then I
24  would say, again, that no juror should vote contrary to their
25  considered judgment or give up their conscientious beliefs.

1  And then I would say, based on all that I am going to ask you
2  to return and deliberate.
3        That is the gist of it.  If you have any comments that
4  isn't wordsmithing, since I am not going to write it out
5  verbatim, I will hear them.
6        MS. TEKEEI:  That's fine for the government, your
7  Honor.
8        MR. DRATEL:  I think that's probably the only
9  alternative right now is what the Court has suggested, although
10 I would just note that the length of their deliberations is
11 approaching the length of the evidence in the case.
12       THE COURT:  I don't know.  They have been deliberating
13 two days.  I'd say we were here for four days.
14       MR. DRATEL:  I'm just saying we have had two and a
15 half days of evidence.  I'm saying in some instances the length
16 of deliberations is related to the length of the trial, but we
17 are not there yet.  I am making an observation.
18       THE COURT:  Mr. Street, if you could tell the CSO to
19 have them come in and bring their charge with them.
20       Is it all right with you, if we leave the alternates
21 back in their room where they are comfortable and sleeping.
22       MR. DRATEL:  No objection.
23       (Jury present)
24       THE COURT:  Good afternoon, ladies and gentlemen.
25 Thank you for all of your hard work.  I want to address the

1    most recent note that I got from you.  It says:  We have
2    weighed all the evidence and discussed each argument that we
3    can think of.  Each juror is now entrenched in his or her
4    position and feels there are no more arguments that could be
5    made that would change his or her opinion.  And then below that
6    is an account of how the jury is split with respect to each
7    charge.  I won't read that into the record.  I have not
8    disclosed that to the lawyers or to anyone else.  And I would
9    just remind you not to disclose that to me or anyone else until
10   you are excused as jurors.
11              First of all, I would say it's not uncommon for jurors
12   to disagree and one of the reasons that I asked you to bring
13   out your charge is so that I can review a part of it with you.
14   I may need some help, however, because I think my pagination is
15   different from yours.  But on about the second to last page or
16   third to last page there is a section that's called duty to
17   deliberate to unanimous verdict.  And I want to just review a
18   part of that with you.
19              I am going to skip the first paragraph and go directly
20   to the second paragraph which refers to the oath that you took
21   as jurors.  And I know it seems like a long time ago.  It was.
22   But in the oath you promised that you would well and truly try
23   the issues joined in this case and render a true verdict.  The
24   instructions continue:  It is your duty as jurors to consult
25   with one another and to deliberate with a view to reaching

1    agreement.  Each of you must decide the case for yourself, but
2    you should do so only after consideration of the case with your
3    fellow jurors.  Moreover, you should not hesitate to change an
4    opinion when convinced that it is erroneous.  Then I am going
5    to skip down two lines to where it says:  Your verdict must be
6    unanimous, but you are not bound to surrender your honest
7    convictions concerning the effect or weight of the evidence for
8    the mere purpose of returning a verdict or solely because of
9    the opinion of other jurors.  Discuss and weigh your respective
10   opinions dispassionately, without regard to sympathy, without
11   regard to prejudice or favor of either party, and adopt the
12   conclusion that in your good conscience appears to be in
13   accordance with the truth.  Again, each of you must make your
14   own decision about the proper outcome of the case based on your
15   consideration of the evidence and your discussions with your
16   fellow jurors.  No juror should surrender his or her
17   conscientious beliefs solely for the purpose of returning a
18   unanimous verdict.
19            So I'll make just a few comments about that.  One is,
20   it is normal for jurors to have differences.  It would be
21   surprising if you all went back there and in five minutes said,
22   we all agree on all the evidence after having heard this
23   lengthy trial.  I would also say it is desirable if you reach a
24   verdict.  But, of course, you should not give up your
25   conscientiously-held beliefs just to come to a unanimous

1    verdict.
2             I would also say that you've been deliberating for
3    really about two days, all of yesterday and half day Friday and
4    a half day today.  And in the scheme of things that's not
5    really such a long time.  And it often happens that after
6    extended discussions among jurors, perhaps repeatedly on the
7    same subjects, that a view which appeared to be the right view
8    and the correct view, based on your judgment and all of the
9    evidence and the facts, seems, after consideration, to be
10   perhaps not the right view and that in those circumstances your
11   conscientiously-held belief changes.
12            So I will, of course, ask you not to vote for any
13   verdict that is contrary to your conscientiously-held beliefs,
14   but I am going to ask you to go back and continue to deliberate
15   and to keep in mind the instructions that I've just reminded
16   you of.  Thank you.
17            (Jury deliberations resumed; time noted:  2:31 p.m.)
18            THE COURT:  So we will make a redacted copy of the
19   note and really mark it as Court Exhibit 6.  And the complete
20   copy I will keep and will file under seal.
21            MR. DRATEL:  The unredacted version will still be a
22   court exhibit?
23            THE COURT:  Yes.  But it will be under seal.
24            MR. DRATEL:  Thank you.
25            THE COURT:  I'll see you again when we get another

1   note or at the end of the day, whichever is first.

2            (Recess pending verdict)

3            THE COURT:  We have another note which is Court
4   Exhibit 7.  It says:  Please provide the testimony of both
5   Detective Deloren and David Barea.  It's signed by the
6   foreperson, Stephen Ripp.

7            I will let you figure out if you can agree on the
8   redactions and then get a printed copy.  My guess is we will
9   probably give them a printed copy in the morning.  If one of
10  them is available earlier, we can try to give it to them.  I'm
11  also not sure when they want to go.  At around 4:15 or 4:20 we
12  can ask them.

13           MS. TEKEEI:  We will look at the transcript.

14           THE COURT:  Thank you.

15           (Recess pending verdict)

16           THE COURT:  We have another note from the jury.  It's
17  Court Exhibit 8.  It says:  May we adjourn for the evening.

18           So I propose we get the jurors and the alternates and
19  excuse them and deal with the exhibits in the morning.

20           MR. DRATEL:  We have completed Barea.  But obviously
21  no point in giving them tonight.  We can do the same thing we
22  did with Deloren as Torres, which overnight --

23           THE COURT:  Agree on it and that way we can give it to
24  them first thing.  I ask them to plan to be here at 9:30 again.
25  And if there is any discussion we can do it briefly before

EA7MCHAF

1    9:30.

2              MR. DRATEL:  We can alert the Court probably by

3    e-mail, just as this morning, when the government sends the

4    e-mail with the redactions proposed.  We can tell the Court

5    whether there are any disagreements.

6              THE COURT:  That would be great.

7              (Jury present)

8              THE COURT:  Thank you again for your service today,

9    ladies and gentlemen.

10             We will start tomorrow same schedule as today.  So

11   please try and be here at 9:30.  We will come out on the bench

12   and then excuse you to the jury room to deliberate.  We will

13   also have the transcripts that you requested at that point.

14             Have a good evening.  Don't talk to each other or

15   anyone else about the case.  Thank you.

16             (Jury excused)

17             THE COURT:  We are adjourned.  See you all tomorrow

18   morning.

19             (Adjourned to Wednesday, October 8, 2014, at 9:30

20   a.m.)

21

22

23

24

25