

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

November 23, 2014

<u>Via ECF</u>

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 201
New York, New York  10007

 **Re:** *United States* **v.** *Steven Glisson*, **S2 13 Cr. 345 (LGS)**

Dear Judge Schofield:

  The Government respectfully submits this letter regarding a potential conflict of interest faced by counsel for Steven Glisson, who is currently scheduled to be sentenced on December 18, 2014.  As the Court is aware, James A. Mitchell, of Ballard Spahr Stillman & Friedman LLP, has been appointed to represent the defendant.  Elaine K. Lou is an associate at Ballard Spahr Stillman & Friedman LLP who is participating in the representation.  On November 19, 2014, Ms. Lou submitted an application for a position as an Assistant United States Attorney to the U.S. Attorney's Office for the Southern District of New York.  As a result of Ms. Lou's application, and the potential conflict of interest that it presents, the Government respectfully requests that the Court schedule a hearing pursuant to <u>United States</u> v. <u>Curcio</u>, 680 F.2d 881 (2d Cir. 1982).

**<u>Applicable Law</u>**

  The Sixth Amendment guarantees a criminal defendant the right to the effective assistance of counsel, which includes "the right to representation by conflict free counsel." <u>United States</u> v. <u>Schwarz</u>, 283 F.3d 76, 90 (2d Cir. 2002).  District courts have two separate obligations where there is a potential conflict of interest.  First, there is an "inquiry obligation," pursuant to which the court must "investigate the facts and details of the attorney's interests to determine whether the attorney in fact suffers from an actual conflict, a potential conflict, or no genuine conflict at all."  <u>United States</u> v. <u>Levy</u>, 25 F.3d 146, 153 (2d Cir. 1994).  Second, if the district court finds that the defendant's attorney faces an actual or potential conflict, a "disqualification/waiver" obligation arises, pursuant to which the court must either:
(i) disqualify the attorney if the conflict is sufficiently severe, or (ii) if the conflict may be

waived, conduct a Curcio hearing to advise the defendant of the ramifications of the conflict and obtain a waiver of any conflict from the defendant.

Three types of conflicts of interest are the subject of judicial inquiry and can potentially result in the deprivation of the effective assistance of counsel: (i) a per se conflict; (ii) an actual conflict; or (iii) a potential conflict that results in prejudice to the defendant. See Armienti v. United States, 313 F.3d 807, 810 (2d Cir. 2002); United States v. John Doe No. 1, 272 F.3d 116, 125 (2d Cir. 2001).

In the Second Circuit, per se conflicts have been found only in two classes of cases: where defense counsel "is not authorized to practice law" and where defense counsel "is implicated in the very crime for which his or her client is on trial." Armienti v. United States, 234 F.3d 820, 823 (2d Cir. 2000); see also Solina v. United States, 709 F.2d 160, 164 (2d Cir. 1983) (unlicensed attorney); United States v. Cancilla, 725 F.2d 867, 868-70 (2d Cir. 1984) (attorney implicated in client's crime). The Second Circuit has "repeatedly" and consistently refused to extend the per se rule beyond the two prescribed categories. Strouse v. Leonardo, 928 F.2d 548, 555 (2d Cir. 1991) ("[T]his court has repeatedly declined to extend the per se rule beyond the sort of egregious conduct present in Solina and Cancilla." (internal quotation marks and citation omitted)).

An actual conflict exists where, "during the course of the representation, the attorney's and defendant's interests diverge with respect to a material legal or factual issue or to a course of action." United States v. Schwarz, 283 F.3d at 91 (applying standard derived from Cuyler v. Sullivan, 446 U.S. 335 (1980)). To show divergent interests, "[s]peculation is not enough." Triana v. United States, 205 F.3d 36, 42 (2d Cir. 2000). Nor is a "mere theoretical division of loyalties." Mickens v. Taylor, 535 U.S. 162, 171 (2002). There can be an actual conflict of interest only if "the attorney's current representation is impaired by the loyalty he owes a former client." United States v. Leslie, 103 F.3d 1093, 1098 (2d Cir. 1997) (citing United States v. Malpiedi, 62 F.3d 465, 469 (2d Cir. 1995)).

"An attorney has a potential conflict of interest if 'the interests of the defendant may place the attorney under inconsistent duties at some time in the future.'" United States v. Perez, 325 F.3d 115, 125 (2d Cir. 2003) (quoting United States v. Klitti, 156 F.3d 150, 153 n.3 (2d Cir. 1998)). Conflicts "such as an attorney's representation of two or more defendants or his prior representation of a trial witness, are generally waivable." Perez, 325 F.3d at 125. However, "such a conflict might require a defendant to abandon a particular defense or line of questioning," and the defendant must "seek the legal advice of independent counsel and make an informed judgment that balances the alteration in the trial strategy against the perceived effect of having to get a new and perhaps less effective defense counsel." Id. (quoting United States v. Fulton, 5 F.3d 605, 613 (2d Cir. 1993)). If the defendant "can rationally opt to retain counsel of his choice despite a conflict, the court conduct[s] a Curcio hearing to determine whether the defendant knowingly and intelligently waives his right to conflict-free representation." Id.

Honorable Lorna G. Schofield                                                                                          Page 3
November 23, 2014

"Federal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." Wheat v. United States, 486 U.S. at 160. Therefore, where a conflict is so egregious that no rational defendant would knowingly and voluntarily desire the attorney's representation, then the court must disqualify the attorney. United States v. Levy, 25 F.3d at 152-53; see Holloway v. Arkansas, 435 U.S. 475, 484 (1978).

