UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                              :
UNITED STATES OF AMERICA
                                                              :
    -v.-
                                                              :          S2 13 Cr. 345 (LGS)
TYRONE BROWN,
                                                              :

                    Defendant.                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


# THE GOVERNMENT'S SENTENCING MEMORANDUM


                                        PREET BHARARA
                                        United States Attorney
                                        Southern District of New York
                                        Attorney for the United States of America


Negar Tekeei
Assistant United States Attorney
- Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                       :
UNITED STATES OF AMERICA       :

   -v.-                                       :        S2 13 Cr. 345 (LGS)

TYRONE BROWN,
                                         :

            Defendant.       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**SENTENCING MEMORANDUM**

The defendant is scheduled to be sentenced in this matter on January 12, 2015 at 4:30 p.m. The Government respectfully submits this memorandum in advance of that sentencing, and in response to the defendant's sentencing submission dated January 5, 2015 ("Def. Mem."). As set forth in the Presentence Investigation Report ("PSR") and as stipulated by the parties in the defendant's plea agreement (the "Plea Agreement"), the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range applicable to this defendant is 37 to 46 months' imprisonment. In his sentencing submission, the defendant seeks a sentence below the applicable Guidelines range. (Def. Mem. at 3). The Probation Office recommends a sentence of 37 months' imprisonment. For the reasons set forth below, the Government respectfully requests that the Court impose a substantial Guidelines range sentence in this case.

**BACKGROUND**

**A.**    **Offense Conduct**

As described in the PSR, the defendant, Steven Glisson, Antione Chambers, and at least one other person, not named in the Indictment, agreed to commit a robbery on March 25, 2013 of a victim they believed to be in possession of narcotics proceeds (the "March 25 Robbery").

2

(PSR ¶ 15). The victim of the robbery was someone who had provided crack cocaine to the defendant in the past and was visiting the defendant on the night of the March 25 Robbery to collect money that the defendant owed the victim from their narcotics dealings. (*Id.*). While the victim was at the defendant's apartment, he was accosted by Glisson and Chambers, both of whom were carrying guns, and robbed of approximately $800. (*Id.*). Glisson and Chambers then forced the victim into a car and drove to the victim's house, where they used a hammer to assault him and verbally threatened to kill him if he did not give them any additional money. (PSR ¶ 16). Glisson stayed with the victim at his home, while Chambers and a third robber took the victim's wife to her mother's house, where the victim's wife turned over approximately $20,000 in cash to the robbers, a portion of which constituted narcotics proceeds. (PSR ¶¶ 16, 17).

The defendant agreed to set up the March 25 Robbery by letting Glisson and Chambers know when the male victim arrived at his apartment. (PSR ¶ 21). In his post-arrest, post-Miranda statements, Brown admitted that he had been purchasing crack cocaine from the male victim of the March 25 robbery. (*Id.*). He also admitted that he had discussed the male victim with Glisson prior to and on March 25, 2013, and that he had told Glisson that the male victim was planning to come to the defendant's apartment the night of the robbery. (*Id.*). Records obtained from the defendant's cellphone also show the defendant's communications immediately before the robbery with co-defendant Antione Chambers.

B.   **Procedural History**

The defendant was charged in four out of five counts in Superseding Indictment S2 13 Cr. 345 (LGS) (the "Indictment") as follows:

(1)   conspiring to commit a Hobbs Act robbery in or about March 2013, in violation of Title 18, United States Code, Section 1951 (Count One);

3

> (2) committing a Hobbs Act robbery on or about March 25, 2013, and aiding and abetting the same, in violation of Title 18, United States Code, Sections 1951 and (2) (Count Two);
>
> (3) using and carrying firearms during and in relation to, and possessing firearms in furtherance of, the robbery conspiracy charged in Count One, which firearms were brandished, and aiding and abetting the same, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and (2) (Count Four); and
>
> (4) conspiring to distribute, or possess with the intent to distribute, 280 grams or more of crack cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846 (Count Five).

On September 8, 2014, the defendant pleaded guilty, pursuant to the Plea Agreement, to Count One of the Indictment. The Plea Agreement stipulated, among other things, to a Guidelines range of 37 to 46 months' imprisonment. (PSR ¶ 9). In addition, in exchange for the defendant's plea to Count One of the Indictment, the Government agreed to move to dismiss, at sentencing, any open Counts against the defendant. (Plea Agreement at 1.)

**C.   The Defendant's Adjusted Offense Level and Criminal History**

The defendant's adjusted offense level and criminal history calculations are detailed in the Plea Agreement and in the PSR. The sentencing Guideline applicable to the offense charged in Count One of the Indictment is U.S.S.G. § 2B3.1. (PSR ¶ 29). Pursuant to U.S.S.G. § 2B3.1(a), the base offense level is 20. (*Id.*). Pursuant to U.S.S.G. § 2B3.1(b)(2)(C), because a firearm was brandished or possessed, five offense levels are added. (PSR ¶ 30). Pursuant to U.S.S.G. § 2B3.1(b)(7)(B), because the loss was more than $10,000, one offense level is added. (PSR ¶ 31). Pursuant to U.S.S.G. § 3B1.2(b), because the defendant was a minor participant in criminal activity, two offense levels are removed. (PSR ¶ 33). Pursuant to U.S.S.G. §§ 3E1.1(a) and (b), a three-level decrease is warranted for the defendant's demonstration of acceptance of responsibility. (PSR ¶¶ 37-38). Thus, the defendant's total adjusted offense level is 21. (PSR ¶ 39).

