UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
    UNITED STATES OF AMERICA,

                 -against-                      13 Crim. 345 (LGS)

    ANTOINE CHAMBERS,                    ORDER
                             Defendant.
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendant mailed the letters attached as Exhibits A, B and C to Chambers. It is hereby

**ORDERED** that, by **January 20, 2021**, the Government shall file a responsive letter. It is further

**ORDERED** that, by **January 15, 2021**, the Government shall transmit a copy of this Order to pro se Defendant.

Dated: January 12, 2021
       New York, New York

                                            _____
                                            LORNA G. SCHOFIELD
                                            UNITED STATES DISTRICT JUDGE

# EXHIBIT A

United States District Court
Southern District of New York
- - - - - - - - - - - - - - - - - - - X

Antoine Chambers,
    petitioner

    v

United States of America,
    Respondent
- - - - - - - - - - - - - - - - - - - X

Docket No.
13 cr 345 (LGS)

Motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)

    Comes now the petitioner, Antane Chambers, pro-se, in the above captioned matter, respectfully moving the court to reduce or otherwise modify the petitioners sentence under the Compassionate Release statute pursuant to 18 U.S.C. § 3582(c)(1)(A) for extraordinary and compelling reasons.

    In support of this request, the petitioner submits the following.

### 1 Motion pursuant to 18 U.S.C. § 3582(c)(1)(A)

    Courts now have the authority to reduce petitioners sentences based on extraordinary and compelling circumstances, as presented here, even without the consent of the United States Attorney or a motion from the Bureau of Prisons.

    First, the jurisdiction to hear this motion is statutorily vested in this court because more than 30 days have passed since prison personell ... more specifically the Warden ... has received the petitioners request and

-1-

the Director of the BOP has not filed a motion with this Court.

Second, changes to 18 U.S.C. § 3582(c)(1)(A)(i) made by the First Step Act have finally vested the Court with the authority to decide when extraordinary and compelling circumstances warrant a reduction in sentence.

Third, the circumstances presented here, cry out for a sentence reduction.

### A. This Court has Jurisdiction to Grant release or otherwise modify this petitioners sentence for "Extraordinary and Compelling Reasons."

The Compassionate release statute was first enacted as part of the Comprehensive Crime Control act of 1984. It provided that a district court could not modify a final term of imprisonment except in four (4) situations, one of which was the existance of "extraordinary and compelling" reasons, warranting the reduction, as determined by the Sentencing court. But, although the courts had the final decision-making authority over whether a sentence would be reduced, the statute imposed a gate keeper — that authority could be invoked only upon a motion by the Director of the BOP. Without such a motion, sentencing courts were powerless to reduce a prisoner's sentence, even if the court concluded that extraordinary and compelling reasons warranted the reduction.[1]

---

[1] 18 U.S.C. § 3582(c)(1)(A)(i); P.L. 98-473 (HJRes 648) P.L. 98-473, 98 Stat. 1837 (October 12, 1984)

That changed when Congress enacted the First Step Act, which amended § 3582(c)(1)(A).[2] Under the amended statute, a court can now reduce a sentence for extraordinary and compelling reasons in two (2) circumstances...

  ... (i) if the Director of the BOP files a motion requesting such relief, or

  (ii) "upon a motion of the defendant," if the defendant has fully exhausted all administrative remedies to appeal the BOP's failure to bring a motion, or if 30 days has lapsed "from the receipt of such a request by the warden of the defendant's facility... whichever is earlier.[3] (Emphasis added)

As earlier noted, the petitioner submitted his request on October 8, 2020. As of the date of that request, the BOP has not filed a motion in this Court on the petitioner's behalf. Accordingly, this petitioner is entitled to bring his motion directly to the Court pursuant to 18 U.S.C. § 3582(c)(1)(A) and this court is vested with the jurisdiction to render an opinion on the requested relief.

---

[2] P.L. 115-391, 132 Stat. 5194 at §603 (December 21, 2018)

[3] United States v Cantu-Rivera, No. CR H-89-204, 2019 WL 2578272 at *1 (S.D. Tex June 24, 2019) (Defendants petition meets the requirement of 30 days lapse from the receipt of the warden of the facility.

See also United States v Cantu, No. 1:05-CR-458-1, 2019 WL 2498923 at *3