UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | : | 13 Cr. 345-3 (LGS) |
| -against- | : | ORDER |
| ANTIONE CHAMBERS, Defendant. | : | |

LORNA G. SCHOFIELD, District Judge:

**Background**

WHEREAS, on October 10, 2014, Defendant was convicted of conspiracy to commit and the substantive crime of Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and kidnapping, in violation of 18 U.S.C. §§ 1201-02, and on December 21, 2015, was sentenced to a below-Guidelines sentence of 240 months imprisonment. Dkt. No. 254.

WHEREAS, on January 13, 2016, Defendant appealed (Dkt. No. 257), and on March 30, 2017, the Second Circuit affirmed Defendant's conviction, *United States v. Chambers*, 681 F. App'x 72, 75 (2d Cir. 2017). On April 12, 2017, Defendant filed a petition for panel rehearing, or in the alternative, for rehearing *en banc*, which the Second Circuit denied. Order, *United States v. Chambers*, No. 16-163, Dkt. No. 90 (2d Cir. May 22, 2017).

WHEREAS, on August 22, 2017, Chambers filed a petition for *writ of certiorari*, renewing his claim that the Government violated his Fourth Amendment rights by acquiring historical cell-site data, and on June 28, 2018, the United States Supreme Court granted the petition for *writ of certiorari*, vacated the Second Circuit's judgment and remanded the case to the Second Circuit "for further consideration in light of" *Carpenter v. United States*, 138 S. Ct. 2206 (2018). *Chambers v. United States*, 138 S. Ct. 2705 (2018).

WHEREAS, on September 21, 2018, the Second Circuit again affirmed Defendant's

conviction. *United States v. Chambers*, 751 F. App'x 44, 46 (2d Cir. 2018) (summary order), *cert denied*, 139 S. Ct. 1209 (2019).

WHEREAS, the President of the United States has declared a national emergency due to the spread of the COVID-19 virus.

WHEREAS, Defendant is confined at the Federal Correctional Institution, Bennettsville in South Carolina ("FCI Bennettsville"), where, as of February 19, 2021, of the approximately 1323 total inmates, five had active cases of COVID-19 and, as of February 19, 2021, 123 inmates had received both doses of the COVID-19 vaccine. *See COVID-19*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus (last visited Feb. 19, 2021).

WHEREAS, Defendant is an African American male who is thirty-five years old. On January 21, 2021, he was diagnosed with optic neuritis and on January 26, 2021, he completed a six-day course of prednisone. A lab test to determine whether this medical condition is associated with other medical issues is pending. Defendant's treating physician is monitoring the condition. Dkt. No. 285.

WHEREAS, Defendant has served approximately ninety months of his 240-month sentence.

WHEREAS, on January 12, 2021, the Court received Defendant's *pro se* letter motion for compassionate release or modification of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), based on extraordinary and compelling circumstances including (1) Defendant's health, (2) conditions of confinement, (3) the COVID-19 pandemic and (4) intervening changes in law that affect Defendant's sentence (the "Motion"). Dkt. No. 281. Because Defendant filed his initial Motion *pro se* (Dkt. No. 281), the Court has liberally interpreted his submission "to raise the strongest arguments that [it] suggest[s]." *Williams v. Annucci*, 895 F.3d 180, 187 (2d Cir. 2018).

WHEREAS, on January 15, 2021, Joshua L. Dratel, Esq., filed a letter requesting that the Court appoint him to represent Defendant in connection with the Motion (Dkt. No. 282), and the Court granted such request (Dkt. No. 283).

WHERAS on January 27, 2021, Defendant, represented by counsel, filed a supplemental letter in support of the Motion (Dkt. No. 284); on February 11, 2021, the Government filed an opposition (Dkt. No. 285); and on February 17, 2021, Defendant filed a reply (Dkt. No. 286).

**Exhaustion of Administrative Remedies**

WHEREAS, a defendant may move to reduce his sentence only after exhausting "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).

WHEREAS, the BOP has informed the Government that it does not have any record of a request for compassionate release from Defendant. Dkt. No. 285. However, Defendant contends that he submitted his request on October 8, 2020. Dkt. No. 286.

WHEREAS, the Court need not resolve this issue because, even if Defendant has exhausted his administrative remedies, he has not shown extraordinary and compelling reasons warranting release or reduction of his sentence or that the factors set forth in § 3553(a) support reduction of his sentence.

**"Extraordinary and Compelling Reasons"**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A)(i) provides that a court "may reduce the term of imprisonment" only if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The relevant Sentencing Commission Policy Statement, U.S.S.G.

