```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                              :
UNITED STATES OF AMERICA                      :
                          Plaintiff,          :    13 Crim. 345-3 (LGS)
                                              :
           -against-                          :    ORDER
                                              :
ANTIONE CHAMBERS,                             :
                          Defendant.          :
                                              :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendant, proceeding *pro se*, moves for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government opposes the motion. For the reasons below, the motion is denied.

**Background**

WHEREAS, on October 10, 2014, following a jury trial, Defendant was convicted of three charges: (1) committing a Hobbs Act robbery, in violation of 18 U.S.C. § 1951, (2) conspiring to commit such a robbery and (3) kidnapping, in violation of 18 U.S.C. §§ 1201-02. On December 21, 2015, Defendant was sentenced principally to 240 months' imprisonment on each charge, to run concurrently.

WHEREAS, Defendant appealed his conviction, which the Second Circuit affirmed, *United States v. Chambers*, 681 F. App'x 72, 82 (2d Cir. 2017) (summary order). Defendant sought a rehearing, which was denied. *See* Order, *United States v. Chambers*, No. 16-163, Dkt. 90 (2d Cir. May 22, 2017). Chambers petitioned for a writ of certiorari, arguing that the Government had violated his Fourth Amendment rights by acquiring historical cell-site data. *See United States v. Chambers*, 751 F. App'x 44, 45 (2d Cir. 2018) (summary order) (describing case history). The United States Supreme Court granted the petition, vacated the Second Circuit's

judgment and remanded the case to the Second Circuit "for further consideration in light of" *Carpenter v. United States*, 138 S. Ct. 2206 (2018). *Chambers v. United States*, 138 S. Ct. 2705 (2018). On remand, the Second Circuit again affirmed Defendant's conviction. *Chambers*, 751 F. App'x at 48. In December 2018, Defendant again filed a petition for writ of certiorari, which was denied. *Chambers v. United States*, 139 S. Ct. 1209 (2019).

WHEREAS, in January 2021, Defendant moved for compassionate release or modification of his sentence under 18 U.S.C. § 3582(c)(1)(A). The basis for the motion was asserted extraordinary and compelling circumstances, including (1) his health, (2) the conditions of confinement, (3) the COVID-19 pandemic and (4) intervening changes in law that affect Defendant's sentence. In February 2021, the motion was denied.

WHEREAS, in February 2020, Defendant filed a habeas petition seeking his release under 18 U.S.C. § 2255. Defendant argued that the Government had violated its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and that he had been improperly sentenced as a career offender pursuant to the United States Sentencing Guidelines. In November 2021, the petition was denied.

WHEREAS, on March 7, 2023, Defendant filed the instant motion for a sentence reduction based on asserted extraordinary and compelling circumstances. Because Defendant proceeds *pro se*, his submissions are liberally construed "to raise the strongest arguments that they suggest." *Barnes v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023).[1]

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

**Standard**

WHEREAS, a court "may reduce the term of imprisonment" only if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The relevant Sentencing Commission policy statement provides three conditions that must be met for a sentence reduction: (i) extraordinary and compelling reasons warrant the reduction, (ii) the defendant is not a danger to the safety of any other person or to the community and (iii) the reduction is consistent with the policy statement. U.S.S.G. § 1B1.13(1)-(3); *see United States v. Gotti*, 433 F. Supp. 3d 613, 615 (S.D.N.Y. 2020). As relevant here, "extraordinary and compelling reasons" exist when the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, Application Note 1(A). Defendant bears the burden of proving that extraordinary and compelling reasons exist. *United States v. Perez*, 451 F. Supp. 3d 288, 291 (S.D.N.Y. 2020).

**Intervening Change in Law**

WHEREAS, Defendant argues that intervening Second Circuit law means that he was erroneously sentenced as a career offender. Under the sentencing guidelines, a defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense" to qualify as a career offender, among other requirements. U.S.S.G. § 4B1.1(a). To determine whether an offense with an indivisible set of elements qualifies as a crime of violence or a controlled substance offense, courts look to the categorical approach, in which a court "compare[s] the elements of the statute forming the basis of the defendant's conviction with the elements of the generic crime." *Descamps v. United States*, 570 U.S. 254, 257 (2013); *accord*

3

*United States v. Thrower*, 914 F.3d 770, 774 (2d Cir. 2019).  In *United States v. Maldonado*, 636 F. App'x 807 (2d Cir. 2016) (summary order), the Second Circuit held that 21 U.S.C. § 843(b) is indivisible and that it is categorically more inclusive than a "controlled substance offense" for purposes of U.S.S.G. § 4B1.2(b).  *Id.* at 811-12.  The court held that, because the statute "is broader than the generic offense laid out in the Guidelines," conviction under § 843(b) cannot count as a predicate offense towards Career Criminal status under U.S.S.G. § 4B1.1.  *Id.* at 812.  Defendant argues that because one of his prior convictions was for 21 U.S.C. § 843(b), he was erroneously sentenced using a Guidelines range that reflected a career offender enhancement.