Finally, the Second Circuit has set forth the requirements for a Curcio procedure in great detail:

> At such a hearing, the trial court (1) advises the defendant of his right to representation by an attorney who has no conflict of interest, (2) instructs the defendant as to the dangers arising from particular conflicts, (3) permits the defendant to confer with his chosen counsel, (4) encourages the defendant to seek advice from independent counsel, (5) allows a reasonable time for the defendant to make a decision, and (6) determines, preferably by means of questions that are likely to be answered in narrative form, whether the defendant understands the risk of representation by his present counsel and freely chooses to run them.

United States v. Perez, 325 F.3d at 119.

## Conclusion

Pursuant to the foregoing authority, the Government respectfully submits that, (i) Ms. Lou's pending application presents a potential conflict of interest that may be waived by the defendant during a Curcio proceeding; and (ii) the circumstances of this potential conflict do not warrant disqualification based on the Court's independent duty to protect the integrity of these proceedings. Enclosed please find a proposed examination for the requested Curcio proceeding.

        Respectfully submitted,

        PREET BHARARA
        United States Attorney


    By:   /s/ Negar Tekeei_____
        Negar Tekeei
        Assistant United States Attorney
        (212) 637-2482

Enclosure

Cc:   James A. Mitchell, Esq. (by email and ECF)
      Elaine K. Lou, Esq. (by email and ECF)

**Proposed Examination of Steven Glisson**

I. **Introductory Questions To Establish Competence**

1. Do you currently consult a doctor for any condition?

2. Are you currently under the influence of alcohol or drugs of any kind?

3. Are you feeling well enough to proceed with this hearing today?

II. **The Potential Conflict**

4. Are you currently represented by James A. Mitchell, of the law firm of Ballard Spahr Stillman & Friedman LLP?

5. Is Mr. Mitchell retained or appointed counsel?

6. Has Elaine K. Lou, who also works at Ballard Spahr Stillman & Friedman LLP, been involved in your representation?

7. Do you know that Ms. Lou has applied for a position as a federal prosecutor at the United States Attorney's Office for the Southern District of New York, the same office that is prosecuting you in this case?

8. Because of Ms. Lou's potential employment with the United States Attorney's Office for the Southern District of New York, I wish to advise you of certain matters. You should understand that under the United States Constitution and the laws of this country, you are entitled to the aid and assistance of counsel at all times in these proceedings. You are entitled to counsel of your own choice unless there is a strong legal reason for disqualifying that counsel. If you cannot afford an attorney, an attorney will be appointed to represent you without cost. Do you understand?

9. It is essential to the idea of an adequate defense in a criminal proceeding that your attorney have no conflicts or adverse interests of any kind. That is to say, he or she cannot, unless it is with your knowledge and consent, have any conflicting interest in the case. You have the right to the assistance of a lawyer whose loyalty to you is undivided and not subject to any factor that might intrude upon that loyalty. The purpose of this law is to ensure that you have a full devoted defense furnished to you by an attorney who has no other possible interest of any kind in this matter. Do you understand that?

10. Do you understand that Ms. Lou's potential employment with the United States Attorney's Office for the Southern District of New York, as a prosecutor, creates the potential that she may have allegiances to interests that may be adverse to your own interests?

11. Do you understand that Ms. Lou may not be as zealous or as earnest in her representation of you as she might otherwise be if she did not have such other interests?

12. For example, she may seek to curry favor with the prosecutor's office, rather than pursue your best interests.  Do you understand that possibility?

13. Do you understand that, by deciding to proceed with Mr. Mitchell and Ms. Lou, you are waiving any argument after your sentencing that Mr. Mitchell and Ms. Lou were ineffective or deficient in their representation of you, because Ms. Lou suffered from a conflict of interest by virtue of her application for a position with the U.S. Attorney's Office?

14. Have you discussed these conflict-of-interest matters with Mr. Mitchell and Ms. Lou?

15. Please describe, in your own words, your understanding of the conflict of interest that potentially arises from Ms. Lou's representation of you while pursuing her application for a position with the United States Attorney's Office as a federal prosecutor.

### III.  **Curcio Counsel**

16. Do you understand that you have a right to consult with a lawyer other than Mr. Conniff or Ms. Lou in order to determine whether you wish Mr. Mitchell and Ms. Lou to represent you?

17. Do you understand that if you cannot afford other counsel, the Court will appoint counsel to consult with you regarding these conflict of interest matters?  Such an attorney will not be connected with Mr. Mitchell and Ms. Lou, or the Government at all.  Anything you tell that attorney will be a secret between you and the attorney.  The attorney cannot tell Mr. Mitchell and Ms. Lou, me or the Government's attorneys about your discussions with him or her.  Do you understand that?

18. The Court is prepared to adjourn the remainder of this proceeding so that you may consult another attorney.  Would you prefer to adjourn until you can give more thought to this matter?

19. Is there anything that the Court has said that you wish to have explained further? Is anything unclear?

20. Would you like the opportunity to consult with another attorney?

IV. **Waiver**

21. [*If applicable*]  Have you had a sufficient opportunity to discuss this potential conflict with your independent counsel?

22. Is there anything that I have said that you wish to have explained further?

23. Do you still wish to proceed with Mr. Mitchell and Ms. Lou as your attorneys in this case and at the upcoming trial?

24. Have you received any inducements, promises or threats with regard to your decision about this potential conflict?

25. Is your waiver of your right to conflict-free representation voluntary?

26. Do you agree to waive any and all future arguments, on appeal or otherwise, that you were denied effective assistance of counsel because of Ms. Lou's pursuit of a position as a federal prosecutor with the Southern District of New York?