The defendant has no criminal history points, resulting in a Criminal History Category of I.  (PSR ¶ 44).  Based upon a total adjusted offense level of 21 and a Criminal History Category of I, the defendant's Guidelines range is 37 to 46 months' imprisonment.  (PSR ¶ 74).

## DISCUSSION

**A.     A Sentence at the Top of the Guidelines Range Is Warranted.**

In light of the nature and circumstances of the instant offense, the Government respectfully submits that a substantial sentence within the Guidelines range of 37 to 46 months' imprisonment would be sufficient, but not greater than necessary, to serve the legitimate purposes of sentencing.  The 18 U.S.C. § 3553(a) factors applicable in this case include the need for the sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence to this defendant and other similarly situated individuals, and to promote respect for the law.  18 U.S.C. § 3553(a)(2)(A)-(B).   These considerations militate forcefully in favor of a substantial Guidelines range sentence with respect to this defendant.

First, a substantial sentence is necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment.  18 U.S.C. § 3553(a)(2)(A).  The defendant was the crucial informant to the rest of his robbery crew—he provided information about the victim to his co-conspirators, lured the victim to his home, told his co-conspirators about the victim's arrival, and hosted the initiation of the robbery inside of his apartment.  What ensued was a violent armed robbery that involved the assault and abduction of two victims over the next several hours, and which exposed other individuals—namely, the family members of the female victim—to additional potential violence.  By agreeing to participate in this conspiracy, the defendant put the lives of innocent victims in jeopardy.  The seriousness of the defendant's conduct militates forcefully in favor of a significant Guidelines range sentence.

<u>Second</u>, a substantial sentence is necessary to afford adequate deterrence to the defendant and others similarly situated, and to protect the public from further criminal conduct. <u>See</u> 18 U.S.C. §§ 3553(a)(2)(B) and (C). In committing the offense conduct in this case, the defendant has proven capable and willing to participate in violent and dangerous conduct with others. A substantial sentence is necessary to deter the defendant from future criminal activity and to protect the public from this defendant's further criminal conduct. Furthermore, a substantial Guidelines sentence that reflects the seriousness of the instant offense is necessary to deter others from committing similar crimes in the future.

**B.      The Defendant's Arguments for a Below-Guidelines Sentence Are Unavailing.**

The defendant asks this Court to impose a below-Guidelines sentence of imprisonment. (Def. Mem. at 3). In support of this request, the defendant details his personal background and family history, and argues that the "Guidelines calculation does not fully take into account Mr. Brown's diminished culpability" because "the defendant was not aware that the victims would be abducted when he agreed to participate in the offense," and "he did not personally carry or brandish a firearm." (Def. Mem. at 3). The Government respectfully submits that these reasons do not justify any departure from the Guidelines range in this case.

<u>First</u>, while the Government is sympathetic to the defendant's personal circumstances, which are difficult, they do not diminish the seriousness of his conduct or obviate the need for a punishment within the applicable Guidelines range.

<u>Second</u>, the defendant's argument that the Guidelines do not appropriately reflect his culpability is flatly contradicted by the record. While the defendant may not have continued participating in the abduction and robbery of the victims once Glisson and Brown took the male victim out of the defendant's home, his role as the informant to the robbery crew was a crucial

one.  Furthermore, any adjustment for the defendant's knowledge of or participation in the victims' abduction is reflected in the agreed-upon Guidelines calculations, which do not apply the abduction enhancement, pursuant to U.S.S.G. § 2B3.1(b)(4)(A), to this defendant.  As for the defendant's role in the offense, the defendant was the only reason why the robbery crew knew where to initiate the robbery of the male victim.  The defendant provided his co-conspirators with a safe place to initiate the robbery—his own home.   The defendant planned the location and the timing.  The Government respectfully submits that any adjustment for the defendant's role in this violent crime is adequately reflected in the agreed-upon minor role adjustment, and no additional considerations are warranted.  Finally, while the defendant may not personally have held the firearms that were used during the course of the robbery, he certainly did not prevent his co-conspirators from using the firearms, and he cannot—and does not—argue that he did not foresee that his co-conspirators would use firearms to carry out the robbery.

      The defendant's actions caused serious suffering to victims whose lives and family members were threatened in the course of the robbery.  A substantial Guidelines sentence is necessary to adequately punish this defendant.

## CONCLUSION

For the foregoing reasons, the Government respectfully submits that a substantial sentence within the Guidelines range of 37 to 46 months' imprisonment is appropriate here and would be sufficient, but not greater than necessary, to serve the legitimate purposes of sentencing.

Dated: January 8, 2015  
      New York, New York

Respectfully submitted,

PREET BHARARA  
United States Attorney

By: _____  
Negar Tekeei  
Assistant United States Attorney  
(212) 637-2482