§ 1B1.13 ("Policy Statement"), provides that a court may reduce a term of imprisonment if three conditions are met: (i) extraordinary and compelling reasons warrant the reduction, *id.* § 1B1.13(1)(A); (ii) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), *id.* § 1B1.13(2); and (iii) the reduction is consistent with this policy statement, *id.* § 1B1.13(3); *accord United States v. Gotti*, 433 F. Supp. 3d 613, 615 (S.D.N.Y. 2020). The Application Notes to the Policy Statement provide in relevant part that "extraordinary and compelling reasons" exist where the defendant "is suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, Application Note 1(A).

WHEREAS, Defendant bears the burden of proving that extraordinary and compelling reasons exist to justify his request for a sentence reduction. *United States v. Perez*, 451 F. Supp. 3d 288, 291 (S.D.N.Y. 2020).

WHEREAS, the Centers for Disease Control ("CDC") has stated that "adults of any age" who are in an "[i]mmunocompromised state (weakened immune system) from . . . use of corticosteroids, or use of other immune weakening medicines . . . might be at an increased risk for severe illness from the virus that causes COVID-19." *COVID-19: People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION (Feb. 3, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (the "CDC Guidance").

WHEREAS, the CDC has stated that "[t]here is increasing evidence that some racial and ethnic minority groups [including African Americans] are being disproportionately affected by COVID-19," and that, "[i]nequities in the social determinants of health, such as poverty and

healthcare access, affecting these groups are interrelated and influence a wide range of health and quality-of-like outcomes and risks." *COVID-19: Health Equity Considerations and Racial and Ethnic Minority Groups*, CENTERS FOR DISEASE CONTROL AND PREVENTION (Feb. 12, 2021), https://www.cdc.gov/coronavirus/2019-ncov/community/health-equity/race-ethnicity.html.

WHEREAS, Courts have also recognized that individuals in confinement settings may be at a "heightened risk of contracting COVID-19." *United States v. Stephens*, 447 F. Supp. 3d 63, 65 (S.D.N.Y. 2020).

WHEREAS, Defendant has not demonstrated the requisite extraordinary and compelling circumstances that warrant reducing his 240-month incarceratory sentence. Defendant is thirty-five years old and identifies one medical condition that he asserts justifies release due to the risks of COVID-19: "optic neuritis." Dkt. No. 284. Defendant completed a six-day course of a corticosteroid to treat this disorder, and Defendant's treating physician has advised that this short-term course is not likely to cause an immunosuppressive effect. Dkt. No. 285. Defendant has not provided any evidence that this medical condition puts him at increased risk for severe illness from COVID-19, or that Defendant has any additional, associated medical condition that would put him at increased risk for severe illness from COVID-19. In addition, Defendant's medical records show that his condition is being monitored and treated. *See United States v. Hasan-Hafez*, 16 Cr. 221-2, 2020 WL 2836782, at *4 (S.D.N.Y. June 1, 2020) (finding no extraordinary and compelling circumstances where BOP managed defendant's "various co-morbidities that the CDC has recognized as presenting an increased risk" of severe complications with COVID-19).

WHEREAS, that Defendant is African American is not sufficient to warrant release or reduction of his sentence. During his incarceration, Defendant "is not exposed to many of the inequities identified by the CDC, such as poor access to healthcare or exposure to the virus

related to occupation." *See United States v. Pabon*, No. 17 Cr. 312, 2021 WL 603269, at *4, n.3 (S.D.N.Y. Feb. 16, 2021).

WHEREAS, Defendant's risk of exposure to COVID-19 is not sufficiently high to warrant release, particularly given that FCI Bennettsville has only five active inmate cases of COVID-19.

WHEREAS, lockdowns and limitations in programming do not constitute extraordinary and compelling justification for release, particularly where a reduction in sentence would undermine the purposes of the sentencing as set forth in 18 U.S.C. § 3553(a). *United States v. Padilla*, No. 18 Cr. 454-6, 2021 WL 242463, at * 2 (S.D.N.Y. Jan. 25, 2021) (explaining that lockdowns and limitations in programming were not sufficient justifications for release and that the court would "not force the BOP into the Hobson's choice of deciding between public health measures and educational programming").

WHEREAS, even if conditions at FCI Bennettsville were an extraordinary and compelling justification for release, for the reasons explained below, the § 3553(a) factors would outweigh that justification.