WHEREAS, Defendant has not established an intervening change in law that constitutes an extraordinary and compelling reason to reduce his sentence.  *Maldonado* is not a change in law because it is a Summary Order, which by its terms does not have precedential effect.  Even if *Maldonado* were precedential, because the decision came after Chambers' sentencing, the Court retains discretion to determine what weight, if any, to give any change in law on a motion for sentence reduction.  *See United States v. Moore*, 975 F.3d 84, 92 n.36 (2d Cir. 2020) (finding that a district court is "not obligate[d] . . . to consider post-sentencing developments" to re-calculate a defendant's Guidelines range and "retains discretion to decide what factors are relevant as it determines whether and to what extent to reduce a sentence"); *cf. United States v. Lopez*, 523 F. Supp. 3d 432, 438-39 (S.D.N.Y. 2021) (reducing defendant's sentence, but noting the case was "distinctive" because "the Guidelines error is one that the government and the Court should have detected at or prior to sentencing" and "[i]t does not turn on the retroactive application of new legal principles").  Here the *Maldonado* decision is given slight weight because, at sentencing, the Court carefully considered Defendant's prior offenses and their relevance to his sentence, independent of their impact on his classification as a Career Offender.  Of note was that Defendant had two prior convictions related to drug trafficking.  Of lesser importance, but still

relevant was that Defendant was being sentenced for conduct also related to drug trafficking; the male victim apparently was known by Defendant to be a drug dealer who likely would have cash and would be unlikely to report a robbery to the police. Also, defense counsel argued at length in his sentencing submission that the Career Offender enhancement was unwarranted, both as a general matter and as applied to Defendant. At sentencing, the Court stated on the record what the Guidelines range would have been without the enhancement and imposed a below-Guidelines sentence within the range that would have applied without the enhancement.

**Trial Penalty and Sentencing Disparity**

WHEREAS, Defendant argues his sentence reflects a "trial penalty" that constitutes an extraordinary and compelling circumstance warranting a sentence reduction. First, Defendant argues that his sentence reflects a trial penalty because his Guidelines offense level did not reflect a reduction under § 3E1.1, which applies to defendants who "clearly demonstrat[e] acceptance of responsibility." This argument fails because these Guidelines reductions do not apply to defendants who proceed to trial to assert their innocence. *See* U.S.S.G. § 3E1.1, Application Note 2 ("This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse."). Defendant's defense at trial was that he was not "the guy," and he did not admit guilt or express remorse at sentencing. Although he unquestionably was entitled to put the Government to its proof, he was not entitled to a lesser sentence for acceptance of responsibility.

Second, Defendant argues that the disparity between his sentence of 240 months' imprisonment and his co-Defendant Steven Glisson's sentence of 97 months' imprisonment reflects a trial penalty. This argument is unpersuasive because Glisson's sentence reflects his substantially lower Guidelines range of 78 to 97 months' imprisonment, which in turn reflects a

lesser criminal record, a less serious offense and acceptance of responsibility. *See United States v. Araujo*, 539 F.2d 287, 292 (2d Cir. 1976) ("A show of lenience to those who exhibit contrition by admitting guilt does not carry a corollary that the Judge indulges a policy of penalizing those who elect to stand trial."); *accord United States v. Platt*, 715 F. App'x 80, 82 (2d Cir. 2018) (summary order). As discussed below, Glisson's offense conduct was significantly less serious than Defendant's.

WHEREAS, Defendant argues that an unwarranted "sentencing disparity" compared to his co-defendant Glisson constitutes an extreme and compelling circumstance justifying a reduction of sentence. The difference is not unwarranted. As noted at sentencing, Defendant's sentence reflects that Defendant had a "much more serious role" in the offense than his co-Defendant. Defendant's prior criminal history, his perpetration of the offense while on federal supervised release and his multiple disciplinary infractions while in pre-trial detention also distinguished Defendant from his co-defendant. Further, the difference between Defendant's sentence and national median sentences imposed on defendants who committed kidnapping or other violent crimes is not an extraordinary and compelling circumstance warranting a sentence reduction. *See United States v. Rodriguez*, 492 F. Supp. 3d 306, 315 (S.D.N.Y. 2020) (rejecting argument for a reduction in defendant's sentence to the median sentence for murder in federal court, because the defendant's crime "was not the average murder").