**Sentencing Factors Under Section 3553(a)**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A) requires a court to consider the factors set forth in § 3553(a) in considering whether to reduce a term of imprisonment. These factors include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or

other correctional treatment in the most effective manner;" (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" (4) the sentencing guidelines; and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). While these factors serve as guidelines, a court may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

WHEREAS, the factors set forth in section 3553(a) do not support a reduction in Defendant's sentence. The serious nature of the offense, Defendant's history and the need for deterrence and non-recidivism remain unchanged. During the sentencing hearing, the Court considered that Defendant played a substantial role in the robbery and kidnapping, as he was "the person who abducted the female victim and went with her into her mother's house where both her mother and daughter were, to force her to retrieve her husband's money," and was "the one who wielded the hammer [and] not only threatened but according to the evidence, beat the male victim with the hammer." Dkt. No. 285-1, 29-30. In addition, the Court considered (1) that Defendant committed these crimes while on federal supervised release, and (2) that while incarcerated pending the trial in this case, Defendant had multiple infractions. The Court also considered that Defendant is a career offender with four prior convictions including (1) a 2001 conviction for grand larceny; (2) a 2005 conviction for conspiracy to commit burglary; (3) a 2006 conviction for distribution and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and (4) a 2010 conviction for use of a communication facility to facilitate drug trafficking, in violation of 21 U.S.C. § 843(b). Dkt. No. 253. When imposing Defendant's 240-month sentence, the Court stated that "a substantial sentence is

important to promote respect for the law and deter, particularly [Defendant], from committing similar offenses," and "to protect society from further crimes." Dkt. No. 285-1, 34. Reducing Defendant's sentence or releasing Defendant when he has served only slightly more than one-third of his sentence, would not reflect the seriousness of Defendant's offenses, afford adequate deterrence to criminal conduct or protect the public from further crimes of Defendant. *See United States v. Cook*, 13 Cr. 777, 2020 WL 7248973, at *2 (S.D.N.Y. Dec. 9, 2020) (declining to grant compassionate release amidst the COVID-19 pandemic, where Defendant had served only slightly more than one-third of his sentence and finding that release would "cut strongly against . . . promoting respect for the law, providing a just punishment, and deterring [defendant] and others from engaging in this type of behavior in the future").

**Intervening Changes of Law**

WHEREAS, pursuant to the United States Sentencing Commission Guidelines Manual (the "Guidelines"),

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

WHEREAS, the Guidelines provide that,

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).

WHEREAS, the Court treated Defendant as a career offender because the kidnapping offense qualified as a "crime of violence," pursuant to U.S.S.G. § 4B1.2(a) and Defendant met the other requirements of U.S.S.G. § 4B1.1.

WHEREAS, the Guidelines range for Defendant's sentencing -- 360 months to life imprisonment -- was based on Defendant's kidnapping offense and classification as a career offender, which led to an offense level of thirty-seven pursuant to U.S.S.G. § 4B1.1, rather than a lower level career offender offense level pursuant to § 4B1.1(b).  Dkt. No. 253.

WHEREAS, Defendant contends that based on *Johnson v. United States*, 576 U.S. 591 (2015), classifying his kidnapping offense as a "crime of violence," and establishing a Guidelines range based on that classification, was a violation of his Fifth Amendment rights because the definition of "crime of violence" under the Guidelines is unconstitutionally vague.  Dkt. No. 281.

WHEREAS, in *Johnson v. United States*, the Supreme Court held that the residual clause of the Armed Career Criminal Act of 1984 (the "ACCA"), stating that a "violent felony," is one that "involves conduct that presents a serious risk of physical injury to another," is unconstitutionally vague.  596 U.S. at 597.  The court based its holding on both the Fifth Amendment, providing that "[n]o person shall . . . by deprived of life, liberty, or property, without due process of law," and related jurisprudence, establishing that "the Government violates this guarantee by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement."  *Id.* at 595.

WHEREAS, the holding in *Johnson* is limited to sentences imposed under the residual clause of the ACCA.  *Nunez v. United States*, 954 F.3d 465, 469-70 (2d Cir. 2020) ("Johnson did

not itself render the residual clause of the mandatory Career Offender Guideline vague, as required for Section 2255 purposes . . . *Johnson* by its own terms addresses only the ACCA.")

WHEREAS, the Supreme Court explained that, "the Guidelines are not subject to a vagueness challenge under the Due Process Clause," because "the advisory guidelines do not fix the permissible range of sentences . . . [but] merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Beckles v. United States*, 137 S. Ct. 886, 892 (2017). Accordingly, the intervening law does not impact the conclusion that Defendant's kidnapping offense "involve[d] conduct that present[ed] a serious potential risk of physical injury to another," and qualified as a "crime of violence" under the Guidelines. It is hereby

**ORDERED** that Defendant's motion for compassionate release or, in the alternative, reduction of his sentence is **DENIED**.

Dated: February 22, 2021
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**