**Access to Healthcare**

WHEREAS, Defendant's medical condition and the care he is receiving from the Bureau of Prisons ("BOP") and outside medical professionals do not give rise to extraordinary and compelling circumstances that would warrant a reduction of sentence. On January 21, 2021, Defendant was diagnosed with optic neuritis. According to Defendant's BOP medical records, Defendant is regularly being treated by the BOP and outside medical professionals for his optic

neuritis and other medical concerns. His medical needs do not rise to the level of extraordinary and compelling circumstances justifying a reduction in sentence. *See* U.S.S.G. § 1B1.13, Application Note 1 (describing qualifying medical conditions as "a serious and advanced illness with an end of life trajectory").

**Remaining Arguments**

WHEREAS, the conditions of Defendant's incarceration do not constitute extreme and compelling circumstances warranting a reduction of sentence. Defendant notes the presence of black mold, the inadequacy of food service, respiratory illnesses suffered by Defendant and other inmates and the lasting impact of COVID-19 at the prison where he is incarcerated. These conditions do not rise to the level of extraordinary and compelling circumstances warranting a sentence reduction. *See, e.g.*, *United States v. Bush*, No. 18 Crim. 907, 2021 WL 199618, at *2 (S.D.N.Y Jan. 20, 2021) (stating that while BOP "facilities may not be perfect, any mere imperfections do not mandate a finding of extraordinary and compelling circumstances in this case").

WHEREAS, in connection with the motion, Defendant filed letters of support from family and friends. These letters emphasize that Defendant is missed and needed by his family and describe the positive impact Defendant has had on the letter writers' lives and his ability to lead a productive life in the community. The letters describe Defendant's rehabilitation and remorse for his crimes. Defendant's cousin, an employee of the New York City Department of Education, writes that he has used a letter Defendant wrote to his family as an educational tool in his work.

WHEREAS, the hardship of Defendant's incarceration on his children and family members does not rise to the level of extraordinary and compelling circumstances warranting a reduction of sentence. Defendant has made no showing that his family members are unable to care for themselves or for his children without him. *See United States v. Cajigas*, No. 08 Crim.

391, 2020 WL 6625210, at *3 (S.D.N.Y. Nov. 11, 2020) (denying motion for early release because defendant made no showing that his fiancé was unable to care for their daughter without him); *United States v. Yoda*, No. 15 Crim. 95, 2020 WL 5502325, at *3 (S.D.N.Y. Sept. 11, 2020) (finding that a defendant who moved for compassionate release to care for his father had not established extraordinary and compelling circumstances when his "father d[id] not appear to depend exclusively on [the defendant] for care at this time").

**Sentencing Factors Under Section 3553(a)**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A) requires a court to consider the factors set forth in § 3553(a) in considering whether to reduce a term of imprisonment. Those factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed --
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>  . . .
> (5) [the Sentencing Guidelines]
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). While these factors serve as guidelines, a court may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

WHEREAS, the factors set forth in § 3553(a) do not support a reduction in Defendant's sentence. Defendant's sentence reflects consideration of all relevant factors in the case. Only the recent history and characteristics of Defendant have changed. While Defendant's efforts at rehabilitation are laudable, they are insufficient to warrant a sentence reduction when weighed

against the other § 3553(a) factors, particularly the seriousness of the offense, the need to promote respect for the law and just punishment for the crime, as well as general and specific deterrence. *See, e.g.*, *United States v. Cook*, No. 13 Crim. 777, 2020 WL 7248973, at *2 (S.D.N.Y. Dec. 9, 2020) (declining to grant compassionate release when release would "cut strongly against . . . promoting respect for the law, providing a just punishment, and deterring [defendant] and others from engaging in this type of behavior in the future"). Defendant's remaining arguments, including that his sentence reflects racial bias, that federal sentences are unduly harsh and that adverse childhood experiences diminish his culpability, fail for the reason that Defendant's sentence reflects a holistic review of the factors listed above. It is hereby

**ORDERED** that Defendant's motion is **DENIED**.

The Clerk of Court is respectfully directed to mail a copy of this Order to Defendant and to close the motion at Dkt. No. 294.

Dated: October 13, 2023
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**